UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JAN -8  P 2: 44
US DISTRICT COURT
BRIDGEPORT CT

HADLEY MACPHERSON EGAN         :
              Plaintiff        :
                               :   CIVIL ACTION NO.
                               :   3-02-cv-1973(JCH)
                               :
DR. JOHN PERSING, ET AL        :   JANUARY 8, 2004
              Defendants       :

## RULING

Pending before this court is plaintiff's tenth request for extension of time to respond to Motion to Dismiss [Dkt. No. 22]. Plaintiff commenced this action by Complaint on November 6, 2002. On March 26, 2003, the defendants moved to dismiss the action. [Dkt. No. 4]. The court issued a Notice to Pro Se Litigant on April 4, 2003, setting April 28, 2003 as the deadline for responding to the Motion to Dismiss. [Dkt. No. 8].

Plaintiff then filed her first Motion to Extend on April 14, 2003, which the court granted. [Dkt. No. 9]. This set the time to oppose the Motion to Dismiss as May 25, 2003. No opposition having been filed, the plaintiff moved again on June 25, 2003 to extend the time until July 25, 2003, which Motion was granted. [Dkt. No. 11]. The plaintiff again moved to extend the time on July 24, 2003, which the court granted. [Dkt. No. 13]. On August 28, 2003 the plaintiff moved yet again to extend the time, which the court granted. [Dkt. No. 14]. Since that date, the plaintiff has filed six additional motions

to extend, all of which but the last, have been granted by this court. [Dkt. Nos. 15, 16, 17, 18, 20 and 22].

As indicated above, pending before this court is the plaintiff's latest request [Dkt. No. 22], filed on December 16, 2003, to extend the time to respond to the defendants' Motion to Dismiss from December 15, 2003 to December 20, 2003. Although two weeks have passed since the requested extended date, plaintiff has yet to file any opposition to the Motion to Dismiss.

While the court appreciates the fact that the plaintiff is pro se; has had a number of medical issues; and apparently is traveling from Pennsylvania each time to make her filings, and has had some weather and travel issues, there is a point at which the plaintiff must respond to the Motion to Dismiss or the court will consider said motion without opposition from the plaintiff. The plaintiff has commenced this action, and the defendants are entitled to defend this case, including to have their Motion to Dismiss heard in a timely fashion.

The court notes that in her latest Motion to Extend, the plaintiff points to the fact that she has recently received records, or is seeking further discovery concerning her medical records from the defendant hospital. Her recent receipt of this voluminous amount of documentation is part of the reason she cites as the cause for her inability to file her opposition. The court would note for the pro se plaintiff's benefit that a motion to dismiss

- 2 -

does not require evidence of a documentary nature or otherwise. The question raised by such a motion is merely, does the Complaint state a cause of action?

The court will grant the plaintiff's Motion for Extension of Time [Dkt. No. 22], and further will extend the time for the plaintiff to file an opposition to January 24, 2004. The plaintiff is advised that **no further extensions** will be granted. If an opposition is not filed by January 24, 2004, the court intends to consider the defendants' Motion to Dismiss, without opposition.

SO ORDERED.

Dated at Bridgeport, Connecticut this 8th day of January, 2004.

Janet C. Hall
United States District Judge