UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HADLEY MACPHERSON EGAN | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3-02-cv-1973(JCH) |
| | : | |
| DR. JOHN PERSING, ET AL | : | FEBRUARY 24, 2004 |
| Defendants | : | |

**RULING ON DEFENDANTS' MOTION TO DISMISS [DKT. NO. 4]**

Plaintiff Lisa Egan, now known as Hadley MacPherson ("MacPherson"), filed this medical malpractice action on November 6, 2002, alleging that Dr. Persing performed facial cosmetic surgery in a manner inconsistent with plaintiff's consent and with the appropriate standard of care. She alleges claims against Persing, and his alleged employers, the Yale Medical Group, Yale New Haven Hospital, and Yale University.

Defendants moved to dismiss the Complaint on March 26, 2003 [Dkt. No. 4], on the ground that plaintiff had not filed the certificate of good faith required by Connecticut law in medical malpractice actions. In response, MacPherson filed an Amended Complaint on January 26, 2004,[1] and attached a document entitled "Certificate of Good Faith." [Dkt.

---

[1] The court issued a Notice to Pro Se Litigant on April 4, 2003, setting April 25, 2003 as the deadline for responding to the Motion to Dismiss. [Dkt. No. 8]. Plaintiff then filed twelve requests for extension of time. [Dkt. Nos. 9, 11, 12, 13, 14, 15, 16, 17, 18, 20, 22, and 24]. Having granted ten of these motions, the court finally issued an Order, advising the plaintiff that she must file her opposition by January 24, 2004, or the court would consider the motion to be without opposition. Plaintiff filed the Amended Complaint on January 26, 2004.

1

No. 25]. The motion is thus denied without prejudice.

## I.     BACKGROUND

MacPherson was referred to Persing by Yale New Haven Hospital for cosmetic surgery on her eyelids and nose. She alleges that she first met with Persing in his office at the Yale Physician Building at 800 Howard Avenue, New Haven, on October 23, 2000, and told him that she wished to have plastic surgery to remove excess skin above her eyes and below her eyebrows, and that she also wished to have a deviated septum repaired. Am. Compl. at ¶ 24-25.

Persing required her to undergo some preliminary physical tests before making any decisions about the surgery, and then met with her for a pre-operative consultation on November 27, 2000. At that meeting, Persing discussed with MacPherson her request to correct the deviated septum and also discussed a rhinoplasty to aesthetically alter the plaintiff's nose. Persing gave MacPherson a consent form, which contained a sentence about the plaintiff having been informed of the risks of the procedure. MacPherson claims that at no time was she informed of any risks or alternatives. Am. Compl. at ¶ 71.

MacPherson alleges that the actual result of the surgery was different in a variety of ways from what she had expected and been promised. She further claims that she suffered hair loss along the incision, and that the surgery created a permanent depression in her forehead. She alleges that there were alternatives to and risks of the brow lift of which she

2

was not made aware. Am. Compl. at ¶ 114-119. MacPherson also alleges that Persing's rhinoplasty was faulty in a number of ways, partly including because it resulted in a shorter nose, and partly because, after Persing discovered a congenital defect after surgery had begun, he "elevated plaintiff's nose and created a turned-up nose, in direct contravention to the aesthetic goals discussed and expressly agreed to," and resulting in a nose "more asymmetrical than it was before." Am. Compl. at ¶ 204-23. The plaintiff alleges two counts: Count 1, regarding the brow-lift, and Count 2, regarding the rhinoplasty. This court has jurisdiction based on diversity of citizenship.

## II. DISCUSSION

### A. Standard of Review

The court begins by noting:

> Since most pro se plaintiffs lack familiarity with the formalities of pleading requirements, we must construe pro se complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel . . . . In order to justify dismissal of the plaintiff['s] pro se complaint, it must be beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Lerman v. Bd. of Elections, 232 F.3d 135, 139-140 (2d Cir. 2000) (citations, footnote, and internal quotation marks omitted). In evaluating the plaintiffs' complaint, the court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in [the plaintiff's] favor." Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000) (citations omitted). The court must construe "pro se pleadings broadly, and interpret them

"to raise the strongest arguments that they suggest." Id. at 597. However, "bald assertions and conclusions of law will not suffice to state a claim." Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000), abrogated on other grounds, Swierkiewicz v. Solema N.A., 534 U.S. 506 (2002) (internal citations omitted).

