disk

26

Motion is denied, without prejudice to renewal, based on failure of source. See Att'ys letter of 4/7/04
So Ordered.
CPB 4/13/04

FILED
2004 APR 14  P 9: 53
U.S. DISTRICT COURT
BRIDGEPORT. CONN

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____
LISA EGAN (a/k/a HADLEY MACPHERSON), :  2004 FEB 17  P 3: 06

Plaintiff,  :

v.  :    CASE NO. 302CV1973 (JCH)  JMS

YALE MEDICAL GROUP, YALE-NEW  :
HAVEN HOSPITAL, YALE PLASTIC  :
SURGERY and DR. JOHN PERSING,  :

Defendants.  :    FEBRUARY 17, 2004
_____:


## DEFENDANTS' MOTION TO DISMISS
## PURSUANT TO RULE 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Defendant, Yale-New Haven Hospital ("Hospital"), hereby moves to dismiss this action to the extent that plaintiff purports to assert a claim against it. In the Amended Complaint filed on January 26, 2004, the plaintiff alleges that the Hospital negligently failed to obtain her consent to surgery performed at the Hospital on December 6, 2000. As more fully set forth in the Memorandum submitted herewith, such a cause of action is not cognizable against a hospital under Connecticut law. Therefore, the Amended Complaint does not set forth a viable claim against the Hospital, and it should be dismissed.

The remaining defendants, Yale University (d/b/a Yale Medical Group and Yale Plastic Surgery), and Dr. John Persing move to dismiss the Second Count of the Amended Complaint on the grounds that it is identical to the First Count. In both Counts, the plaintiff alleges that these defendants negligently failed to obtain plaintiff's consent for cosmetic surgery performed by Dr. Persing on December 6, 2000. As more fully set forth in the Memorandum, there is no basis