**FILED**

# UNITED STATES DISTRICT COURT 2 P 3: 06

## DISTRICT OF CONNECTICUT
U.S. DISTRICT COURT
BRIDGEPORT, CONN

### AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | NO. 3:02CV1973 JCH |
| PLAINTIFF | |
| VS. | JUNE 2, 2004 |
| DR. JOHN PERSING | REQUEST FOR |
| and | EXTENSION OF TIME |
| YALE NEW HAVEN HOSPITAL | |
| and | CIVIL ACTION |
| YALE UNIVERSITY | |
| DEFENDANTS | |
| | JURY TRIAL DEMANDED |

# **REQUEST FOR EXTENSION OF TIME**

The plaintiff, Hadley Macpherson, respectfully requests and Extension of Time to submit her Memorandum of Law in response to the defendant's Motion to Dismiss.

The plaintiff was given until this past Friday, May 28, 2004 to submit her Memorandum of Law.

The plaintiff had previously requested the date of Friday, May 28, 2004, because she thought she would be driving back from North Carolina on Tuesday, May 25, 2004, having driven down to North Carolina on Sunday, May 25, 2004. The drive down however, took longer than expected, as the plaintiff was sick from the illness, and had to take breaks to sleep. The drive back was worse in that the plaintiff was more exhausted, as well as hit thunder storms, which necessitated sleeping in the car at a rest stop in Maryland on the evening of Tuesday, May 25, 2004, and not returning home until 11:00, am. Wednesday, May 26, 2004.

The vehicle that the plaintiff was driving was not her own, and the plaintiff's daughter, Rachel Egan, did not have permission to drive the vehicle on the journey, so she could not take over, particularly in high risk weather.

When the plaintiff had returned home, she attempted to finish the document as well as the others overdue in the other two cases, but was still very sick, and now exhausted from the trip.

The plaintiff's son, Loyal Egan, who had also gone on the trip, was now also physically worse from the virus that he himself had been combatting along with the plaintiff. Further, the length of drive in the car exacerbated his Dystonia, causing him to suffer more

discomfort from the tightness and cramping in his back and legs.

Unable to meet the deadline of Friday, May 28, 2004, the plaintiff, Hadley Macpherson, attempted to file this motion for Extension of Time, on the deadline date of Friday, May, 28, 2004, so that it would be filed before the time date had elapsed.

The plaintiff, too sick and exhausted to drive up safely herself, had a friend drive her up to the District Courthouse in Bridgeport, on Friday, May 28, 2004.

The plaintiff and her friend did not cross the Tappenzee Bridge until 3:14 p.m.. due to the holiday traffic which they had hit when they crossed into New Jersey from Pennsylvania earlier that day. (see Exhibit A - Tappenzee Toll Receipt - date and time)

The plaintiff, and her friend, did not reach the District Courthouse on Lafayette Street in Bridgeport, until 4:55 p.m.. The plaintiff knows the time exactly and accurately because she was frantically listening to the news radio time, as a result of the traffic jams which had resulted from everyone leaving early for the holiday weekend.

When the plaintiff pulled up in front of the District Courthouse on Lafayette Street, in Bridgeport, at 4:55, she ran for the front doors, only to find them prematurely locked.

The plaintiff could see a female guard inside the courthouse, who had a spray bottle in her hand and paper towel, and who was washing down all of the surfaces to the metal detectors and desk areas.

The plaintiff, realizing now that they had locked the door early as a result of the holiday, knocked to get the guards attention so that she could be let in to file her document upstairs in the file stamp box, as it was not yet 5:00 p.m., and she was entitled to do so until that time.

The female security guard ignored the plaintiff's knocks.

The plaintiff knocked again and attempted to call to the guard, stating that it was not yet 5:00. The guard looked over at the plaintiff and kept spraying the desk areas.

The plaintiff saw another guard walk by in the lobby and knocked again, thinking he might respond, at which time, the female guard came over and opened the door.

When the guard opened the door, she did not give the plaintiff a chance to speak but only said "You have to come back on Tuesday morning", and immediately closed and locked the door again.

The plaintiff, unable respond back, and thinking that if the guard realized that that the plaintiff had driven from Pennsylvania, and only wanted to drop the envelope in the box, knocked again.

The female guard who had gone back to spraying, continued to not respond.

Shortly thereafter, people came down the elevators and needed to leave the building, so the guard walked over to the doors to let them out. When she opened them, and the people came out, the plaintiff attempted to speak to the guard, saying that the doors had been closed early, that she had driven from Pennsylvania, and that she just needed to drop the envelope in the file box outside the clerk's office.

The guard told the plaintiff "If you don't leave now, I'm going to call the Bridgeport Police"

The plaintiff, shocked by the words, and immediately aware that she could be accused of some crime when she had done nothing but attempt to request to enter a Federal Building within its legal business hours, immediately pleaded to the guard not to take any police action, as the plaintiff had intended no harm, and was now leaving.

The plaintiff immediately went back to the car where her friend was waiting and

3

they started for home. After a few minutes the plaintiff realized that she would need proof of her having been to the District Courthouse that day at 5:00, so they turned the car around and went to the Dunkin Donuts on Lafayette Street in Bridgeport, and ordered coffee, receiving a printed reciept with a date and time stamped on it.

However, the cash register date and time mechanism was broken, so the date and time printed incorrectly. When the plaintiff spoke to the manager who was her waitress, regarding the date and time being incorrect, the manager personally signed the back of the receipt, and personally wrote the correct date and time, as she read it by the clock. The manager, Dorothy Rosado, whose name is on the Dunkin Donuts receipt, can verify that the plaintiff and her friend was there at just after 5:00 p.m. on Friday, May 28, 2004.  (Exhibit B - Dunkin Donuts Receipt)

Over the course of the weekend, the plaintiff and her son were both still not well. The plaintiff knew she was seeing the doctor on Tuesday June 1, 2004, and the plaintiff's son, Loyal Egan, needed to have an appointment at his physician as well on Tuesday, June 1, 2004, so the plaintiff knew she could not drive this motion up to Connecticut on Tuesday June 1, 2004.. (See Exhibit C - Appointment Card)

And as Saturday, May 29, 2004, and Monday, May 31, 2004, there was no opportunity to see the doctors, due to the holiday weekend, and free up Tuesday to make the drive..

On Tuesday, June 1, 2004, the plaintiff saw her physician. (See Exhibit D - Physician's Discharge Instructions Sheet)

As evidenced by the Discharge Instruction Sheet, the plaintiff's bronchitis is better, but the acute sinus infection and resultant cough, headache, and congestion, is not.

4

The plaintiff had refrained from taking the supplementary prescription medication that accompanied the antibiotics, as it had made her too drowsy and unsafe to do the drive to and from North Carolina, and too drowsy to do the work necessary for the completion of her oppositional documents.

At the appointment on Tuesday, June 1, 2004, the plaintiff's physician admonished her for not taking all of the medications, and clearly stated that she would not be able to get better unless she takes the one that causes drowsiness. The plaintiff was sent home with another medication added to the others.

Further, on Tuesday June 1, 2004, Loyal Egan was prescribed Doxycycline for his infection as well. (See Exhibit E - CVS prescription for Loyal Egan)

The plaintiff, Hadley Macpherson, is driving this motion for extension up on this day of Wednesday, June 2, 2004, so that no more loss of time is suffered by having it mailed, and the Court thinking that she is not intending to respond.

The plaintiff fully intends to submit her Memorandum of Law in appropriate form, and with appropriate argument.

Finally, the plaintiff wishes to state to the Court that though she arrived at the Courthouse at 4:55 on May 28, 2004, and was unfairly denied access to the file box, she never in any way threatened any personnel of the Courthouse, and in no way committed any aggressive or threatening act.

The conduct and words of the female guard was unwarranted and excessive.

Though the Federal Court is not responsible for holiday traffic, and is not duty bound to let people in after 5:00 pm., any person seeking access before that time of 5:00, should

not be denied that access.

Lawsuits are about deadlines. If security guards are allowed to close the building early without warning, and deny access purely because they themselves would like to go home early on a holiday weekend, and therefore have less people to let out before they can do so, then that is a civil injustice, and hindrance to a litigants ability to exercise their due process rights.

If there is any question as to the events the plaintiff related, or taint on the plaintiff for what occurred on Friday, May 28, 2004, the plaintiff respectfully requests that the Court view the videotape that must exist. The video tape must have been running, and it can evidence the plaintiff's innocence of anything warranting a threat of police, as well as validate that the actual time that she reached and knocked at the door was before 5:00 pm, and that the doors were locked by the guard prematurely.

The plaintiff does not want, or deserve, any taint for what transpired, and would not want her case dismissed as a result of any unfair taint.

The plaintiff apologizes to the Court and the other parties for the delay in filing this motion for Extension of time, and for her delay in filing her Memorandum of Law. The plaintiff needs only a couple of days to rest and take the appropriate medication.

Wherefore, the plaintiff, respectfully requests an Extension of Time by which to file her Memorandum of Law. The plaintiff will lose this day of Wednesday, June 2, 2004 by having to make the drive to get this Motion to the District Court today. In order to meet a Friday deadline of June 4, 2004, the plaintiff would have to return home and complete the document and Fedex it out overnight on Thursday June 3, 2004. The plaintiff cannot meet that, and take the

6

medication at the same time. The plaintiff is therefore requesting the date of Monday, June 7, 2004, by which to file her Memorandum of Law, or any amount of time the Court deems appropriate under the circumstances.

Respectfully Submitted,

*Hadley Macpherson*

Hadley Macpherson

P.O. Box 501

Lahaska, PA 18931

```
Coll. #01260 LANE 06S
05/28/04 03:14:20pm
PLAZA TAPPAN ZEE****
CLASS 01 CASH$  3.00
```



Retain this receipt to support claim
for exemption from New York
State Truck Mileage Tax.



Retain this receipt to support claim
for exemption from New York
State Truck Mileage Tax.

```
        THANK YOU FROM
        DUNKIN DONUTS
         HAVE A GREAT DAY

   02/12/70              000003
   #1095       4:13AM  REG #30003

   P001066
   L FL CF                   $1.99
   P002192
         L HOT CH            $1.80
   MDSE ST                   $3.79
   TAX1                      $0.23

   ***TOTAL                 $4.02
   CASH                    $20.00
   CHANGE                  $15.98
```

5/28/04
5:25 pm

DOROTHY
Rosado
Dorothy
Rosado
manager

FREE CLINIC OF DOYLESTOWN
595 W. STATE STREET
DOYLESTOWN, PA 18901

You have an appointment
with __Pat__

on __June 1 Tuesday__ at __2 PM__

PLEASE CALL AT ONCE IF YOU WILL BE UNABLE TO
KEEP THIS APPOINTMENT. TWENTY-FOUR HOURS
ADVANCE NOTICE OF CANCELLATION IS REQUESTED.
PHONE: 215-345-2260

# THE FREE CLINIC OF DOYLESTOWN
## Discharge Instruction Sheet

Patient Name: __Hadley MacPherson__   Date: __6/1/04__

Diagnosis: __Resolved bronchitis__
__Reactive airway acute 2° infection__
__Sinus congestion__

Treatment/Precautions: __Medication compliance!__

Medications:

- ☐ Continue with current medications.
- ☐ New medication ordered - follow as directed.
- ☐ Other: __Pannaz (green pill) 1 pill am + pm__  ) with lots water
  __Mucinex (blue pill) 1 pill am + pm__

Follow up Care: __Rhinocort Aqua 2 sprays each nostril daily__
__Albuterol 2 puffs every 6 hours__

- ☑ Return to Clinic for re-check. __2 weeks after level 2 approved__
- ☐ Return to Clinic as needed.
- ☐ Need referral to physician's office.
- ☐ Other: _____

***Please call The Free Clinic at 345-2260, if you have any questions.***

Physician _Amy [signature] MSN CRNP_

Nurse _____

Exhibit E



EG
06-01-2004

PROMISED: 03:00p
06-01-2004
# Scripts: 0
CUSTOMER RECEIPT

CVS/pharmacy   #6043   Ph:215.862-5917

302 WEST BRIDGE STREET
NEW HOPE, PA
18938-0000

EGAN, LOYAL
2597 STREET RD, LAHASKA, PA 18931-0000
Ph:215.794-9295              DOB:12-10-1989

DOXYCYCLINE 100MG TABLET WAT
DANBURY
TAKE 1 TABLET TWICE DAILY

NDC:00591-0499-50  Days Supply: 10  Refills: 0  Qty: 20  TA
Prscbr: KENDALL-BUNCE, B K
TP: 515   GR:
AUTH#30000075955463          BC OF CT

Date:06-01-2004   DAW:0
Rx: 292854 00

INS:         $.00

PAY:       $5.00

Caps:Y
Couns:N