# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

### AT BRIDGEPORT

FILED 2004 SEP -3 P 5:22 US DISTRICT COURT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | NO. 3:02CV1973 JCH |
| PLAINTIFF | |
| VS. | SEPTEMBER 3, 2004 |
| DR. JOHN PERSING | |
| and | REQUEST TO FILE |
| YALE NEW HAVEN HOSPITAL | OVERLONG BRIEF |
| and | IN SUPPORT OF |
| YALE UNIVERSITY | PLAINTIFF'S |
| DEFENDANTS | MEMORANDUM OF LAW |
| | CIVIL ACTION |

# REQUEST TO FILE OVERLONG BRIEF

# IN SUPPORT OF MEMORANDUM OF LAW

The plaintiff, Hadley McPherson, respectfully requests that she be allowed to exceed the 40 page limit when filing her Brief in Support of her Memorandum of Law.

The defendant's filed a Motion to Dismiss All Claims Against Defendant Yale-New Haven Hospital, and Count Two Against the Remaining Defendants, Dr. John Persing, and Yale University.

They cited the following grounds as the basis for the relief requested in their Motion to Dismiss:

1. The defendants request the dismissal of all claims against the defendant, Yale-New Haven Hospital, on the contention that the hospital owed no legal duty to the plaintiff, Hadley Macpherson, as it cannot be held liable for acts committed by a <u>non-employee physician</u>.

2. The defendants request the dismissal of Count Two against the remaining defendants, Dr. John Persing, and Yale University, on the following contentions:

   a. that "there was a single surgery"

   b. that "a single requirement that consent be obtained"

   c. that "a single claim for lack of consent"

   d. that "the claim remains the same for both (counts): that being that Dr. Persing performed facial surgery on December 6, 2000, without the plaintiff's informed consent"

  e.  that the Second Count "purports to be an independent cause of action from the First Count".

  f.  that "there is no basis upon which a single negligence claim can be separated into two counts."

The plaintiff contends that the number of reasons submitted by the defendant as the basis for their being granted the relief they seek are two numerous to adequately defend, and make legal argument against, within the confines of the 40 page limit set by the Federal Rules of Procedure, and the District of Connecticut Local rules.

~~The numerous reasons stated by the defendant as their basis for their Motion to Dismiss, require that~~ the following ten questions ~~be addressed by the plaintiff in order for her to not let any one of those reasons remain un-answered.~~

An unanswered premise for dismissal amounts to a plaintiff's acquiescence on that issue, and allows the Court to grant a defendant what they request merely because the plaintiff did not address all issues completely, and fully.

Further, under the Federal Rules, the Court is not required to go back and read the initial pleadings or Complaint to determine if the facts put forth by either side support either sides argument.

Therefore, a Brief or Memorandum of Law must contain within its pages enough facts specific to the particular case to enable the Court to ascertain whether the legal argument and law cited has a reasonable connection to those facts, and can support the parties argument under those facts.

This case is a medial case that involves issues and events surrounding the performance of four separate and distinct surgical procedures having been performed on four separate and

distinct parts of the plaintiff, Lisa Egan's face.

The four procedures were a Blepharoplasty, a Rhinoplasty, a Foreheadplasty, and a Septoplasty, and the four parts of the body were the eyelids, the nasal tip, the forehead, and the septum.

The issues and events surrounding the consent, under what terms the consent was given, and whether consent was given at all, is different to each of those separate procedures as the conversations that took place prior to December 6, 2000, took place on different dates and under different circumstances depending on the procedure being addressed.

Further, the issues and events that would define whether the plaintiff is bringing her claim in only Negligence or whether she is also bringing in under an Intentional Tort theory(s), are specific to each procedure, specific to how the consent was obtained to each procedure, and specific to what occurred during the performance of each procedure.

The argument on the issue of the defendant's contention alone that the plaintiff is bringing only a cause for Negligence requires specificity.

Therefore, the plaintiff needs to detail enough of the facts that surround the issues and events stated above, and detail them with particular, since the plaintiff cannot demand that the Court re-read her Amended Complaint, and the Court is under no burden.

Without the extra pages allotted to her, the plaintiff will be denied her ability to withstand the defendant's Motion to Dismiss, merely because the number of issues they raised could not be adequately defended within the forty page limit.

The plaintiff contends that in order for the Court to reach a just decision as to the merits of the defendant's request, that the following questions and issues must be addressed:

1. Whether the defendant, Yale-New Haven Hospital, can be held vicariously liable under the theory of Respondeat Superior if the defendant, Dr. John Persing, <u>is</u> in fact an actual employee of the defendant Yale-New Haven Hospital?

2. Whether, the defendant, Yale-New Haven Hospital, can be held vicariously liable under the theory of Ostensible Agency if it held itself out to be the employer of the defendant, Dr. John Persing, though he may only be an independent contractor?

3. Whether, the defendant, Yale-New Haven Hospital, can be held vicariously liable under the theory of Respondeat Superior for the tortious acts committed by the nurses, medical residents, and other physicians in their employ, so as to hold them liable for the acts of Nurse Rosemary Asiedu, Dr. Gopal Grandhige, and Dr. Peter Atanassoff, which were concealed until recently?

4. Whether the defendant, Yale-New Haven Hospital, can be held liable under the theory of Corporate Negligence, or Non-Delegable Duty, for <u>its own tortious administrative acts</u>, whether committed negligently or intentionally, which caused harm and damage to the plaintiff?

5. Whether there was <u>only a single requirement</u> that Consent be obtained?

6. Whether there was <u>only a single claim</u> for "lack of consent"?

7. Whether the plaintiff's claim was <u>the same for both Counts</u>, "that being that <u>Dr. Persing performed facial surgery on December 6, 2000, without the plaintiff's informed consent</u>"?   (as quoted from the defendants' Motion to Dismiss)

8. Whether the plaintiff's claim was <u>merely a claim for lack of informed consent</u>, or was the plaintiff making a claim for <u>total lack of consent</u>?

9. Whether the plaintiff's claim was a merely a Negligence Claim, or also an Intentional Tort Claim?

10. Whether the facts alleged in the Amended Compliant, if taken as true, support the existence and occurrence of separate transactions, or tortious events, that would each then carry their own separate and distinct liabilities based on the different facts surrounding each transaction and event, entitling the plaintiff to claim them in separate counts?

The plaintiff has written her Brief, and has tried to her best ability to shorten it to the required forty page length, without success. To shorten it any further would be to allow an incomplete argument as to the questions and issues raised by the defendant's Motion to Dismiss.

Legal arguments needs to be sound, detailed, supported, and adequately cited in order for a Court to consider them.

A litigants ability to meet that standard should not be hindered or defeated merely because the number of allegations charged in one single document makes that task impossible to perform, to a reasonable standard of excellence, under a page limit that did not anticipate that number of allegations.

Wherefore, the plaintiff, Hadley Macpherson, respectfully requests that the Court allow her to submit her Brief in its overlong state.

Respectfully Submitted,

*Hadley Macpherson*
Hadley Macpherson

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed this day, September 3, 2004, to Attorney Penny Seaman, of Wiggins and Dana, 265 Church Street, P.O. Box 1832, New Haven Connecticut, 06508 - 1832..

Plaintiff Pro Se

*Hadley Macpherson*
Hadley Macpherson
P.O. Box 501
Lahaska, PA  18931
(215) 325 -1001