UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA EGAN (a/k/a HADLEY MacPHERSON) | : | |
|     Plaintiff | : | CIVIL ACTION NO. |
| | : | 3-02-cv-1973 (JCH) |
| v. | : | |
| | : | |
| YALE MEDICAL GROUP, ET AL | : | OCTOBER 29, 2004 |
|     Defendants | : | |

**RULING RE: MOTION TO DISMISS [DKT. NO. 30]**

    Defendants have moved to dismiss all claims against Yale New Haven Hospital ("Hospital"), as well as to dismiss what it claims to be a redundant Second Count. The pro se plaintiff has filed an opposition to the Motion. The court denies the Motion to Dismiss for the following reasons.

    Defendants correctly set forth the law that the hospital has no duty to obtain a patient's consent, or even to assure that her physician obtains her consent, when that physician is a "non-employee" physician. However, in the plaintiff's Amended Complaint, she clearly alleges that the defendant doctor, John Persing, was employed by the hospital at the time of the events alleged in the Amended Complaint. See Amended Complaint ¶¶ 11, 18, 147. While these allegations may not be factually supportable, the court is nonetheless required under Rule 12(b)(6) to accept the facts as alleged in the Amended Complaint as true for purposes of deciding a Motion to Dismiss. The case law cited by the defendants at pages 3-5 of their Memorandum in Support of their Motion to Dismiss is inapposite to a case in which the allegation is that the defendant doctor was employed by the hospital. Therefore, defendants' Motion to Dismiss the claims against Yale New Haven Hospital is denied, without prejudice to

renew the issue on summary judgment.

Defendants also moved to dismiss the Second Count of the Amended Complaint on the ground that it is identical to the First Count, and is thus, unnecessarily redundant.  Defendants' analysis is that, in effect, the plaintiff has pled two counts which appear to be based on the same theory and events, generally speaking, and that the claim merely has more than one basis to it as alleged by the plaintiff.  Even if defendants are correct in this regard, the court concludes that it is not improper for plaintiff to have thus "split" her claim.  The plaintiff argues that, while under anesthetic, various procedures were performed upon her without, as she alleges, consent.  Thus, the court will deny the defendants' Motion to Dismiss the Second Count as "identical" to the First Count.[1]

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 29th day of October, 2004.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[1] In doing so, the court does not address an issue which was not raised by the defendants' Motion, which is whether either Count One or Count Two alone set forth more than one cause of action, as the plaintiff appears to suggest in her opposition.  The court presumes that if the defendants move for summary judgment, this issue will be addressed, or if not, it will be addressed in connection with pretrial order compliance.