FILED

# UNITED STATES DISTRICT COURT
2004 DEC 22  P 12: 51

# DISTRICT OF CONNECTICUT
U.S. DISTRICT COURT
BRIDGEPORT, CONN

## AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | NO.  3:02CV1973  JCH |
| PLAINTIFF | |
| VS. | DECEMBER 21, 2004 |
| DR. JOHN PERSING | |
| and | CIVIL ACTION |
| YALE NEW HAVEN HOSPITAL | |
| and | |
| YALE UNIVERSITY | LETTER TO THE COURT |
| DEFENDANTS | |
| | JURY DEMANDED |

# LETTER TO THE COURT

To Honorable Judge Hall,

Recent events have occurred which were deliberately orchestrated by the defendants to cause unfair detriment to the plaintiff's ability to prosecute this case.

Those events can only be seen as intentional, as the errors committed are too obvious, too gross, and the firm representing the defendants too large and too experienced to have committed those errors inadvertently.

On Thursday, December 16, 2004, the plaintiff, Hadley Macpherson, received a letter from Attorney Penny Seaman, the attorney of record in this case, who is herself a partner at the law firm of Wiggin and Dana.

That letter was mailed to the plaintiff, Hadley Macpherson, from the offices of Wiggin and Dana on December 8, 2004, as indicated by the meter stamped date on the outside of the envelope.

Inside the envelope was a letter signed by Attorney Penny Seaman, requesting that the plaintiff pro se contact her to discuss the joint filing of the 26f, as mandated by court rules.

That letter however, was dated June 28, 2004.

A copy of that letter dated June 28, 2004, and meter stamped envelope dated December 8, 2004, are attached to this Letter To The Court as Exhibits.

(see Exhibits A and B)

1

The only logical reason for sending the plaintiff such an erroneously dated letter would be to attempt to make it appear that the plaintiff, Hadley Macpherson, was contacted on June 28th of 2004, and has refused the defendants request to comply with Court procedural rules regarding the filing of a 26f, since that time.

Such an appearance would afford the defendants the opportunity of either making a Motion for Dismissal for non-compliance, or attempting to gain advantage regarding the scheduling and limiting of discovery in the future.

At the very least, such an appearance would place in the mind of the Court the belief that the plaintiff is deliberately ignoring procedural rules, and legitimate requests of the defendants, without cause or legal justification.

Either way, the plaintiff suffers unfair prejudice at such an appearance and inference.

The plaintiff pro se, and the defendants' attorneys, Attorney Penny Seaman, and Attorney Bonnie Patten, made an oral agreement regarding the discussion of the 26f, and as to the filing of any documents relating to it. That agreement was made almost one full year ago.

The circumstances and events surrounding that oral agreement were as follows:

On March 6, 2003, the original Complaint was served on the defendants.

On March 26, 2003, the defendants filed their first "Motion to Dismiss".

When on April 11, 2003, the plaintiff learned that her son Loyal Egan was seriously ill, the plaintiff filed a "Motion for Extension of Time" on April 14, 2003, a motion that was unopposed by the attorneys for the defendants, and which was granted.

On May 8, 2003, the defendants sent a document to the plaintiff, Hadley Macpherson, entitled "Defendant's First Set of Interrogatories and Requests for Production Directed to

2

Plaintiff", a document signed by Attorney Bonnie Patten.

At the time that the interrogatory request document was sent to the plaintiff there had never been any telephone or written communication between the plaintiff and the attorneys for the defendants regarding discussion of any discovery dates, disclosure dates, or the drafting and filing of the 26f.

As no discussion or scheduling of discovery or disclosures had not as yet taken place, the plaintiff believed that formal discovery was not allowed to begin, and particularly since she had just been granted her "Motion for Extension of Time".

On May 21, 2003, a Notice was issued to the attorneys for the defendants and the plaintiff, regarding the need to complete the 26f.

On June 25, 2003, the plaintiff filed a "Motion for Extension of Time to Respond to the Defendants Motion to Dismiss and Complete the 26f", and was granted that motion.

The plaintiff then filed subsequent "Motions for Extensions of Time", in the months of July, August and September, October and November of 2003, all for time to respond to the defendants Motion to Dismiss and Complete the 26f, and was subsequently granted those extensions of time also.

Those "Motions for Extension of Time" were all requested on both the basis of the illness issues surrounding the plaintiffs young son Loyal Egan, and on the further basis that an illegal Hearing had taken place in the Superior Courthouse at Hartford, on April 2, 2003, without Notice or Service to the plaintiff, and to which the plaintiff, Hadley Macpherson, under the name of Lisa Egan, had needed to file an immediate Appeal, and complete an Appellate Brief immediately due in Appellate Court, an Appeal the plaintiff ultimately won on June 23, 2004.

3

Before the filing of each one of those Motions for Extensions of Time referenced above, the plaintiff, Hadley Macpherson, contacted by telephone, the attorneys for the defendants in this case to inform them of her intention to request an extension of time, and to find out if they consented to such an extension, or were opposed.

At no time during any of those telephone conversations did the defendants ever make any mention of the May 8, 2003 document name "Defendants First Set of Interrogatories and Requests for Production Directed to Plaintiff". Neither did the defendants ever make any mention of the need to discuss the issues surrounding the joint filing of a 26f.

In January of 2003, just prior to the plaintiffs filing of her Amended Complaint, the plaintiff stumbled across the interrogatories document referenced above. The plaintiff, wondering how to proceed, immediately phoned the offices of Wiggin and Dana, and spoke to Attorney Bonnie Patten.

Attorney Bonnie Patten told the plaintiff that she could ignore the interrogatory document, as well as delay any discussion relating to the joint filing of a 26f, despite court rules requiring that discussion.

Attorney Bonnie Patten told the plaintiff that to expend the time and effort to complete the 26f document would be an unnecessary expense and waste, until the parties knew whether the Court was going to grant the defendants' "Motion to Dismiss", a dismissal she stated that would make any need for the 26f moot.

The plaintiff, Hadley Macpherson, relied on the words and agreement made with attorneys Bonnie Patten. From that date until this past Friday, when the plaintiff retrieved the letter dated June 28, 2004 from her mailbox, the subject of the 26f has never been discussed, or addressed in any way, whether orally or in the written word.

4

For the defendants to send the letter that the plaintiff received last Friday, with the date of June 28, 2004 typed on its face, implies that the conversations had, and agreements reached between the plaintiff and the defendants never existed.

As to inadvertence ---

The letter dated June 28, 2004 was only three lines long. Given the length of the letter, and the absence of much else on the page, it is difficult to believe that the date was somehow escaped or unnoticed before the letters drafting, signing, and subsequent mailing.

Given the present month and season, the month of June being typed on the face of the letter immediately stands out as baffling, and the date of the 28th is a full three weeks off in either direction from any date of the 8th , regardless of the month referred to.

While it can be believed that an individual can inadvertently mistype a date, or forget that it is Friday instead of Thursday, or the 7th rather than the 8th, it cannot easily be believed that the combination of the erroneous summer month of "June" and the date of "28", can bear any logical connection in the drafters mind to the true winter month of December, and the date of 8. Particularly since every thinking individual, plaintiff or defendant, attorney or pro se, is being daily reminded that Christmas is only a week away, a date looming indelible and un-able to be forgotten even for a moment.

This is the one month of every year that no one is mistaken as to which month it is, or what day it is.

Further, Attorney Penny Seaman signed the letter in blue ink, which means that she not only read the letter over, but that she personally signed it as an original, and that the signature was not an electronic signature.

To believe that Attorney Penny Seaman's paralegal, or secretary, mistyped the date, and never caught the error themselves before handing it to their boss, and then that Attorney Penny Seaman herself never caught the error when she read the letter over before signing it, would mean that two highly professional people, with two sets of healthy eyes, never noticed such a glaring inconsistency with reality.

The plaintiff, Hadley Macpherson, a non-professional, with double vision, immediately noticed the incongruous date the moment she opened the letter.

Wiggin and Dana is a reputable and extremely profitable law firm that secures its fortune by ensuring that its attorneys and staff are meticulous about, above all else, dates. Attorney Penny Seaman, as mentioned earlier, is a partner.  There is no explanation for what occurred but that the misdating was absolutely intentional, and designed to obtain an illegitimate benefit from the Court and thwart the plaintiff of due process.

Due to the facts as stated above, and in response to the letter she received on December 17, 2004, the plaintiff, Hadley Macpherson, on Monday, December 20, 2004, drafted a letter to Attorney Penny Seaman, which the plaintiff intended to mail out by certified mail before the days end.

That certified letter dated December 20, 2004 is attached to this Letter To the Court as an Exhibit.  (see Exhibit C)

The plaintiff, in her certified letter dated December 20, 2004, informed the defendants that she would not respond to letters illegitimately dated.

The plaintiff further informed the defendants that should they choose to correct the date in question, and re-send the letter previously sent, the plaintiff would of course promptly respond to its contents.

However, just before the plaintiff was to leave for the post office to mail the certified letter, she phoned the Clerk's Office at the District Court in Bridgeport.

The plaintiff has been calling the Clerk's Office daily to attempt to find out if any documents have been filed by the defendants since they still had not filed any Answer to the Amended Complaint, though an answer had been due on November 9, 2004.

The plaintiff has had a problem with keeping up financially on her Pacer Account, as she has three cases to access daily, and therefore could not see the information on line. As the plaintiff is not an attorney, she is not signed up for the CM/ECF e-mail notification, a notification only available through the CM/ECF system. A copy of an Order from this Court is attached to this Letter to the Court as an Exhibit. At the bottom of that Order, it states who is entitled to receive e-mail notifications, to which the attorneys for the defendants were listed as entitled, and the plaintiff, Hadley Macpherson was listed as not.

Only a court issued login, used in conjunction with the Pacer login, can gain a party access to CM/ECF, and the plaintiff had been told four months ago that court issued logins were only given to attorneys who have been granted permission to file electronically.

The Pacer login alone, will not grant access to the instant e-mail notification of filings.

Therefore, last Friday, December 17, 2004, as the plaintiff had no news one way or another about her cases, the plaintiff phoned the Clerk's office late in the afternoon, to make her daily check, and was again told that there was as of yet no new filings in this case.

Further, since the plaintiff had not received any documents in the mail from the defendants, she believed there were no new filings in the case as of last Friday December 17, 2004..

7

However, yesterday, on Monday December 20, 2004, when the plaintiff phoned the Clerks Office at 3:50 pm to make her daily check for new filings before going to mail the certified letter to Attorney Penny Seaman referred to above, the plaintiff was told that the defendants had filed a Motion for Extension of Time to Answer the Plaintiff's Amended Complaint, and that the Motion for Extension of Time was filed in the court on December 16, 2004.

The plaintiff had never been sent any copy of the defendants' "Motion for Extension of Time to Answer the Amended Complaint", and without her Pacer system active, and the absence of electronic filing, had no knowledge of its existence or contents.

As the clerk of the District Court is disallowed from reading Motions or Documents to attorneys or parties who telephone the court, the plaintiff could not be read or told the contents of that Motion for Extension of Time, or apprised of the basis on which that extension of time was being requested.

At no time had the attorneys for the defendants made any attempt to contact the plaintiff Hadley Macpherson, either by telephone or in writing, to inform her that they intended to request an extension of time to answer her Amended Complaint, to inform her of the basis of their request for that Motion for Extension of Time, or to ask her if she was opposed to their request for an extension of time to file an Answer to her Amended Compliant, though they were required to do all three by the Rules of Court.

Had the plaintiff, Hadley Macpherson, not phoned the Court, and asked the clerk to once again check for new filings, she would have had no idea that anything had transpired at all until after the Motion was ruled upon.

When the plaintiff learned of the defendants "Motion for Extension of Time to

8

Answer the Amended Complaint", the plaintiff immediately phoned the offices of Wiggin and Dana, at 3:54 pm. and spoke to Attorney Penny Seaman's paralegal.

The paralegal stated that Attorney Penny Seaman was unavailable and in a meeting.

The plaintiff, Hadley Macpherson, gave the paralegal a telephone number where Attorney Penny Seaman could immediately reach the plaintiff, requesting that she do so the minute she returned from the meeting.

The plaintiff, Hadley Macpherson, explained to the paralegal that she had only just learned that the defendants had filed a "Motion for Extension of Time to Answer the Amended Complaint", and that she had neither received the motion, nor been contacted prior to its filing.

When the plaintiff, Hadley Macpherson, told the paralegal to tell Attorney Penny Seaman that she was under a duty not only to mail the Motion for Extension of time to the plaintiff. to contact the plaintiff pro se in advance of filing any Motions for Extensions Time, to apprise her of the basis of such motion, and to ask her if she consented or opposed the Motion, the paralegal laughed under her breath.

The plaintiff, now waiting for a return phone call from Attorney Penny Seaman, did not yet leave for post office to mail the certified letter.

At 4:36 pm, the plaintiff, having not heard back from Attorney Penny Seaman, phoned Wiggin and Dana again, and Attorney Penny Seaman herself answered the phone.

The plaintiff immediately identified herself and asked if Attorney Penny Seaman had received the message that the plaintiff had left for her with the paralegal. Attorney Penny Seaman stated that she had not received any message at all.

The plaintiff, Hadley Macpherson, immediately went on to state that she had only just

9

learned of the defendants "Motion for Extension of Time to Answer the Amended Complaint" that afternoon.

The plaintiff, Hadley Macphrerson, told Attorney Penny Seaman that she had received no such motion in the mail, and that she was entitled to be contacted prior to the filing of any motions for extensions of time, to be apprised of the basis on which they were being requested, and to ask her if she consented to an extension of time.

Attorney Penny Seaman immediately told the plaintiff "You're right."

Attorney Penny Seaman admitted that the plaintiff had a right to be notified, and that she should have contacted prior to the filing of the "Motion for Extension of Time to Answer the Amended Complaint."   However, that is all that Attorney Penny Seaman said.

Attorney Penny Seaman made no remark of surprise at the plaintiffs declaration of having not been notified, made no excuse or defense the lack of telephone or documentary notification, and made no apology for her actions in denying the plaintiff all three of the above due process entitlements.  Attorney Penny Seaman said nothing at all except her blanket statement of unjustified and unapologetic admission.

The plaintiff, Hadley Macpherson, then asked Attorney Penny Seaman on what basis was it that the "Motion for Extension of Time to Answer the Amended Complaint" was being requested, as the plaintiff had no copy of the motion in front of her since she had not received one, and Attorney Penny Seaman was not offering any information or explanation in her silence.

To that question, Attorney Penny Seaman, the lead attorney of record in the case from its very beginning, responded by telling the plaintiff that she had no idea what was contained in the "Motion for Extension of Time to Answer the Amended Complaint", or on what basis

10

that extension of time was being requested, as she was not the one who wrote, did not know who wrote it, and did not even know who had filed it.  As a result, Attorney Penny Seaman stated again that she had no knowledge of its contents or on what basis it was being requested.

When the plaintiff, Hadley Macpherson, attempted to query further on Attorney Penny Seamans lack of knowledge, Attorney Penny Seaman re-iterated the same statement as to her complete ignorance as to who had written the document, filed the document, or what was contained in it.

The plaintiff, Hadley Macpherson, then asked Attorney Penny Seaman to just read the document to her over the telephone, as the plaintiff logically knew that the document was immediately accessible on her computer, on the CM/EMS system, on the Pacer system, or in her own office file.

Attorney Penny Seaman responded by saying that she would need to call the plaintiff back later, and asked if the plaintiff would be available.  The plaintiff, Hadley Macpherson, told Penny Seaman that she need to leave in five minutes in order to reach the Post Office before it closed, as it was just before 5:00 pm..

During the entire conversation, the plaintiff, Hadley Macpherson, did not in any way allude to or mention the erroneously dated letter sent to her by Attorney Penny Seaman on December 8, 2004, previously addressed in this document, or the plaintiffs decision and intention to mail the certified letter known as Exhibit C in this document,  to Wiggin and Dana by 5:00 pm. that night.

The subject of the letter dated June 28, 2004, and mailed on December 8, 2004, was not brought up at all by either Attorney Penny Seaman, or the plaintiff.  Attorney Penny

11

Seaman herself did not ask the plaintiff if she had received that letter, or question the plaintiff as to why she had not responded to the request contained in it as to a discussion of the necessary issues surrounding the filing of the 26f.

Because the plaintiff, Hadley Macpherson, absolutely needed to reach the post office before 5:00 pm, and mail the response letter certified to Wiggin and Dana for the protection of her own rights in this case, the plaintiff told Attorney Penny Seaman to just call back and leave the information regarding the "Motion for Extension of Time to Answer the Amended Complaint" directly on the plaintiffs voicemail, even though the plaintiff would be out.

The plaintiff told Attorney Penny Seaman that she absolutely needed to know the contents of the "Motion for Extension of Time to Answer the Amended Complaint" in order to make a fair decision as to what her response was going to be to the motion.

The plaintiff, Hadley Macpherson, told Attorney Seaman that she could either read the "Motion for Extension of Time to Answer the Amended Complaint" directly into the plaintiff's voicemail, or explain the contents of the Motion, and the basis for the request, in her own words into the voicemail. The plaintiff was explicit in her request and expectation that Attorney Penny Seaman immediately call back with the entitled information that very night.

The plaintiff and Attorney Penny Seaman both knew that the Court already had the Motion before it, and would likely rule on the Motion before the plaintiff had any chance file any papers regarding it, as the plaintiff pro se does not have the ability to file electronically, so any response would have to be drafted immediately and sent overnight fedex. As it was already 5:00 pm., and the last Fedex pickup is 7:00 pm for next day delivery, the plaintiff was fighting the clock.

Attorney Penny Seaman agreed to call right back with the information, and do as the plaintiff, Hadley Macpherson requested.

The plaintiff, Hadley Macpherson, returned to her home to find a message on her telephone that arrived at 5:02 pm.

The voice on the message belonged to Attorney Kevin Budge, also of Wiggin and Dana.

Attorney Kevin Budge stated that he was calling in place of Attorney Penny Seaman.

In the message that he left, Attorney Kevin Budge admitted that the firm of Wiggin and Dana should have contacted the plaintiff, Hadley Macpherson, prior to their filing of their "Motion for Extension of Time to Answer the Amended Complaint".

However, Attorney Kevin Budge, like Attorney Penny Seaman, expressed no surprise at that lack of contact, made no excuse, explanation, or justification for that lack of contact, and made no apology for it.

Attorney Kevin Budge then went on to state that they, the attorneys for the defendants, were withdrawing their "Motion for Extension of Time to Answer the Amended Complaint", and were intending to re-file that Motion with a new date of January 7th instead the Motions originally requested date of January 3rd by which to file their Answer to the Amended Complaint.

Attorney Kevin Budge never informed the plaintiff, in any way, in that message left at 5:02 pm, as to what the contents was of that "Motion for Extension of Time to Answer the Amended Complaint" or on what basis it was being requested.

Attorney Kevin Budge never read the "Motion for Extension of Time to Answer the Amended Complaint" into the voicemail.

13

Attorney Kevin Budge knew full well from having spoken to Attorney Penny Seaman, that the plaintiff, Hadley Macpherson, had absolutely no knowledge as to what was in the motion, had never received the motion, had not been contacted prior or subsequent to the motion being filed, and therefore could not in any way make an intelligent or informed decision as to whether it was in her best interest, or in the interest of fairness, for her to give her consent to such a motion.

Attorney Kevin Budge only asked that the plaintiff, Hadley Macpherson, let him know if she consented or not. He stated that request twice, and left his direct telephone number by which the plaintiff could reach him to do so.

The following message was the message left by Attorney Kevin Budge in its entirety.

Attorney Kevin Budge - 5:02 p.m., Monday, December 20, 2004

> "Hi - this message is for Hadley Macpherson. This is Kevin Budge
> from Wiggin and Dana, um calling on behalf of Penny Seaman, um,
> she said that she'd return, would return a phone call to you. um, and
> it's regarding the matter of Yale, and you were right there was a mistake.
> You should have been contacted before the motion for Extension was
> filed. um, and we're going to withdraw it and we'd like to re-file it and
> ask whether or not you would consent to, um, us re-filing for an extension
> of time through January 7th, um which is just the Friday after, um, the
> original extension. But, um, if you could let us know we would appreciate
> it. Thank you very much. uh -- my direct line if you'd like to reach me is
> 203-498-4378. Once again, we just need to know whether or not you'd
> consent to an extension through January 7th to respond to the Complaint."

The above message can be verified by internet access, and listened to onscreen, as the plaintiff uses an internet voicemail telephone system that logs and records every message visually and auditorally offsite, so that anyone logging in can verify the accuracy of any message left, and no accusation of tampering can be made.

14

After listening to the above message, the plaintiff, Hadley Macpherson, immediately picked up the telephone, at 6:12 pm, and phoned Attorney Penny Seaman to make another attempt to obtain the entitled information, to which there was no answer.

The plaintiff then phoned Attorney Kevin Budge at 6:13 pm, and left an explicit message on his voicemail stating that the plaintiff needed to know what was in the Motion for Extension of Time prior to consenting to such a Motion, and that he needed to call her back immediately, or the next morning, that being the morning of December 21, 2004, with the information. The plaintiff further explained that as of December 23, 2004, the plaintiff would be unavailable due to Christmas, again re-iterating the need for an immediate phone call.

The plaintiff, Hadley Macpherson, then immediately phoned back Attorney Penny Seaman, at 6:15 pm, and left a message on her direct line, stating that Attorney Kevin Budge had not left the entitled and necessary information on the plaintiffs voicemail, and that one of the two attorneys needed to contact the plaintiff immediately, as she was entitled to respond.

As the plaintiff, Hadley Macpherson, still had no knowledge of what was contained in the defendants "Motion for Extension of Time to Answer the Amended Complaint" she could not draft a response to this Court, nor even know if out of fairness, the needs of the defendants outweighed her own interest in opposing the Motion.

Further, the plaintiff, Hadley Macpherson, fully aware that the defendants have the ability to electronically file, believed Attorney Kevin Budge's statement that the attorneys for the defendants were going to immediately withdraw their Motion for Extension of Time already filed.

As the plaintiff, does not have access to check to see if that occurred she had to go on

15

faith that the attorneys for the defendants had done what they said they would do, and withdrew the motion last night, if not first thing this morning, the morning of December 21, 2004, before the Court would have opportunity to rule on the motion.

Today, December 22, 2004, the plaintiff, Hadley Macpherson, waited all day for a response from the attorneys for the defendants, and checked her mailbox once again to no avail.

At 1:24 pm, having still nothing to go on, the plaintiff, Hadley Macpherson, phoned the Clerks Office at the District Court, to find out if anything new else had been filed in the case.

At that time, the Clerk informed the plaintiff that the "Motion for Extension of Time to Answer the Amended Complaint" had been granted.

The plaintiff, very upset, immediately asked if there were any record in the real time CM/EMS system, or Pacer system, of Wiggin and Dana, the attorneys for the defendants having filed any withdrawal of their "Motion for Extension of Time to Answer the Amended Complaint".

The clerk stated that there was no record of the attorneys for the defendants filing any withdrawal of their motion.

Attorney Penny Seaman and Attorney Kevin Budge, deliberately robbed the plaintiff, Hadley Macpherson, of her Due Process Procedural Rights in this case.

As of this hour, 8:27 pm, on the evening of December 21, 2004, the plaintiff, Hadley Macpherson, still has no idea what was asked for, the basis for the request, or why it was granted.

The plaintiff, Hadley Macpherson, has spent the day trying to find a way to obtain a

CM/EMS login, so that she cannot be denied again.

The plaintiff has re-set up her Pacer account, but Pacer is not a real time system, but a system that displays documents 1 to 2 days late.

The plaintiff would like e-mail notification in the future through CM/EMS, if for no other reason than to protect herself, and to save on the cost of daily Pacer fees.

Finally ---

The plaintiff is, for the record, absolutely opposed to the defendants "Motion for Extension of Time to Answer the Amended Complaint".

The plaintiff was denied all decent and equitable process.

The plaintiff proceeded with her own drafting of documents for the past two months that the defendants stayed silent, though required by the rules to speak by the deadline imposed, or atleast request their extension by the deadline imposed.

The defendants have cheated.

The plaintiff would like an evidentiary if necessary, to address this matter.

The plaintiff has documents she would like to file, which were her entitlement to file.

The plaintiff found a Fedex open until 9:00. The defendants never called.

Respectfully Submitted

*Hadley Macpherson*

Hadley Macpherson

2015 McKenzie Creek Drive

Charlotte, North Carolina, 28270

(704) 675 - 5252

17

# <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing has been mailed this

day, December 21, 2004, to Attorney Penny Seaman, of Wiggins and Dana, 265 Church

Street, P.O. Box 1832, New Haven Connecticut, 06508 - 1832..

Plaintiff Pro Se

Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC  28270
(704) 675 -4242-
5252

Wiggin and Dana
One Century Tower
P.O. Box 1832
New Haven, Connecticut
06508-1832
www.wiggin.com

Penny Q. Seaman
203.498.4333
203.782.2889 fax
pseaman@wiggin.com

**WIGGIN** AND **DANA**

*Counsellors at Law*

June 28, 2004

Hadley Macpherson (a/k/a Lisa Egan)
P.O. Box 501
Lahaska, PA  18931

Re:    Egan v. Yale Medical Group, et al.

Dear Ms. Macpherson:

The rules of the court require that we have a planning conference and submit a report to the court that will form the basis of a scheduling order.  Would you please call me so that we can exchange the necessary information.

Thanks.

Very truly yours,

Penny Q. Seaman

PQS/saf

\487\5009\503770.1

Exhibit B

WIGGIN AND DANA

*Counsellors at Law*

Hadley Macpherson (a/k/a Lisa Egan)
P.O. Box 501
Lahaska, PA 18931

MACP501 16931 20067 1A04 06s 12/11/04
NOTIFY SENDER OF NEW ADDRESS
MACPHERSON/ENZIE CREEK DR
7745 MACKENZIE
CHARLOTTE NC 28270-2278

U.S. POSTAGE  PB 22 3 1120
$00.370
DEC 08 04
06510

Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, North Carolina 28270
(704) 675 - 5252

Monday, December 20, 2004

Attorney Penny Seaman
Wiggin and Dana
P.O. Box 1832
New Haven, Connecticut
06508 - 1832

Dear Attorney Seaman,

Last Thursday, December 17, 2004, I received a letter from you. That letter was mailed to me on December 8, 2004, as indicated by the metered stamp on the outside of the envelope.

However, the letter inside was dated June 28, 2004.

A copy of that letter and envelope with its accompanying date stamp is enclosed with this certified letter.

Should you wish to contact me using the method of correspondence, you should be aware that I will not respond to letters that are erroneously dated, or that are contrived to appear that they were written and sent at a time wholly different from the date, month, or season they were actually mailed.

I will of course, respectfully respond to any correspondence which bears a date that accurately and truthfully reflects its drafting and mailing.

Should you choose to re-send the letter in question, with the date corrected, I will respond promptly to its contents.

However, please note that I will be unavailable from December 23, 2004 until January 3, 2005, due to the Christmas and New Year's Holidays.

Very truly yours,

Hadley Macpherson

Hadley Macpherson



**Orders on Motions**

<u>3:02-cv-01973-JCH Egan v. Yale Med Group, et al</u>

### U.S. District Court

### District of Connecticut

Notice of Electronic Filing

The following transaction was received from Boroskey, C. entered on 10/6/2004 at 11:37 AM EDT and filed on 10/6/2004

| | |
|---|---|
| **Case Name:** | Egan v. Yale Med Group, et al |
| **Case Number:** | <u>3:02-cv-1973</u> |
| **Filer:** | |
| **Document Number:** | 57 |

**Docket Text:**
NOTICE OF ELECTRONIC ORDER. THIS IS THE ONLY NOTICE THE COURT WILL ISSUE. ORDER granting [56] Motion for Extension of Time to File Response/Reply as to [30] MOTION to Dismiss. Responses due by 11/3/2004. Signed by Judge Janet C. Hall on 10/6/04. (Boroskey, C.)

The following document(s) are associated with this transaction:

**3:02-cv-1973 Notice will be electronically mailed to:**

Kevin Shepherd Budge    kbudge@wiggin.com,

Bonnie L. Patten    bpatten@wiggin.com,

Penny Q. Seaman    pseaman@wiggin.com

**3:02-cv-1973 Notice will be delivered by other means to:**

Hadley Macpherson (Egan)
P.O. Box 501
Lahaska, PA 18931