UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LISA EGAN, | : |
| | : |
| Plaintiff, | : |
| | : |
| | : **CASE NO. 302CV1973 (JCH)** |
| v. | : |
| | : |
| YALE MEDICAL GROUP, ET. AL, | : |
| | : **JANUARY 10, 2005** |
| Defendants. | : |
| | : |

## ANSWER

The defendant, Dr. John Persing, for his answer to the plaintiff's January 24, 2004 Amended Complaint:

1-7.     States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, and 7.

8.     Admits the allegations contained in paragraph 8.

9.     States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, except to admit that he is a resident of Connecticut.

10.     Admits the allegations contained in paragraph 10.

11.     Denies the allegations contained in paragraph 11, except to admit that he is employed by Yale University.

12.     Denies the allegations contained in paragraph 12, except to admit that he is an employee of Yale University with an office in New Haven and has admitting privileges at Yale-New Haven Hospital.

13-14.      Denies the allegations contained in paragraphs 13 and 14, except to admit that Yale Medical Group is an association of certain physicians employed by Yale University.

15.      Admits the allegations contained in paragraph 15.

16.      Denies the allegations contained in paragraph 16, except to admit that Yale University is a specially-chartered corporation which employs certain physicians, and further that Yale University School of Medicine is a wholly-owned graduate school of Yale University.

17.      Admits the allegations contained in paragraph 17.

18.      Denies the allegations contained in paragraph 18, except to admit that Yale-New Haven Hospital is a licensed general hospital that provides hospital services at 20 York Street, New Haven, Connecticut.

19.      States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20.      States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, except to admit that he first met with plaintiff to discuss plastic surgery on her eyelids and nose on October 23, 2000, in New Haven, Connecticut.

21.      [No allegation]

22-25.      States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 22, 23, 24 and 25, except to admit that plaintiff told him that she wanted surgery to remove excess skin above her eyes, that she found her eyelids unattractive, that she had had a visual field test that indicated interference with her eyesight and that her insurance company had agreed to pay for a blepharoplasty.

26.      Admits the allegations contained in paragraph 26.

27-28.      States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 27 and 28, except to admit that plaintiff advised him that she had injured her nose in an automobile accident some years earlier, and that her insurance company had agreed to pay for a septoplasty.

29.      States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29, except to admit that plaintiff advised him that she was interested in having the surgery performed before her insurance benefits expired.

30.      Denies the allegations contained in paragraph 30, except to admit that he examined plaintiff, found that there was some asymmetry in her eyes, some hooding of her eyelids, and a deviated septum that might cause an impairment of her breathing.

31.      Denies the allegations contained in paragraph 31, except to admit that he referred plaintiff for certain tests prior to scheduling surgery.

32-33.      Admits the allegations contained in paragraphs 32 and 33.

34.      States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34, except to admit that during the November 27 visit, he and plaintiff discussed rhinoplasty.

35-39.      States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 35, 36, 37, 38, and 39, except to admit that he asked plaintiff what she wanted done with her nose, that she told him that she wanted it to be more symmetrical, the ridge, columnella and tip of the nose reshaped and that he advised her that rhinoplasty could address these issues.

40-41.      Denies the allegations contained in paragraphs 40 and 41.

42.        Denies the allegations contained in paragraph 42, except to admit that he advised plaintiff that correcting a hanging columnella necessarily involved a shortening of that area of the nose.

43-51.        Denies the allegations contained in paragraphs 43, 44, 45, 46, 47, 48, 49, 50 and 51.

52-54.        States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 52, 53 and 54, except to admit that on November 27, 2000, he and plaintiff discussed the blepharoplasty, that the purpose of the procedure is to remove excess skin in the eyelids and that, in such a procedure, the incision is made at the crease in the eyelid.

55.        Denies the allegations contained in paragraph 55, except to admit that he advised plaintiff that blepharoplasty would not cure the excess skin over her eyelids.

56.        Denies the allegations contained in paragraph 56, except to admit that he advised plaintiff that a brow lift raises the eyebrows, thereby tightening excess skin under the brow.

57.        Denies the allegations contained in paragraph 57, except to admit that he advised plaintiff that a brow lift reduces some lines on the forehead.

58.        States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58, except to admit that plaintiff asked about combining a brow lift with a blepharoplasty.

59.        States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59, except to admit that he told plaintiff that

the brow lift would make the operation longer and physically harder on plaintiff and that he was reluctant to do it.

60.        States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60.

61.        Denies the allegations contained in paragraph 61.

62-63.        States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 62 and 63.

64.        Admits the allegations contained in paragraph 64.

65-66.        Denies the allegations contained in paragraphs 65 and 66.

67.        States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67.

68.        Denies the allegations contained in paragraph 68.

69.        Denies the allegations contained in paragraph 69, except to admit that the risks and benefits discussed by Dr. Persing and plaintiff were not specifically listed on the form.

70-71.        Denies the allegations contained in paragraphs 70 and 71.

72.        Admits the allegations contained in paragraph 72.

73-74.        States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 73 and 74, except to deny that there was no discussion about the risks of the contemplated procedures.

75.        States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75.

76.        Denies the allegations contained in paragraph 76, except to admit that plaintiff was advised that cosmetic surgery would not necessarily cure the hooding in her eyelids.

77.    States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77, except to admit that he had numerous conversations with plaintiff about these procedures and that she was advised that cosmetic surgery would not necessarily cure the hooding in her eyelids, but that a better result might be obtained with a brow lift.

78.    [No allegation]

79.    States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79, except to admit that he had numerous conversations with plaintiff about these procedures and that she was advised that cosmetic surgery would not necessarily cure the hooding in her eyelids, but that a better result might be obtained with a brow lift.

80-81.    States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 80 and 81, except to admit that he advised plaintiff that a brow lift would require an incision across the top of her head with a resultant scar.

82-87.    States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 82, 83, 84, 85, 86 and 87, except to admit that he advised plaintiff that the incision would be zigzagged.

88-102.    Denies the allegations contained in paragraphs 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101 and 102.

103-107.    States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 103, 104, 105, 106 and 107, except to admit that, notwithstanding his concern, he agreed to perform a brow lift with the other procedures scheduled for December 6, 2000.

108-115.    Denies the allegations contained in paragraphs 108, 109, 110, 111, 112, 113, 114, 115 and 115(sic).

116.    States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116.

117.    Denies the allegations contained in paragraph 117.

118.    Denies the allegations contained in paragraph 118, except to admit that plaintiff gave consent for the brow lift.

119.    Denies the allegations contained in paragraph 119.

120.    Denies the allegations contained in paragraph 120, except to admit the he did not speak to plaintiff between December 3 and 6.

121-122.    Denies the allegations contained in paragraphs 121 and 122, except to admit that the discussion of the risks of a brow lift and plaintiff's consent to that procedure were not documented on a form.

123.    States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123, except to deny that there was an express agreement between him and plaintiff.

124-125.    Admits the allegations contained in paragraphs 124 and 125.

126.    Denies the allegations contained in paragraph 126, except to admit that he performed a septoplasty, rhinoplasty, blepharoplasty and brow lift on plaintiff and that each such procedure required an incision and altered tissue.

127.    States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127.

128-140.   Denies the allegations contained in paragraphs 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139 and 140.

141.     Denies the allegations contained in paragraph 141, except to admit that plaintiff was not awake during surgery.

142-145.   Denies the allegations contained in paragraphs 142, 143, 144 and 145.

146.     Denies the allegations contained in paragraph 146, except to admit that he was an employee of Yale University at all times alleged in the Complaint.

147.     Denies the allegations contained in paragraph 147.

148-157.   Denies the allegations contained in paragraphs 148, 149, 150, 151, 152, 153, 154, 155, 156 and 157, except to admit that he had a duty to act consistent with the applicable standard of care.

158-160.   Denies the allegations contained in paragraphs 158, 159 and 160, except to admit that defendants had a duty to act within the applicable standard of care.

161.     Incorporates his responses to paragraphs 1-160 as his response to paragraph 161.

162-195.   Denies the allegations contained in paragraphs 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194 and 195.

196.     Paragraph 196 does not contain an averment of fact to which an answer is required.

196.(sic)   Incorporates his responses to paragraphs 1-160 as his response to paragraph 196.

197.     Denies the allegations contained in paragraph 197.

8

198.    Denies the allegations contained in paragraph 198, except to admit that plaintiff had an absence of cartilage in the middle crus region of the nose and that this condition was congenital.

199-203.    Denies the allegations contained in paragraphs 199, 200, 201, 202 and 203.

204.    Denies the allegations contained in paragraph 204, except to admit that the rhinoplasty included the removal of tissue and the shaving of a bone to reduce the noticeability of a hump on the ridge of plaintiff's nose and to narrow the tip of her nose.

205- 226.    Denies the allegations contained in paragraphs 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225 and 226.

227-228.    Paragraphs 227 and 228 do not contain an averment of fact as to which an answer is required.

Respectfully Submitted,
DEFENDANT,
JOHN PERSING, M.D.

By: _____

Penny Q. Seaman (ct05813)
Kevin S. Budge (ct19097)
Wiggin and Dana LLP
P.O. Box 1832
New Haven, CT  06508-1832
Tel: (203) 498-4400
Fax: (203) 782-2889
Email: pseaman@wiggin.com
          kbudge@wiggin.com

## CERTIFICATION

This is to certify that on this 10th day of January 2005, a copy of the foregoing was sent via certified mail, return receipt requested and first class mail, postage prepaid, to the pro se plaintiff:

Lisa Egan, n/k/a Hadley Macpherson
P.O. Box 501
Lahaska, PA 18931

AND

Lisa Egan, n/k/a Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC  28270

Penny Q. Seaman

\487\5009\508156.1

10