# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| LISA EGAN, | : |
| | : |
| Plaintiff, | : |
| | : |
| | : CASE NO. 302CV1973 (JCH) |
| v. | : |
| | : |
| YALE MEDICAL GROUP, ET. AL | : |
| | : JANUARY 10, 2005 |
| Defendants. | : |
| | : |

---

## ANSWER

The defendant, Yale-New Haven Hospital, for its answer to plaintiff's January 24, 2004 Amended Complaint:

1-7.    States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 3, 4, 5, 6 and 7.

8.    Admits the allegations contained in paragraph 8.

9.    States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, except to admit that he is a resident of Connecticut.

10.    Admits the allegations contained in paragraph 10.

11.    Denies the allegations contained in paragraph 11, except to admit that Dr. Persing is employed by Yale University.

12.    Denies the allegations contained in paragraph 12, except to admit that Dr. Persing is employed at Yale-New Haven Hospital.

13-14.      States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 13 and 14.

15.      Admits the allegations contained in paragraph 15.

16.      Denies the allegations contained in paragraph 16.

17.      Admits the allegations contained in paragraph 17.

18.      Denies the allegations contained in paragraph 18, except to admit that Yale-New Haven Hospital, Inc. is a licensed general hospital that provides healthcare services at 20 York Street in New Haven, Connecticut.

19-20.      States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 19 and 20.

21.      [No allegation]

22-68.      States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67 and 68.

69.      Denies the allegations contained in paragraph 69, except to admit that the risks and benefits discussed by Dr. Persing and plaintiff were not specifically listed on the form.

70.      Denies the allegations contained in paragraph 70.

71.      States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71.

72.      Admits the allegations contained in paragraph 72.

73-77.      States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 73, 74, 75, 76 and 77.

78.        [No allegation]

79-120.    States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 115(sic), 116, 117, 118, 119 and 120.

121-122.    Denies the allegations contained in paragraphs 121 and 122, except to admit that the discussion of the risks of a brow lift and plaintiff's consent to that procedure were not documented on a form.

123.        States  that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123.

124-125.    Admits the allegations contained in paragraphs 124 and 125.

126.        States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126, except to admit that medical records indicate that a forehead plasty, bilateral upper lid blepharoplasty and septorhinoplasty were performed.

127.        States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127, except to admit that the operating room was scheduled for seven hours.

128-129.    Denies the allegations contained in paragraphs 128 and 129.

130-144.    States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143 and 144.

145.        Denies the allegations contained in paragraph 145.

146.    States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146, except to admit that Dr. Persing was an employee of Yale University at all times alleged in the Complaint.

147.    Denies the allegations contained in paragraph 147.

148.    Denies the allegations contained in paragraph 148, except to admit that Dr. Persing had a duty to act consistent with the applicable standard of care.

149.    Denies the allegations contained in paragraph 149.

150.    Denies the allegations contained in paragraph 150, except to admit that Dr. Persing had a duty to act consistent with the applicable standard of care.

151.    States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151.

152.    Denies the allegations contained in paragraph 152, except to admit that Dr. Persing had a duty to act consistent with the applicable standard of care.

153.    Denies the allegations contained in paragraph 153.

154.    Denies the allegations contained in paragraph 154, except to admit that Dr. Persing had a duty to act consistent with the applicable standard of care.

155.    States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 155.

156.    Denies the allegations contained in paragraph 156, except to admit that Dr. Persing had a duty to act consistent with the applicable standard of care.

157.    States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 157.

158.     Denies the allegations contained in paragraph 158, except to admit that defendants had a duty to act within the applicable standard of care.

159-160.   Denies the allegations contained in paragraphs 159 and 160.

161.     Incorporates its responses to paragraphs 1-160 as its response to paragraph 161.

162-174.   States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173 and 174.

175-176.   Denies the allegations contained in paragraphs 175 and 176.

177-195.   States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194 and 195.

196.     Denies the allegations contained in paragraph 196.

196.(sic)   Incorporates its responses to paragraphs 1-160 as its response to paragraph 196.

197-213.   States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212 and 213.

214.     Denies the allegations contained in paragraph 214.

215-226.   States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225 and 226.

227.     Denies the allegations contained in paragraph 227.

228.    Paragraph 228 does not contain an averment of fact as to which an answer is required.

Respectfully Submitted,
DEFENDANT,
YALE-NEW HAVEN HOSPITAL

By: _____
Penny Q. Seaman (ct05813)
Kevin S. Budge (ct19097)
Wiggin and Dana LLP
P.O. Box 1832
New Haven, CT  06508-1832
Tel: (203) 498-4400
Fax: (203) 782-2889
Email: pseaman@wiggin.com
       kbudge@wiggin.com

## CERTIFICATION

This is to certify that on this 10th day of January 2005, a copy of the foregoing was sent via certified mail, return receipt requested and first class mail, postage prepaid, to the pro se plaintiff:

Lisa Egan, n/k/a Hadley Macpherson
P.O. Box 501
Lahaska, PA 18931

AND

Lisa Egan, n/k/a Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC  28270


Penny Q. Seaman

\487\5009\505779.2

7