# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

## AT BRIDGEPORT

| | |
|---|---|
| **HADLEY MACPHERSON (EGAN)** | **NO. 3:02CV1973 JCH** |
| PLAINTIFF | |
| | **CIVIL ACTION** |
| VS. | |
| | **JUNE 23, 2005** |
| **DR. JOHN PERSING** | |
| and | **MEMORANDUM OF LAW** |
| **YALE NEW HAVEN HOSPITAL** | **IN SUPPORT OF PLAINTIFF'S** |
| and | **MOTION FOR RELIEF UNDER** |
| **YALE UNIVERSITY** | **RULE 60(b) FROM ORDERS** |
| DEFENDANTS | **GRANTING DEFENDANTS'** |
| | **MOTIONS FOR ENLARGEMENT** |
| | **OF TIME, AND MAY 9, 2005** |
| | **PRETRIAL ORDERS** |
| | |
| | **HEARING REQUESTED** |

# TABLE OF CONTENTS

Statement of the Issues Presented                                    8

Facts                                                               16

Legal Argument                                                      17

Table of Authorities                                                28

# MEMORANDUM OF LAW FILED IN SUPPORT OF MOTION FOR RELIEF UNDER 60(b) FROM ORDERS ENTERED ON DEC. 21, 2004, DEC. 28, 2004, AND JAN. 6, 2005 GRANTING DEFENDANTS MOTIONS FOR ENLARGMENTS OF TIME, AND FROM THE MAY 9, 2005 PRETRIAL ORDERS

This Memorandum of Law, attached Exhibits, and attached Affidavit of Hadley Macpherson, are filed in support of the plaintiff's Motion for Relief Under Rule 60(b) dated and filed June 22, 2005.

In her Motion for Relief Under Rule 60(b), the plaintiff respectfully requests relief from the Orders entered on December 21, 2004, December 28, 2004, and January 6, 2005, which granted the defendants' Motions for Enlargement of Time to file an Answer to the Amended Complaint, and from the Pretrial Scheduling Orders entered on May 9, 2005.

Under Rule 60(b) of the Federal Rules of Civil Procedure, relief from an Order may be granted if it is shown to be in the interest of justice to do so, and if it does not affect the substantial rights of the parties.

The events that occurred which are the subject of this Motion for Relief under Rule 60(b), events that derailed this case for nearly six months, left the plaintiff with no way to proceed without further detriment, and if not addressed and rectified, have further left the plaintiff stripped of her ability to fully and responsibly exercise her legal rights for the remainder of this case, are deserving of attention to prevent manifest injustice.

1

The loss suffered by what occurred is already prejudicial and substantive, as it not only translates into the probable defeat of the plaintiffs' claims, and loss of any damages that might have been won had the events at issue not occurred, but if complete, will translate into a judgment for attorney fees being rendered against the plaintiff, solely because of the hindrance borne.

The plaintiff wishes the Court to know that she brings this Motion reluctantly, and has tried to find any other possible way but this to respond to what occurred, as she is not unaware of the high burden to be met, and the cost to her case if a Motion such as this be viewed as a waste of the Courts time, or worse, taken to be an offense, or sign of disrespect.

The plaintiff brought her claims to the Federal Court in the belief that they were not frivolous but worthy. The plaintiff brings this Motion for Relief under Rule 60(b), with that same belief and integrity now.

The length of this Memorandum of Law, Exhibits, and Affidavit filed in support of the plaintiff's Motion for Relief Under Rule 60(b)s unfortunately necessary given the nature and number of events that occurred, the seriousness of the allegations against the individuals involved, the standard of proof needed to be met, and the law needed to be cited to satisfactorily support the plaintiff's claims and position.

Given what is at stake, the plaintiff would be remiss and irresponsible if she brought this Motion for Relief under Rule 60(b) with less than the specificity and substantiation legally and procedurally required for it to succeed.

The plaintiff's request for Relief under Rule 60(b), from the Orders entered on December 21, 2004, December 28, 2004, January 6, 2005, and May 9, 2005, is premised on the following four allowable criteria:

2

a)      Under Rule 60(b)(2)

New information has come to light which was not available prior to the Courts

granting of the defendants' "Motion for Enlargement of Time" dated

December 13, 2004, re-granting of that same Motion on December 28, 2004,

subsequent granting of the defendants' "Second Motion for Enlargement

of Time" dated December 30, 2004, and granting of the Pretrial Scheduling

Orders date May 9, 2005, information which speaks directly to the issue of

whether the Court's Orders dated December 21, 2004, December 28, 2004,

January 6, 2005, and May 9,2005, should be allow to stand.

b)      Under Rule 60(b)(3)

Further acts of fraud and misconduct previously unknown of by the plaintiff,

were committed by the attorneys for the defendants, acts directly connected to

their "Motion for Enlargement of Time" dated December 13, 2004, their

"Second Motion for Enlargement of Time" dated December 30, 2004, and

the Pretrial Scheduling Orders dated May 9, 2005, acts designed to hinder the

Plaintiff from fully exercising her Due Process Procedural Rights, and thereby

cause the infringement and chilling of her Due Process Substantive Right to a

fair adjudication of her case without hindrance and without prejudice.

c)      Under Rule 60(b)(4)

Due to the new information learned of, and acts of fraud and misconduct

newly discovered, the Orders granting the defendants their "Motion for

Enlargement of Time", "Second Motion for Enlargement of Time", and

3

Pretrial Scheduling Orders should be rendered Void, as the means by which

they were obtained violated the tenants of Due Process.

d)      <u>Under Rule 60(b)(6)</u>

The cumulative acts of the attorneys for the defendants, which violated

Rule 5, Rule 6, Rule 7, and Rule 11, of the Federal Rules of Civil Procedure,

as well as Local Civil Rule 1, Local Civil Rule 6, Local Civil Rule 7, Local

Civil 9, and Rules 3.3, 3.4, 3.5, 4.1, 5.1, 5.2, and 8.4 of the Rules

of                    Professional Conduct, warrant that the Orders dated December 21,

2004,               December 28, 2004, January 6, 2005, January 7, 2005, and May 9,

2005, be           vacated to prevent manifest injustice and preserve the integrity of the

courts.

Both the new information recently obtained by the plaintiff, and the further acts of

fraud and unethical behavior recently discovered which were connected to the defendant's

"Motion for Enlargement of Time" dated December 13, 2004, and "Motion for Enlargement

of Time" dated December 30, 2004, and Pretrial Scheduling Orders dated May 9, 2005,

which form the basis for this Motion for Relief Under Rule 60(b), are outlined with

particularity in the attached Memorandum of Law, attached Exhibits, and attached Affidavit

of Hadley Macpherson, and related in the precise chronological order that those acts and

events occurred, so that those pieces of new information and newly discovered fraudulent and

unethical acts can be seen in full and accurate chronological context, <u>without ambiguity as to</u>

<u>the timing of those acts, the circumstances under which they were committed, or their intent.</u>

4

The facts and circumstances as enumerated with specificity in the plaintiff's attached Memorandum of Law in Support of Plaintiff's Motion for Relief Under Rule 60(b), attached Exhibits, and attached Affidavit of Hadley Macpherson, evidence that the attorneys for the defendants deliberately violated Federal Rule 5, Rule 6, Rule 7, and Rule 11 , of the Federal Rules of Civil Procedure; Local Civil Rule 1,  Rule 6,  Rule 7, and  Rule 9  of the Local Civil Rules of the U.S. District Court; and the following Rules of Professional Conduct: Rule 3.3 Candor Toward the Tribunal;  Rule 3.4 Fairness to Opposing Party and Counsel; Rule 3.5 Impartiality and Decorum of the Tribunal;   Rule 4.1 Statements to Others; Rule 5.1 Responsibilities of a Partner or Supervisory Lawyer;  Rule 5.2 Responsibilities of a Subordinate Lawyer; and  Rule 8.4 Misconduct.

As a result of the deliberate actions taken by the attorneys for the defendants in connection with their filing of their Motions for Enlargement of Time to file their Answer to the Amended Complaint, their sending of letters to the Court off the record ex parte, and the further violations named above, the plaintiff was hindered from the full and timely exercise of her Due Process Procedural Rights, and denied the appropriate protection of her Due Process Substantive Rights, the sum of which resulted in the defendants obtaining substantive benefits from the Court, benefits unjust because of how they were obtained.

Regardless of whether a Motion or request has merit, if the deliberate suppression of the Due Process Rights of an adversary was involved in the filing, adjudication, or granting of that Motion or request, then any benefit gained from that filing, adjudication, or granting, is fruit of that suppression, and is void.

The prejudice suffered from the suppression of the plaintiff's Due Process Procedural Rights, and the resultant benefits obtained by the defendants from that suppression, warrants,

5

in the interest of justice, relief from the Orders dated January 21, 2004, and January 28, 2004,

which granted the defendants their "Motion for Enlargement of Time", the Order dated

January 6, 2005 which granted the defendants their "Second Motion for Enlargement of

Time", the Order dated January 7, 2005 which granted the defendants request to be allowed

to move forward despite those acts, and the Pre-Trial Scheduling Orders dated May 9, 2005

which assigned the case for Trial.

The Courts are interested in equity first, judicial economy second.

What is at stake here is not merely the substantive gain of an Enlargement of Time

for the defendants to file their Answer to the plaintiff's Amended Complaint, or a Trial

Schedule, but the immutable rights already granted to the plaintiff by the Due Process Clause

of the Fourteenth Amendment, rights protected by the operation and enforcement of the

Federal Rules of Civil Procedure and the Local Civil Rules of the United States District

Court of the District of Connecticut, rights which entitle the plaintiff to fair and equal process

under those Rules, without impermissible burden, whether or not  the plaintiff would ever

win her cause.

In the present case, due to the intentional acts of the defendants, no consideration,

fair or otherwise, was able to be given to the position of the plaintiff either prior to, or

subsequent to,  the Court's initial granting of the defendants "Motion for Enlargement of

Time" on December 21, 2004,  the re-granting of that same "Motion for Enlargement of

Time" on December 28, 2004, subsequent granting of the defendant's "Second Motion for

Enlargement of Time" on January 6, 2005, or granting of the defendants request for the Trial

Schedule entered on May 9, 2005.

6

The argument that the Court could have, or would have, granted the defendants their requests anyway, and perhaps even granted them ex parte, <u>cannot justify that ex parte granting after the fact</u>, once it is clear that events that occurred <u>before</u> those decisions to grant were ever made <u>denied the plaintiff any opportunity to receive anything but an ex parte result.</u>

To declare otherwise would be to state that the Court, <u>prior</u> to ever receiving the defendants Motions for Enlargement of Time, or ex parte letters, had <u>already decided that it wouldn't be interested in hearing the plaintiffs position regardless of the nature of the defendants Motion and letters,</u> and <u>regardless of the legitimacy of their foundation,</u> and that the plaintiff was never really entitled to Due Process or the protection afforded by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court of the District of Connecticut, rules which guarantee <u>that all litigants be given appropriate and timely notice, and a full and unhindered opportunity to be timely heard, whether the Court should ultimately decide to move forward without them or not.</u>

Further, to declare otherwise, would be to state that the Federal Court is <u>indifferent</u> to whether an attorney <u>deliberately ignores and violates</u> the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court of the District of Connecticut, and the Rules of Professional Conduct, <u>in order to intentionally cause the infringement and chilling</u> of an adversary's Due Process Procedural and Substantive Rights, and thereby thwart the fair administration of justice.

The plaintiff does not believe that either of those statements can be made, as the law does not support either of those statements.

As a citizen, and a litigant, the plaintiff was entitled to the benefits <u>already granted to her</u> by law under the Due Process Clause of the Fourteenth Amendment, the Federal Rules of

Civil Procedure, and the Local Civil Rules, and yet the plaintiff was consistently prevented

by the deliberate actions of the attorneys from the defendants, and the resulting Orders

then issued by the Court, from enjoying the benefits and protections afforded by

Federal Rule 1, Fed. Rule 5, Fed. Rule 6, Fed. Rule 7, Fed. Rule 8, Fed. Rule 9,

Fed. Rule 11, Fed. Rule 12, Fed. Rule 15, Fed. Rule 16, Fed. Rule 18, Fed. Rule 19, Fed.

Rule 20, Fed. Rule 26, Fed. Rule 29, Fed. Rule 30, Fed. Rule 31, Fed. Rule 32, Fed.

Rule 33, Fed. Rule 34, Fed. Rule 59(e), and Local Civil Rule 1, Local Civ. Rule 6, Local

Civ, Rule 7, Local Civ, Rule 9, Local Civ. Rule 11, Local Civ. Rule 13, Local Civ.

Rule 24, Local Civil Rule 31, Local Civil Rule 34, and Articles 1 Section 8 of the

Connecticut Constitution, and the Fourteenth Amendment of the United States Constitution.

Any substantive gain granted to the defendants amidst that level of cumulative denial

to the plaintiff, and amidst the character of that cumulative denial, can only be unjust.

## STATEMENT OF THE ISSUES PRESENTED

**1.    Defendants Inappropriately Filed "Motion for Enlargement of Time to Answer"**

**dated December 13, 2004**

Whether the attorneys for the defendants' failure to notify the plaintiff of their

intent to file their **"Motion for Enlargement of Time To Answer" dated December**

**13, 2004**, prior to its being filed, failure to make any attempt to obtain the plaintiff's

position on that Motion prior its being filed, failure to disclose the contents of that

Motion to the plaintiff prior to its being filed, <u>refusal to disclose the contents</u> of that

Motion <u>though directly asked to do so</u>, and <u>failure to timely mail</u> that Motion to the

plaintiff, caused the plaintiff to be <u>denied the opportunity to timely respond</u> to that

Motion <u>in the same manner, in as timely a manner, and with the same burden of</u>

<u>argument</u> as she could have had she had been properly and timely notified of that

Motion, and apprised of its contents, **prior** to its being filed and granted?


2.    **<u>Defendants' False Promise to Withdraw the "Motion of Enlargement of Time to</u>**

**<u>Answer dated December, 13, 2004"</u>**

Whether the attorneys for the defendants <u>making of a false promise to</u>

<u>immediately withdraw</u> their inappropriately filed **"Motion for Enlargement of**

**Time"** dated **December 13, 2004**, and re-file their Motion only after the plaintiff

was properly apprised of its contents and her position sought, <u>induced the plaintiff's</u>

<u>belief and reliance on the integrity of that promise</u>, and caused the plaintiff to <u>refrain</u>

<u>from taking any immediate defensive action</u> against the supposedly withdrawn

Motion until after she learned of it having been granted?


3.    **<u>Defendants' False Certification Attached to the Motion for Enlargement of Time</u>**

**<u>dated December 13, 2004.</u>**

Whether the attorneys for the defendants <u>signing and filing a false</u>

<u>Certification</u>, <u>swearing to an earlier date of mailing</u> of their "Motion for Enlargement

of Time" <u>than actually took place</u>, and <u>misrepresenting</u> to the District Court that the

9

plaintiff had <u>adequate notice and earlier notice</u> of their "Motion for Enlargement of

Time" than she actually had, <u>induced the Court's reliance</u> on that Certification,

<u>created a presumption of lack of opposition</u> to the Motion as a result, and denied the

plaintiff the time and <u>opportunity</u> allotted to her under the Federal Rules and Local

Civil Rules to exercise her Due Process Right to file an Objection to their "Motion of

Enlargement of Time" and <u>argue its merit prior to the Court's granting of that Motion</u>,

regardless of whether or not the Court would ultimately have chosen to wait for that

allotment of time to expire before deciding to grant the defendant's Motion?

**4.**    <u>**Defendants' Violation of Federal Rules 1, 5, 6, 7, and 11, and Local Civil Rules,**</u>

<u>**1, 6, 7, and 9 Pertaining to the Filing of their "Motion for Enlargement of Time**</u>

<u>**to Answer" dated December 13, 2004**</u>

Whether the actions of the attorneys for the defendants, described and named

above in Issues # 1, #2, and #3, were committed in <u>direct violation</u> of Federal Rules 1,

5, 6, 7, and 11, as well as in <u>direct violation</u> of Local Civil Rules 1, 6, 7, and 9?

**5.**    <u>**Infringement, Impermissible Burden to, and Chilling of the Plaintiffs Due**</u>

<u>**Process Rights as a Result of the Defendants Actions Surrounding the Filing of**</u>

<u>**the "Motion for Enlargement Of Time To Answer" Dated December 13, 2004.**</u>

Whether the actions of the attorneys for the defendants, described and

name above in Issues # 1, #2, #3 and #4, <u>caused the plaintiff to suffer an</u>

<u>impermissible burden to</u>, and <u>infringement of</u>, her Due Process Procedural and

Substantive Rights to <u>timely notice</u> of <u>all documents and matters</u> being litigated before the Court, <u>unhindered and timely access to all documents</u> being litigated before the Court, <u>equalopportunity to be heard on all matters</u> being litigated before the Court, <u>and opportunity to timely respond to all documents and matters</u> being litigated before the Court?

6.    <u>**Defendants Delivery and Use of Attorney Penny Seaman's Ex Parte Letter Dated December 28, 2004 to Privately Litigate the Interests of the Defendants and their Attorneys, Ex Parte and Off the Record**</u>

Whether the attorneys for the defendants delivery of **Attorney Penny Seaman's Letter dated December 28, 2004**, delivered to the Court ex parte and off the record, was used as the means to privately litigate the interests of the defendants, ex parte and off the record, as well as privately protect the interests and reputations of their attorneys off the record?

7.    <u>**Defendants Violation of Federal Rules 1, 5, 7, and 11, and Local Civil Rules 1, 6, 7, and 9, Pertaining to Delivery and Use of Attorney Penny Seaman's Exparte Letter Dated December 28, 2004**</u>

Whether the actions of the attorneys for the defendants, described and named above in Issue # 6, was committed in <u>direct violation</u> of Federal Rules 1, 5, 7, and 11, as well as in <u>direct violation</u> of Local Civil Rules 1, 6, 7, and 9,?

11

8.  **Infringement, Impermissible Burden to, and Chilling of the Plaintiffs Due Process Rights as a Result of the Defendants Delivery and Use of Attorney Penny Seaman's Ex Parte Letter Dated December 28, 2004**

Whether the actions of the attorneys for the defendants, described and named above in Issues # 6, and #7, <u>caused the plaintiff to suffer an impermissible burden to</u>, and <u>infringement of</u>, her Due Process Procedural and Substantive Rights to <u>timely notice</u>, <u>unhindered and timely access</u> to <u>all documents and matters</u> being litigated before the Court, <u>public disclosure of all documents and matters</u> being litigated before the Court, <u>opportunity to be heard on all matters</u> being litigated before the Court , and <u>opportunity to timely respond</u>    to all documents and matters being litigated before the Court?

9.  **Defendants Inappropriately Filed "Second Motion for Enlargement of Time to Answer" dated December 30, 2004**

Whether the attorneys for the defendants' <u>failure to notify</u> the plaintiff of their intent to file their **"Second Motion for Enlargement of Time To Answer" dated December 30, 2004**, prior to its being filed, failure to make any attempt to obtain the the plaintiff's position on that Motion prior its being filed, <u>failure to disclose the contents</u> of that Motion to  the plaintiff prior to its being filed, and <u>continued refusal to disclose the contents of that Motion to the plaintiff prior to its being filed</u>, caused the plaintiff to be <u>denied the opportunity to timely respond</u> to that Motion <u>in the same manner, in as timely a manner, and with the same burden of argument</u> as she could

12

have if she had been properly and timely notified of that Motion, and apprised of its contents, **prior** to its being filed and granted?

10.  **Defendants' Violation of Federal Rules, 5, 6, 7, and 11, and Local Civil Rules, 1, 6, 7, and 9 pertaining to the filing of their "Second Motion for Enlargement of Time to Answer" dated December 13, 2004**

Whether the actions of the attorneys for the defendants, described and named above in Issues # 9, were committed in <u>direct violation</u> of Federal Rules 1, 5, 6, 7, and 11, as well as in <u>direct violation</u> of Local Civil Rules 1, 6, 7, and 9?

11.  **Infringement, Impermissible Burden to, and Chilling of the Plaintiffs Due Process Rights as a Result of the Defendants Actions Surrounding the Filing of the "Motion for Enlargement Of Time To Answer" Dated December 13, 2004.**

Whether the actions of the attorneys for the defendants, described and named above in Issues # 9 and # 10, <u>caused the plaintiff to suffer an impermissible burden to</u>, and <u>infringement of</u>, her Due Process Procedural and Substantive Rights to timely notice, <u>unhindered and timely access to all documents and matters presently being litigated</u> before the Court, <u>opportunity to be timely heard</u>, <u>and opportunity to timely respond</u>?

**12.    Defendants Delivery and Use of Attorney Kevin Budge's Ex Parte Letter Dated April 13, 2005 to Privately Litigate the Interests of the Defendants and their Attorneys, Ex Parte and Off the Record**

Whether the attorneys for the defendants delivery of **Attorney Kevin Budges letter dated April 13, 2005,** delivered to the Court ex parte and off the record, was used to criticize and discredit the plaintiff, and privately litigate and defend the interests of the defendants, ex parte and off the record, and obtained the substantive benefit of a Trial absent a Discovery phase, and denying the plaintiff the full opportunity to properly enjoy the use of the Federal Rules in order to prosecute her claim ?

**13.    Defendants Violation of Federal Rules 1, 5, 7, and 11,  and Local Civil Rules 1, 6, 7, and 9, Pertaining to Delivery and Use of Attorney Kevin Budge's Exparte Letter Dated April 13, 2005**

Whether the actions of the attorneys for the defendants, described and named above in Issue # 12, was committed in direct violation of Federal Rules 1, 5, 7, and 11, as well as in direct violation of Local Civil Rules 1, 6, 7, and 9,?

**14.    Infringement, Impermissible Burden to, and Chilling of the Plaintiffs Due Process Rights as a Result of the Defendants Delivery and Use of Attorney Keving Budge's Ex Parte Letter Dated April 13, 2005**

Whether the actions of the attorneys for the defendants, described and named above in Issues # 12, and # 13, <u>caused the plaintiff to suffer an impermissible burden to</u>, and <u>infringement of</u>, her Due Process Procedural and Substantive Rights to <u>timely notice</u>, <u>unhindered and timely access</u> to <u>all documents and matters</u> being litigated before the Court, <u>public disclosure of all documents and matters</u> being litigated before the Court, <u>opportunity to be heard on all matters</u> being litigated before the Court , and <u>opportunity to timely respond to all documents and matters</u> being litigated before the Court?

15.    <u>**Defendants Violations of the Rules of Professional Conduct**</u>

Whether the actions of the attorneys for the defendants, described and named above in Issues # 1 though # 14, were committed <u>in direct violation</u> of Rules 3.3 <u>Candor Toward the Tribunal</u>;  Rule 3.4 <u>Fairness to Opposing Party and Counsel</u>; Rule 3.5 <u>Impartiality and Decorum of the Tribunal</u>;   Rule 4.1 <u>Statements to Others</u>;  Rule 5.1 <u>Responsibilities of a Partner or Supervisory Lawyer</u>;  Rule 5.2 <u>Responsibilities of a Subordinate Lawyer</u>; and  Rule 8.4 <u>Misconduct</u>.

16.    <u>**Infringement, Impermissible Burden to,  and Chilling of the Plaintiffs Due Process Rights as a Result of the Defendants Violation of the Rules of Professional Conduct**</u>

Whether the violations of the Rules of Professional Conduct as described and named above in Issues # 1 through 15, caused the plaintiff to suffer an

15

impermissible burden to, and infringement of her Due Process Procedural and

Substantive Rights that chilled the plaintiffs exercise of her Due Process Rights,

and hindered her ability to litigate her case in the manner she would have wished had

that chilling not occurred?

17.    **Advantage Gained by the Defendants, and Prejudice Suffered by Plaintiff**

Whether the actions of the attorneys for the defendants, as described and

named above in Issues #1 through # 16, resulted in the defendants obtaining a

substantive benefit and a substantive advantage, and in the plaintiff suffering a

substantive prejudice and loss to the free exercise of her Due Process Right,

the loss of the opportunity to exercise a  Discovery Phase before Trial, a phase needed

For any litigant to prosecute the plaintiffs claims, the loss of the ability to complete

certain Trial procedures within the time frame set by the Trial Schedule in place?

## FACTS

In the interest of space and judicial economy, the plaintiff attaches this document to

the plaintiff's Motion for Relief Under Rule 60(b), so that the Facts portion of that Motion

does not need to be re-stated here but only attached by reference.

16

# **LEGAL ARGUMENT**

Under Rule 60(b) relief may be granted from a final judgment, order, or proceeding. [Fed. R. Civ. P. 60(b)].

Although under the Law of the Case Doctrine, the court generally follows its prior interlocutory order in a case, it may reconsider those orders where there has been intervening change in controlling law, new evidence, or need to correct clear error of law or to prevent manifest injustice.  Rule 60(b)  In re Stanley, 185 B.R. 417 Bkrtcy. D.Conn

Rule 60,  authorizing a court to correct mistakes in judgments for any reason justifying relief gives abroad equitable powers and vests power adequate to enable courts to vacate judgments whenever such action is appropriate  to accomplish justice.  James Blackstone Memorial Ass'n. v. Gulf, M.& O. R. Co., 28 F.R.D. 385.

Further, the use of Rule 60 for  providing for relief from final orders is properly involved where there are extraordinary circumstance or where judgment may work extreme or undue hardship, and where other more specific subsections of rule are inapplicable .

The standard for granting a Motion for Relief or Reconsideration involves among other things, matters the court overlooked, or matters that might reasonably be expected to alter the conclusion reached by the court.  Philbrick v. University of Connecticut. 51 F.Supp. 2d 164  D.Conn.

In deciding the plaintiff's Motion for Reconsideration, the Court is really being asked to decide whether the plaintiff, in the interest of justice and due process, should have been

notified of pending Motions for Enlargement of Time, and allowed the opportunity to speak against those Motions prior to their being granted, and whether that denial of notice and speech constitutes a jurisdictional defect of a such degree that necessarily demands, in the interest of justice and due process, the vacating of the Orders those Motions for Enlargement of Time regardless of whether those Orders would be ultimately granted again if they were re-filed.

It is indisputable that all Motions that are filed with the Federal Court are to be filed in accordance with Rule 5, Rule 6, Rule 7, Rule 11 and Rule 12 of the Federal Rules of Civil Procedure, and Rule 5, 6, 7, and 9 of the Local Civil Rules of the District of Connecticut. [ Fed. R. Civ. P. 5, 6, 9, and 11, and Loc. Civ. R. 5, 6, 7, and 9.]

It is also indisputable that Attorneys, as officers of the court, have a legal and ethical duty to adhere to, and comply with the mandates of the Federal Rules Civil of Civil Procedure and Local Civil Rules when filing Motions for Enlargements of Time, and therefore have a legal and ethical duty to comply with the filing mandates of Federal Rules 5, 6, 7, 11, and Local Civil Rules 5, 6, 7, and 9. [ Rules of Professional Conduct ]

In this present case, the attorneys for the defendants failed to follow, or deliberately ignored the filing mandates of Federal Rules 5, 5, 7, 11, and 12 as well as the filing mandates of Local Civil Rules 5, 6, 7, and 9 when filing their Motions for Enlargements of Time.

The attorneys for the defendants deliberately chose not to contact the plaintiff prior to the filing of their Motions of Enlargement of Time, not to apprise her of the contents and basis of those Motions, and not to obtain her position on those Motions.

The attorneys for the defendants further signed a false Certification, claiming to have

18

mailed by method of Certified Mail, their "Motion for Enlargement of Time" dated

December 13, 2004, on that very date of December 13, 2004, when in fact the "Motion for

Enlargement of Time" was not mailed out by Certified Mail until three days later, on

December 16, 2004.

The attorneys for the defendants therefore ignored the plaintiff, and disregard her right

to an equal opportunity to be noticed and heard on all matters pending before the Court, and a

timely opportunity to be noticed and heard on all matters pending before the Court..

In doing so, the defendants were assured of a private audience, and a one sided

hearing on their requests to be given  more time to answer the plaintiffs Amended Complaint.

The Court, when receiving the defendants Motions for Enlargements of Time,

presumed that the attorneys for the defendants, as officers of the Court, had honored their

duty to adhere to the Federal Rules of Civil Procedure and the Local Civil Rules when filing

those Motions for Enlargements of Time..

The Court presumed therefore  that the attorneys for the defendants had followed

Local Civil Rule 9,  and notified the plaintiff of their intent to file a request for an

Enlargement of Time prior to the filing of their motion, as well as notified the plaintiff of the

basis of that request, and asked the plaintiff if she were opposed or in agreement to that

request.

As the defendants "Motion for Enlargement of Time" made no mention of having

done otherwise, the Court was entitled to believe that proper procedure had been followed,

and that the plaintiff had been given appropriate notice, a notice which would cause her to

immediately respond if she were in opposition to any one of the defendants four "Motion for

Enlargement of time."

Further, the Court, naturally and rightly relies on the Certifications attached to the last page of all Motion filed in Federal Court, as Rule 11 prohibits any act of fraud or deceit, particularly involving the signing of any Motions, Pleadings, or Affidavits.

The Court, when receiving Motions for Enlargements of Time, presumes that attorneys, as officers of the Court, have honored their duty to adhere to Rule 11 when signing their Certifications as to the date of mailing, and are committing no falsehood, a presumption that induces reliance on the part of Court, that the document in question has been mailed or served on the opposing party on the date sworn to..

The Court presumed therefore that the attorneys for the defendants had followed Fed. R. Civ. P. 11 and mailed the plaintiff a copy of their "Motion for Enlargement of Time" dated December 13, 2004, on the date stated.

Therefore the Court relied on the Certification attached to the last page of the "Motion for Enlargement of Time" dated December 13, 2004, a certification that swore that the motion had been mailed to the plaintiff by the method of certified mail, on December 13, 2004, a mailing of which would have given the plaintiff ample notice and time to respond in opposition to the "Motion for Enlargement of Time" contained within, if she were in fact opposed.

The Court would have had no reason to disbelieve the date sworn to in the Certification, as Attorney Kevin Budge signed the Certification himself, and a false signing of such a certification is a direct abrogation of his duty to be truthful as an officer of the Court, and cause for discipline, suspension or disbarment, depending on the degree of intent involved in the falsity.

The Court's reliance on Attorney Kevin Budge's signature, and claim that he had

20

mailed the plaintiff her copy of the "Motion for Enlargement of Time" on December 13, 2004 caused the Court to begin counting earlier the number of days that the plaintiff would have had to respond, and caused the Court to believe that the plaintiff did not wish to respond or was unopposed to the defendants request for more time to file and Answer to the plaintiff's Amended Complaint.

As the "Motion for Enlargement of Time" dated December 13, 2004, was the most substantive and determining Motion for Enlargement of Time filed by the defendants, as it was filed out of time, being filed after 46 days of unexplained silence and lack of response.

The Motion itself made no excuse or explaination for that 46 days of silence, and therefore was more likely to be argued against had the plaintiff been afforded the opportunity to do so before it was granted, an argument that had the potential to alter the course of the case.

The defendants therefore, in ensuring that the plaintiff would not receive her copy of the "Motion for Enlargement of Time" dated December 13, 2004 until long after the Court already was deciding on the Motion, was increasing the chances that the plaintiff, in North Carolina, could not timely respond even if she learned of the existence of the Motion prior to receiving her copy too late.

Regardless of how the Court might have acted had the attorneys for the defendants complied with the Federal Rules of Civil Procedure and Local Civil Rules, a one sided hearing renders the judgment borne from it, ex parte, and creates a jurisdictional defect that renders that judgment void.

Failure to give proper notice creates a jurisdictional defect and results in lack of Due Process.  Hartford Elec. Light. Co. v. Water Resources Commission, 291 A.2d 721, 162

Conn. 89 (1971)

It is a fundamental premise of Due Process that the Court cannot adjudicate a matter until the parties directly concerned have been notified of its pendency and given a reasonable opportunity to be heard in sufficient time to prepare their positions on issues involved. C.G.S.A. 46b-9, 46b-66, 46b-81(c), 46b-82, U.S.C.A. Const. Amen. 14. Mulane vs. Central Hanover Bank and Trust Co., 339 U.S. 306, 313,70 S.Ct. 652, 656-657, 94 L. Ed. 865, 873 (1950). Costello v. Costello, 443 A.2d 1282, 186 Conn. 773. (1982)

Unless the Court has determined that the plaintiff has lost the right to be notified prior to the filing of an Motion for Enlargement of Time by the defendants, lost the right to be given an opportunity to timely respond to Motions of Enlargement of Time, lost the right to be consulted on Motions for Enlargements of Time, lost the right to be served with an honest Certification, and lost the right to not be defrauded by a false promise to withdraw a Motion for Enlargement of Time admittedly known and confessed to have been illegitimately filed, then the Court must uphold the plaintiffs right to be notified prior to the filing of any "Motion fro Enlargement of Time", to be mailed that motion in a timely manner with an honest Certification, to be given the opportunity to timely respond, and to not be defrauded by promises of a withdrawal of motion when it is found to have been illegitimately pursued.

In the alternative, a determination by the Court that the plaintiff has lost the rights and opportunities granted to her by the Due Process Clause of the Fourteenth Amendment, rights defined and delineated by the imposition of the Federal Rules of Civil Procedure, would be a determination that admits that an unjust benefit has been granted the defendants, as they have lost no opportunity to speak on or be informed of Motions in a timely fashion, have suffered no impairment to their procedural rights, and have actually gained substantive advantage.

It stands to reason therefore, that even if the Court would eventually rule in favor of an extension being granted to the defendants, the Court has a duty to weigh heavily the impact on the rights of all parties in all allowing the present Order for extension of time to stand, and the plaintiff given deference in the balance, since the errors and actions that occurred which directly caused the Court to initially rule on the "Motion for Enlargement of Time", without consideration of the plaintiff thoughts or position, were the actions and errors of the defendants.

Failure to weigh all factors that arise in a particular case may be an abuse of discretion. Reid-Walen v. Hansen, 933 F.2d 1390, 1393 (8th Cir. 1991)

Private interest factors are generally considered more significant than public factors, but both kinds should be weighed. Leon v. Millon Air, Inc., 251 F.3d 1305 (11th Cir. 2001).

In this case, to not weigh the detriment suffered to the plaintiffs due process procedural rights, would be unjust, as it would nullify the purpose and intent of all existing Federal Rules regarding the filing of Motions, requests for Enlargements of Time, signatures swearing to the truthfulness and accuracy of Certifications, and the duty imposed upon all attorneys requiring them to behave ethically when filing motions in Court, all of which, in total, would result in a nullification that would demonstrate complete indifference to the plaintiff's right to an equitable adjudication of her case.

A Courts interest in its own right to grant motions in the furtherance of judicial economy, does not supercede the Courts interest in protecting the constitutional entitlement of all parties to a fair and equal disposition of their case, on fair and equal grounds, and given fair and equal process.

23

Lastly, the core of due process is the requirement for impartial tribunal. U.S.C.A. Const, Amend. 14. <u>Rado v. Board of Educ. Of Burough of Naugatuck</u>, 583 A.2d 102, 216 Conn. 541 (1991).

The attorneys for the defendants however have engaged in a practice that undermines that tenant.

Since the filing of their four "Motions of Enlargement of Time" , and learning of the plaintiff's being upset that she was not given appropriate notification or timely notification of those Motions before they were filed and granted, the attorneys for the defendants have begun sending letters to the Court, off the record, as a means to argue their interests, and the interest

Attorney Penny Seaman delivered her ex parte letter to the Court, dated December 28, 2004, and received the benefit she sought from her request in that letter, that being grace for her own and Attorney Kevin Budge's bad acts which they readily admitted to, and a Scheduling Conference to move the case ahead without any risk that the "Motion for Enlargement of Time" dated December 13, 2004 would be vacated, because of the unethical acts committed by the attorneys for the defendants in asssociation with the filing of that Motion, a vacation that would opened the door for a possible default being rendered against the defendants.

Attorney Kevin Budge delivered his ex parte letter to the Court, dated April 13, 2005, and received the benefit that he sought also, which was a date for Trial and Petrial Schedule that made no allowance for an stage Discovery.

As there has been no stage of Discovery yet in the case, no depositions, no Requests for Admissions, and no Interrogatories mailed between the parties as Discovery had not yet

24

formally begun, an the defendants told the plaintiffs that she was forbidden to do any discovery until it was formally begun.

After each one of the attorneys letters sent privately to the Court, the defendants have obtained a decision that benefited them, without the plaintiff ever being given notice of the conversation taking place until after it is already over and done with, without the plaintiffs presence, or voice, and out of hearing of the plaintiff.

The plaintiff has been each time only sent "cc" a letter which is supposedly a copy, but always long after the fact, and each time leaving the plaintiff with no ability to verify what was actually stated to the Court, as the Court's copy was never placed on the record or into the docket.

The plaintiff is entitled to expect that all communications with the Court be filed through the District Court Clerk's office, or that if any communication is sent firs to the Court, that it be immediately filed in the Clerk's office so that the plaintiff is given a timely opportunity to respond to that which is argued on the open and public record.

Once an ex parte communication is proved to have taken place, a presumption of prejudice arises. C.G.S. 4-181; Code of Judicial Conduct, Canon 3A(4)

The only reason for the defendant sending their letters privately to the Court, is to have their requests heard, and measured, privately.

The plaintiff, in seeking relief from the Orders granting the defendants their Motions for Enlargements of Time, and the Pretrial Orders of May 9, 2005, is not seeking to gain an advantage over the defendants.

It is the defendants who have already gained the advantage over the plaintiff, both in statement and substance.

25

The plaintiff is merely trying to gain back the fair opportunity she once enjoyed to fully and adequately argue her position prior to the granting of any motion, whether it be a "Motion for an Enlargement of Time" or any other Motion, without the undue burden of having to do it after the fact by the filing of a Motion for Reconsideration under 59(e) or a Motion for Relief under 60(b), both of which are an added burden unfairly brought about by the actions of the attorneys for the defendants. It is not they who have spent the past ~~week~~ months and ~~over~~ Christmas, working to take back their due process rights.

The plaintiff is entitled to win or lose her case on the merits. If she should lose because she is appearing pro se, and is therefore not up to the task, that is fair. If she should lose because the defendants legitimately obtain an Enlargement of Time at a later date, then that is fair. If she should lose however, because impediments to her rights were deliberately placed in her path, impediments which she had no means to overcome, and should not have had to overcome, then that is unjust.

**Wherefore**, the plaintiff respectfully requests that the Orders dated December 21, 2004, December 28, 2004, January 6, 2005, January 7, 2005 and May 9, 2005, be vacated to prevent manifest injustice, as the circumstances under which they were obtained violated the tenants of Due Process, and caused infringement and chilling of the plaintiffs' Due Process rights, an infringement and chilling that renders those Orders Void as a matter of law.

The plaintiff further respectfully requests that she be afforded the opportunity to file the documents she would have filed had the events which are the subject of this Motion not occurred, and that the Trial Schedule be altered to actual the parties actual ability and time to exercise their pre-trial and discovery rights under the Federal Rules of Civil Procedure

26

Respectfully Submitted

Hadley Macpherson

2015 McKenzie Creek Drive

Charlotte, NC 28270

(704) 675 - 5252

# TABLE OF STATUTES

In re Stanley, 185 B.R. 417 Bkrtcy. D.Conn ……………………………….......................17

James Blackstone Memorial Ass'n. v. Gulf, M.& O. R. Co., 28 F.R.D. 385. ................17

Philbrick v. University of Connecticut. 51 F.Supp. 2d 164  D.Conn. ……………………17

Hartford Elec. Light. Co. v. Water Resources Commission, 291 A.2d 721, 162 Conn….. 21
89.(1971)

Mulane vs. Central Hanover Bank and Trust Co., 339 U.S. 306, 313,70 S.Ct. 652, ……….22
656-657, 94 L. Ed. 865, 873 (1950).

Costello v. Costello, 443 A.2d 1282, 186 Conn. 773. (1982)…………………………….. 22

Costello v. Costello, 443 A.2d 1282, 186 Conn. 773. (1982)…………………………….....23

Leon v. Millon Air, Inc., 251 F.3d 1305 (11th Cir. 2001). …………………………….....23

Rado v. Board of Educ. Of Burough of Naugatuck, 583 A.2d 102, 216 Conn. 541 (1991).  24

# CERTIFICATION

This is to certify that a copy of the foregoing has been delivered by courier this morning, June 23, 2005, to Attorney Penny Seaman, of Wiggins and Dana, 265 Church Street P.O. Box 1832, New Haven Connecticut, 06508 - 1832..

Plaintiff Pro Se

Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC  28270
(704) 675 - 5252