# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

FILED

2005 JUN 23 P 3: 11

U.S. DISTRICT COURT
BRIDGEPORT, CT

## AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | NO. 3:02CV1973 JCH |
| PLAINTIFF | |
| | CIVIL ACTION |
| VS. | |
| | JUNE 23, 2005 |
| DR. JOHN PERSING | |
| and | AFFIDAVIT OF PLAINTIFF |
| YALE NEW HAVEN HOSPITAL | HADLEY MACPHERSON |
| and | FILED IN SUPPORT OF |
| YALE UNIVERSITY | MOTION FOR RELIEF UNDER |
| DEFENDANTS | RULE 60(b) FROM ORDERS |
| | GRANTING DEFENDANTS' |
| | MOTIONS FOR ENLARGMENT |
| | OF TIME, AND MAY 9, 2005 |
| | PRETRIAL ORDERS |

# AFFIDAVIT OF HADLEY MACPHERSON

## IDENTITY AND ADDRESS

1. My name is Hadley Macpherson.

2. I am over the age of 18 years old.

3. I currently reside at 2015 McKenzie Creek Drive, Charlotte, North Carolina, 28270.

## "MOTION FOR ENLARGEMENT OF TIME" DATED SEPTEMBER 13, 2004

4. The attorneys for the defendants made no attempt to contact me prior filing their "Motion for Enlargement of Time" dated September 13, 2004, to inform me of their intention to request rhat enlargement of time, to apprise me of the basis for their request, or to obtain my position on their request.

5. I did not learn of the "Motion for Enlargement of Time" dated September 13, 2004, until after it had already been granted on September 17, 2004.

1

**"MOTION FOR ENLARGEMENT OF TIME" DATED SEPTEMBER 13, 2004**

6. The attorneys for the defendants made no attempt to contact me prior to filing their "Motion for Enlargement of Time" dated September 30, 2004, to inform me of their intention to request an enlargement of time, to apprise me of the basis for their request, or to obtain my position on their request.

7. I did not learn of the defendants "Motion for Enlargement of Time" dated September 30, 2004 until October 5, 2004, the day before it was granted.

**"MOTION FOR ENLARGEMENT OF TIME" DATED DECEMBER 13, 2004**

8. The attorneys for the defendants made no attempt to contact me prior to filing their "Motion for Enlargement of Time" dated December 13, 2004, to inform me of their intention to request an enlargement of time, to apprise me of the basis for their request, or to obtain my position on their request.

9. I did not learn of the "Motion for Enlargement of Time" dated December 13, 2004, until the afternoon of December 20, 2004, the day before it was granted, when I was informed of its existence by

2

the Clerk's office.

10. As of the afternoon of December 20, 2003, I had not received any Copy of the "<u>Motion for Enlargement of Time</u>" dated December 13, 2004.

11. On December 20, 2004, immediately after learning of the "Motion for Enlargement of Time" dated December 13, 2004, I telephoned the office of Attorney Penny Seaman at 3:54 pm, to ask her to apprise me of its contents and basis for the request.

12. As Attorney Penny Seaman's secretary told me that she was not available, I left a message for her to immediately call me, informing her that I needed to be apprise of the contents of the "Motion for Enlargement of Time" dated December 13, 2004, and the basis for the request, in order to know whether to consent to the Motion or oppose the Motion.

13. When I did not hear from Attorney Penny Seaman, I telephoned her office again, at 4:36 pm, at which time Attorney Penny Seaman answered the phone herself.

14. I immediately asked Attorney Penny Seaman whether she had gotten my message and knew why I was calling, to which she said she had not.

3

15,  I told Attorney Penny Seaman that I had only just learned of the existence of the defendant's "Motion for Enlargement of Time" dated December 13, 2004 from the clerks office, and that I did not yet have a copy of the Motion and had not seen it.

12.  I told Attorney Penny Seaman that I should have been contacted prior to the filing of their "Motion for Enlargement of Time" dated December 30, 2004, apprise of its contents, and asked for my position on the Motion, to which Attorney Penny Seaman responded with "You're right," but to which she offered no explanation for why the plaintiff had not been Properly informed and contact.

13.  I then asked Attorney Penny Seaman to tell me what was in the "Motion for Enlargement of Time" dated December 13, 2004, and apprise me of the basis for the request so that I could ascertain whether I should consent or oppose the Motion while their still time to do so, as the Court had not yet granted the Motion.

14.  Attorney Penny Seaman told me she did not know what the contents was of the "Motion for Enlargement of Time" dated December 13, 2004, that she was not the one who drafted the Motion, and that she did not know who had drafted the Motion, or who had filed the Motion, so she could

4

not answer any questions about the Motion.

15. I then asked Attorney Penny Seaman to just read the "Motion for Enlargement of Time" dated December 13, 2004 over the phone to me, which Attorney Penny stated that she did not have a copy of the Motion in front of her.

16. I then asked Attorney Penny Seaman to find the "Motion for Enlargement Of Time" dated December 13, 2004, as the Court might decide the issue at any Moment, and I needed to know what was in the Motion in order ascertain whether the request was worthy of consent, or should be opposed.

17. Attorney Penny Seaman, then stated that she couldn't find the "Motion for Enlargement of Time" dated December 13, 2004, at that moment, and asked if she could call me back some time later with the information.

18. I told Attorney Penny Seaman to please call me back right away, as it was almost 5:00 pm, and that since the Court had had the "Motion for Enlargement of Time" in front of it for a week already, there was only a slim window of opportunity left by which I could respond to the Motion if I needed to.

19. I told Attorney Penny Seaman that I needed to get to the Post Office, but that she could phone me right back and leave the information on my voicemail, or read the Motion into my voicemail.

20. Attorney Penny Seaman promised to call me immediately back in Just a few minutes, and that she would relate the information request On the plaintiffs voicemail, or read the Motion into the voicemail.

21. I asked Attorney Penny Seaman again to assure me that she would call me right back with the content of the "Motion for Enlargement of Time" Dated December 13, 2004, and the reason for the defendants request, and each time I asked for that assurance, Attorney Penny Seaman promised that she would honor her word.

21. I went to the Post office, and when I returned I found a message on my voicemail from Attorney Kevin Budge instead of from Attorney Penny Seaman.

22. I have a recording of Attorney Kevin Budge's message left on my voicemail at 5:02 pm on the afternoon of December 20, 2004.

23. Attorney Kevin Budge, in his voicemail message, stated that he was Calling on behalf of Attorney Penny Seaman.

24. Attorney Keving Budge stated that I was right, and that a mistake had been made, that I should have been notified of the "Motion for Enlargement of Time" prior to its being filed, apprised of its contents, and asked for my position on the Motion..

25. Attorney Kevin Budge then stated that as a result, the attorneys were going to immediately withdraw their "<u>Motion for Enlargement of Time" dated December 13, 2004</u>, and would re-file their "Motion for Enlargement of Time" with a new date, and after obtaining my position on the Motion. the Motion.

26. Attorney Kevin Budge then asked that I phone him back and let him know on his voicemail, whether I consented or opposed the defendant's request request for an enlargement of time, but Attorney Kevin Budge did not say what the basis for the request for enlargement of time was, or why the defendants needed it.

27. After listening to Attorney Kevin Budge's message left, I immediately telephoned Attorney Penny Seaman to again attempt to find out what was contained in the "Motion for Enlargement of Time" dated December 13, 2004, as I could not make a determination on consent without be apprised of the reason for the request for the enlargement of time, and the nature

7

of that request.

28. When I called Attorney Penny Seaman's Office at 6:12 pm, Attorney Penny Seaman did not pick up, so I hung up and immediately tried Attorney Kevin Budge's line at 6:12 pm that same evening of December 20, 2004, to which I only got his voicemail.

29. At that time, I left a message on Attorney Kevin Budge's voicemail asking that he immediately telephone me back that same night or the next morning, to apprise me of the contents of the "<u>Motion for Enlargement of Time</u>" dated <u>December 13, 2004,</u> that he was going to re-file, so that I could make an informed decision on the consent issue.

30. After hanging up, I then immediate telephoned Attorney Penny Seaman's voicemail, explained that Attorney Kevin Budge had telephoned me and left me a message promising me that the "<u>Motion for Enlargement of Time</u>" <u>dated December 13, 2004 </u>was going to be withdrawn and refiled, but that Attorney Kevin Budge had neglected to disclose the contents of that Motion for Enlargement of Time, and had left the information that Attorney Penny had promised me would be left.

31. At that time, I asked Attorney Penny Seaman to e immediately telephone me back that same night or the next morning, to apprise me of the contents of the

8

"Motion for Enlargement of Time" dated December 13, 2004, that was going to be re-filed, so that I could make an informed decision on the consent issue.

32. Neither Attorney Penny Seaman, nor Attorney Kevin Budge telephoned me back that evening or on the morning of the following day, December 21, 2004.

33. Attorney Penny Seaman and Attorney Kevin Budge never returned my phone calls, never contacted me ever again, and as of this date, we have never spoken to each other since the afternoon of December 20, 2004. Neither has Attorney Bonnie Paten or William Craven spoken to the plaintiff since then either.

34. On the afternoon of December 23, 2005, two days after the Court had already granted the "Motion for Enlargement of Time" dated December 13, 2004, at just after noon, the postman finally delivered a certified envelope to me which contained a copy of the the "Motion for Enlargement of Time" dated December 13, 2004.

35. It was then that I saw that though the "Motion for Enlargement of Time" Had a cover date of December 13, 2204, and a Certification date of December 13, 2004 attached to the back of it, the certified mail envelope Testified that the "Motion for Enlargement of Time" dated December

9

13, 2004, had not actually been put in the mail to me, until three days later, on December 16, 2005, which explained why I was receiving

## **ATTORNEY PENNY SEAMAN'S DECEMBER 28, 2004 LETTER**

35.   At no time has Attorney Penny Seaman, Attorney Kevin Budge, Attorney William Craven, or Attorney Bonnie Patten ever contacted me to apologize for neglecting to notify me prior to any of their Motions for Enlargement of Time, or for their failing to Withdraw the "Motion for Enlargement of Time" dated December 13, 2004 though having me they would do so.

36..   Other than when I had previously telephoned them asking them for their consent for any Enlargements of Time I sought, the attorneys for the defendants and I have never spoken to each other, have never even met each other, and have never had any conversation regarding these cases..

37.   Attorney Penny Seaman and Attorney Kevin Budge never apologized to the plaintiff in any way, in any forum, neither orally or in writing.

## "MOTION FOR ENLARGEMENT OF TIME" DATED DECEMBER 30, 2004

38. The attorneys for the defendants made no attempt to contact me prior to filing their "Motion for Enlargement of Time" dated December 30, 2004, to inform me of their intention to request an enlargement of time, to apprise me of the basis for their request, or to obtain my position on their request.

39. I did not learn of the "Motion for Enlargement of Time" dated December 30, 2004, until the afternoon of January 3, 2005.

## ATTORNEY KEVIN BUDGE'S EX PARTE LETTER DATED APRIL 13, 2005

40. I have never spoken with any of the Attorneys for the defendants over the events which are the subject of this "Motion for Relief Under Rule 60(b).

41. I have had no conversation with any of the attorneys since December 20, 2004, and so could not have said the words "urgent filing" which Attorney Kevin Budge, was quoting.

## OATH OF AFFIANT

42. I hereby swear that the above statements, listed as items 1 - 41 are the absolute truth to the best of my knowledge and belief.

The Affant,                                    Date

*[signature: Hadley Macpherson]*        6/22/05

Hadley Macpherson                     June 22, 2005

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been delivered by courier this morning, June 23, 2005, to Attorney Penny Seaman, of Wiggins and Dana, 265 Church Street P.O. Box 1832, New Haven Connecticut, 06508 - 1832..

Plaintiff Pro Se

*Hadley Macpherson*
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC 28270
(704) 675 - 5252