**FILED**

2005 AUG 24 P 2: 38

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LISA EGAN (a/k/a HADLEY MACPHERSON), : | |
| Plaintiff, : | |
| v. : | CASE NO. 302CV1973 (JCH) |
| YALE MEDICAL GROUP, YALE-NEW : HAVEN HOSPITAL, YALE PLASTIC : SURGERY and DR. JOHN PERSING, : | |
| Defendants. : | AUGUST 22, 2005 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

**I. Background**

This is a medical malpractice action in which the plaintiff is claiming that the defendants failed to obtain her informed consent to cosmetic surgery performed on December 6, 2000. On June 23, 2005, the Court conducted a telephone Status Conference and entered orders concerning discovery. Specifically, the defendants were ordered to provide the plaintiff with a blank HIPPA medical authorization and the plaintiff was ordered to sign and return the authorization to counsel for the defendants on or before July 20, 2005. On June 24, 2005 counsel for the defendants sent a blank HIPPA authrozation via regular mail and via FedEx along with a self-addressed stamped return envelope to plaintiff. **See Exhibit A.** The plaintiff did not return a

**ARGUMENT NOT REQUESTED /
TESTIMONY NOT REQUIRED**

signed authorization to counsel for the defendants by July 20, 2005. On July 29, 2005 the defendants sent a letter to the plaintiff requesting that a signed authorization be returned. **See Exhibit B**.

On August 2 and 4, 2005, in response to the July 29, 2005 correspondence, the plaintiff placed telephone calls to the defendants' counsel regarding various "objections" she had to the blank authorization provided to her. The plaintiff's oral objections to the authorization were addressed. Again, on August 5, 2005 plaintiff contacted counsel for the defendants regarding additional "problems" with the authorization. Again, these "problems" were addressed and on August 9, 2005, a revised blank authorization was sent to the plaintiff via FedEx along with a return FedEx envelope. **See Exhibit C**. On August 11, 2005, the defendants' counsel sent another letter to the plaintiff stating that if the plaintiff did not provide a signed authorization by August 15, 2005, judicial intervention would be sought. **See Exhibit D**. As of the date of this motion and in direct contravention with this Court's June 23, 2005 order, the plaintiff has not provided the defendants' counsel with a signed medical authorization.

**II.    Argument**

Pursuant to Fed. R. Civ. P. 41(b), plaintiff's complaint should be dismissed for her failure to comply with this Court's June 23, 2005 order. Rule 41(b) authorizes a court to dismiss an action for "failure of the plaintiff to prosecute or to comply with ... any order of court... ." *Fed. R. Civ. P. 41(b)*

In determining whether a case may be dismissed under Rule 41(b), a court considers the following factors: (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *See Spencer v. Doe*, 1998 WL 90841, at *4-5 (2d Cir. 1998) (citing *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir.1994); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir.1988)).

Despite being two months since the Court's order, over one month past the ordered deadline, the numerous requests of the defendants' counsel, the numerous attempts to accommodate the plaintiff's concerns, and the supplying of a blank authorization and a separate revised blank authorizations, plaintiff has failed to provide an executed medical authorization to the defendants counsel in accordance with this Court's June 23, 3005 order.

In their August 11, 2005 correspondence to the plaintiff, the defendants' counsel placed the plaintiff on notice that if the authorization was not received by August 15, 2005, they would seek judicial intervention. Unfortunately, as of the date of this motion, no executed authorization has been received.

The plaintiff's failure to provide an executed medical authorization is an unreasonable delay and has prejudiced the defendants' ability to prepare their case for trial. *see Jenkins v. City of New York*, 176 F.R.D. 127, 130 (S.D.N.Y. 1997) ("where plaintiff has caused an unreasonable

3

delay, prejudice to the defendants may be presumed as a matter of law"). Pursuant to this Court's June 23, 2005 scheduling order, discovery is to be completed by October 31, 2005. Without the plaintiff's medical authorization, the defendants are unable to obtain the plaintiff's medical records and, therefore, unable to determine if additional discovery is required in preparation for trial.

The plaintiff has been given ample opportunity to comply with the Court's order but has failed to do so. Given the limited time remaining to complete discovery and prepare for trial, dismissal of this action for the plaintiff's failure to comply with this Court's order to provide an executed medical authorization is appropriate. The defendants respectfully request, therefore, that the Court sanction the plaintiff by entering a judgment of dismissal against the plaintiff pursuant to Rule 41(b) of the Rules of Federal Procedure.

### III. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss and enter a judgment dismissing plaintiff's action with prejudice.

<div style="margin-left: 40%;">

RESPECTFULLY SUBMITTED BY
DEFENDANTS,
YALE MEDICAL GROUP
YALE-NEW HAVEN HOSPITAL
YALE PLASTIC SURGERY
JOHN PERSING, M.D.

By: _____
Penny Q. Seaman (ct05813)
Kevin S. Budge (ct19097)
Wiggin & Dana LLP
P. O. Box 1832
New Haven, CT 06508-1832
Tel: (203) 498-4400
Fax: (203) 782-2889
Email: pseaman@wiggin.com
        kbudge@wiggin.com

</div>

## CERTIFICATION

I hereby certify that on this 22nd day of August, 2005, a copy of the foregoing was sent by regular mail, postage pre-paid to the following counsel/pro se parties of record.

Lisa Egan, n/k/a Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC  28270

_____
Kevin S. Budge

\487\5009\548747.2