FILED

2005 SEP -7 P 12: 36

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LISA EGAN (a/k/a HADLEY MACPHERSON), : <br><br> Plaintiff, <br><br> v. <br><br> YALE MEDICAL GROUP, YALE-NEW HAVEN HOSPITAL, YALE PLASTIC SURGERY and DR. JOHN PERSING, <br><br> Defendants. | CASE NO. 302CV1973 (JCH) <br><br><br> SEPTEMBER 6, 2005 |

## MOTION TO PRECLUDE

Pursuant to Fed. R. Civ. P. 37, the defendants Yale Medical Group, Yale-New Haven Hospital, Yale Plastic Surgery and Dr. John Persing hereby move to preclude the plaintiff from calling any expert as a witness at the trial of this action. The ground for this motion is that, the plaintiff has failed to disclose any experts as required by the Federal Rules of Civil Procedure and the Order of this Court. In support of this Motion, the defendants rely on the Memorandum of Law submitted herewith.

RESPECTFULLY SUBMITTED BY
DEFENDANTS,
YALE MEDICAL GROUP
YALE-NEW HAVEN HOSPITAL
YALE PLASTIC SURGERY
JOHN PERSING, M.D.


By: /s/
Penny Q. Seaman (ct05813)
Kevin S. Budge (ct19097)
Wiggin & Dana LLP
P. O. Box 1832
New Haven, CT 06508-1832
Tel: (203) 498-4400
Fax: (203) 782-2889
Email: pseaman@wiggin.com
       kbudge@wiggin.com
Their Attorneys

## CERTIFICATION

I hereby certify that on this 6th day of September, 2005, a copy of the foregoing was sent by regular mail, postage pre-paid to the following counsel/pro se parties of record.

Lisa Egan, n/k/a Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC  28270

_____
Kevin S. Budge

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**
2005 SEP -7 P 3: 01
U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| LISA EGAN (a/k/a HADLEY MACPHERSON), : <br><br>Plaintiff, : <br><br>v. : <br><br>YALE MEDICAL GROUP, YALE-NEW HAVEN HOSPITAL, YALE PLASTIC SURGERY and DR. JOHN PERSING, : <br><br>Defendants. : | CASE NO. 302CV1973 (JCH) <br><br><br><br> SEPTEMBER 6, 2005 |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO PRECLUDE

This is a medical malpractice action in which the plaintiff claims that the defendants failed to obtain her informed consent to cosmetic surgery performed on December 6, 2000. The action has been pending for three years. On June 23, 2005, at the request of the defendants, the Court conducted a telephone Status Conference and entered a comprehensive Scheduling Order. Pursuant to that Order, the plaintiff was required to disclose her experts in accordance with Rule 26(a)(2) by August 15, 2005. (A copy of the Scheduling Order is attached hereto as **Exhibit A**.) The plaintiff failed to comply with this requirement and, to date, has failed to disclose the identity or a report of any expert. Due to her failure to comply with the Order, the plaintiff should be precluded from offering the testimony of an expert.

Rule 26 sets forth specific disclosure requirements for expert witnesses. Rule 37(c)(1) further provides that a failure to comply with Rule 26 in a timely fashion is grounds for precluding the testimony of any witness not properly disclosed. In this case, the plaintiff is well aware of her obligation

to disclose experts, and of her obligation to do so by August 15, 2005. Nevertheless, she has made no attempt to comply the Rules or the order of this Court.

The plaintiff has neither disclosed an expert, nor ever attempted to explain her failure to do so. Absent preclusion, the defendants will be prejudiced. The Court has ordered that all discovery be completed by October 31, 2005 and that dispositive motions be filed by November 30, 2005. The plaintiff's failure to disclose her experts has hampered the defendants' efforts to retain experts. Further, unless the plaintiff is precluded from calling experts, it will be difficult for the parties to comply with the other deadlines set by the Court.

The plaintiff has offered no explanation for her failure to comply with the Scheduling Order. Given this fact, and the prejudice that will flow to the defendants from an untimely disclosure, the defendants respectfully request that the Court grant their Motion to Preclude plaintiff from calling any expert witnesses at trial.

RESPECTFULLY SUBMITTED BY
DEFENDANTS,
YALE MEDICAL GROUP
YALE-NEW HAVEN HOSPITAL
YALE PLASTIC SURGERY
JOHN PERSING, M.D.

By: _____
Penny Q. Seaman (ct05813)
Kevin S. Budge (ct19097)
Wiggin & Dana LLP
P. O. Box 1832
New Haven, CT 06508-1832
Tel: (203) 498-4400
Fax: (203) 782-2889
Email: pseaman@wiggin.com
       kbudge@wiggin.com
Their Attorneys

2

## CERTIFICATION

I hereby certify that on this 6th day of September, 2005, a copy of the foregoing was sent by regular mail, postage pre-paid to the following counsel/pro se parties of record.

Lisa Egan, n/k/a Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC 28270

_____
Kevin S. Budge

\487\5009\549274.1

3





## Budge, Kevin

**From:** CMECF@ctd.uscourts.gov
**Sent:** Thursday, July 07, 2005 12:02 AM
**To:** CMECF@ctd.uscourts.gov
**Subject:** Summary of ECF Activity

**Activity has occurred in the following cases:**

**3:02-cv-01973-JCH Egan v. Yale Med Group, et al**
**Status Conference 79**

**Docket Text:**
Minute Entry for proceedings held before Judge Janet C. Hall : Status Conference held on 6/23/2005. The following deadlines were set during this conference; Plaintiff's expert disclosures due to defendant on 8/15/05; defendant's response to expert disclosure due 9/15/05; all discovery due 10/31/05; dispositive motions due 11/30/05 (Court Reporter Fidanza.) (Boroskey, C.) Modified on 7/6/2005 to correct date(Boroskey, C.).

**3:02-cv-01973-JCH Egan v. Yale Med Group, et al**
**Set Deadlines/Hearings**

**Docket Text:**
Set Deadlines/Hearings: Discovery due by 10/31/2005. Dispositive Motions due by 11/30/2005. (Boroskey, C.)

8/17/2005