    **B.**    **Conn. Gen. Stat. § 52-190a**

The defendants base their motion, aimed at the original Complaint, on MacPherson's failure to include a certificate of good faith as required by Conn. Gen. Stat. § 52-190a. Section 52-190a provides:

> (a) No civil action shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate of the attorney or party filing the action that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant. For the purposes of this section, such good faith may be shown to exist if the claimant or his attorney has received a written opinion, which shall not be subject to discovery by any party except for questioning the validity of the certificate, of a similar health care provider, as defined in section 52-184c, which similar health care provider shall be selected pursuant to the provisions of said section, that there appears to be evidence of medical negligence. In addition to such written opinion, the court may consider other factors with regard to the existence of good faith. If the court determines, after the completion of discovery, that such certificate was not made in good faith and that no justiciable issue was presented against a health care provider that fully cooperated in providing informal discovery, the court upon motion or upon its own initiative shall impose upon the person who signed such certificate or

>a represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee. The court may also submit the matter to the appropriate authority for disciplinary review of the attorney if the claimant's attorney submitted the certificate.

A federal court sitting in diversity must apply state substantive law and federal procedural law. See Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427 (1996); Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). The Second Circuit has called classifying a rule as substantive or procedural a "subtle undertaking." Com/Tech Communication Tech., Inc. v. Wireless Data Sys., 163 F.3d 149, 150 (2d Cir. 1998). In enacting tort reform in § 52-190a, however, the Connecticut legislature made a substantive choice to "discourage the filing of baseless [medical malpractice claims] against health care providers." Williams v. Nat'l R.R. Passenger Corp., 161 F. Supp. 2d 178, 181 (D. Conn. 1998) (quoting LeConche v. Elligers, 215 Conn. 701, 710 (1990)). This is the sort of substantive legislative limitation that is applicable in federal court. See DiAntonio v. Northampton-Accomack Mem. Hosp., 628 F.2d 287 (4th Cir. 1980) (requirement of the Virginia Medical Malpractice Act that prior notice be given to physician of intention to file medical malpractice action, and Act's provision for meditation and decision by panel of physician and lawyers, applied in federal court). Moreover, at least two courts in this district have recognized that § 52-190a applies in federal court diversity actions. See

Williams, 16 F. Supp. 2d at 181; Armao v. Am. Honda Motor Co., 917 F. Supp. 142 (D. Conn. 1996).

MacPherson included an attachment entitled "Certificate of Good Faith" with her Amended Complaint. The Certificate does not name a specific medical provider, but instead alleges, "[t]he plaintiff had appointment [sic] with four separate plastic and cosmetic surgeons in the months of March, April, and May of 2001, who all affirmed the plaintiff's belief that her suit was not frivolous and that she had a valid claim against the defendant's [sic]." She affirms that all four were "Board Certified, and are of good standing and the highest credentials," and are from Connecticut, Pennsylvania, and New Jersey.

The court's determination of good faith stretches beyond the face of the certificate. See LeConche, 215 Conn. at 708 (finding error in trial court's decision to dismiss case based solely on its examination of the plaintiffs' proposed certificate, without further factual inquiry into the extent of the plaintiffs' pre-complaint investigation). The statute does not mandate that the opinions must be in writing. Conn. Gen. Stat. § 52-190a ("such good faith may be shown to exist if the claimant . . . has received a written opinion. . . ."). However, the court has the authority to determine whether "the certificate was made in good faith and whether a justiciable issue as to liability was presented." Tautic v. Pattillo, 41 Conn. Supp. 169, 175 (1988).

The assurances of good faith offered by the plaintiff in her certificate indicate that MacPherson has satisfied the requirement that, prior to instituting suit, she had "a good faith belief that grounds exist[ed] for an action." See Conn. Gen. Stat. § 52-190a. Thus, the court denies the defendants' motion to dismiss. However, the court does so without prejudice to the defendants' raising the sufficiency of the certificate, i.e., its basis, at the conclusion of discovery. See Tautic, 41 Conn. Supp. at 175.

### III. CONCLUSION

For the reasons outlined above, defendants' Motion to Dismiss [Dkt. No. 4] is denied without prejudice to renew.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 24rd day of February, 2004.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge