FILED

2005 SEP 19  **UNITED STATES DISTRICT COURT**

U.S. DISTRICT COURT
BRIDGEPORT, CO**DISTRICT OF CONNECTICUT**

---

## AT BRIDGEPORT

| | |
|---|---|
| **HADLEY MACPHERSON (EGAN)** | **NO.  3:02CV1973  JCH** |
| Plaintiff, | |
| | **CIVIL ACTION** |
| **VS.** | |
| | **SEPTEMBER 16, 2005** |
| **DR. JOHN PERSING** | |
| and | |
| **YALE NEW HAVEN HOSPITAL** | **PLAINTIFF'S OBJECTION** |
| and | **TO DEFENDANTS** |
| **YALE UNIVERSITY** | **MOTION TO DISMISS** |
| Defendants | **FILED ON AUGUST 24, 2005** |
| | **AND MOTION TO PRECLUDE** |
| | **FILED ON SEPTEMBER 7, 2005** |

## PLAINTIFF'S OBJECTION TO DEFENDANTS

## MOTION TO DISMISS FILED ON AUGUST 24, 2005 AND

## MOTION TO PRECLUDE  FILED ON SEPTEMBER 7, 2005

The plaintiff, Hadley Macpherson objects to the defendants' Motion to Dismiss filed on August 24, 2005 and the defendants' Motion to Preclude filed on September 7, 2005, on the following grounds:

On August 24, 2005, the defendants filed a Motion to Dismiss which they founded on the following allegation:

> "Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, defendants Yale Medical Group, Yale-New Haven Hospital, Yale Plastic Surgery and Dr. John Persing, ("Defendants") hereby move to dismiss this action for plaintiff's failure to comply with this Court's June 23,2005 Order that required plaintiff to provide Defendants with authorization for the release of medical records by June 20, 2005. In support of this Motion, Defendants submit the attached memorandum of law."

In their Memorandum of Law filed in support of their Motion to Dismiss, the defendants made the following further allegations:

> "The plaintiff did not return a signed authorization to counsel for the defendants by July 20, 2005. On July 29, 2005, the defendants sent a letter to the plaintiff requesting that a signed authorization be returned."

And later, on page 2 of that same Memorandum of Law the defendants further alleged the  following allegations ---

1

"On August 2 and 4, 2005, in response to the July 29,2005 correspondence, the plaintiff placed telephone calls to the defendants counsel regarding various "objections" she had to the blank authorization provided to her. The plaintiff's oral objections to the authorization were addressed. Again on August 5, 2005 plaintiff contacted counsel with additional "problems" with the authorization. Again, these "problems" were addressed and on August 9, a blank authorization was sent to the plaintiff via Fed Ex along with a return Fed Ex envelope. **See Exhibit C.** On August 11, 2005, the defendants counsel sent another letter to the plaintiff stating that if the plaintiff did not provide a signed authorization by August 15, 2005, judicial intervention would be sought. **See Exhibit D**. As of the date of this Motion and in direct contravention to the Court's June 23, 2005 order, the plaintiff has not provided the defendant's with a signed medical authorization."

On September 7, 2005, the defendants then filed a subsequent Motion to Preclude which they founded on the following allegation:

"Pursuant to Fed. R. Civ. P. 37, the defendants Yale Medical Group, Yale New Haven Hospital, Yale Plastic Surgery and Dr. John Persing hereby move to preclude the plaintiff from calling any expert as a witness at the trial of this action. The ground for this motion is that, the plaintiff has failed to disclose any experts as required by the Federal Rules of Civil Procedure and the Order of this Court. In support of this Motion, the defendants rely on the Memorandum of Law submitted herewith".

In their Memorandum of Law Filed in Support of their Motion to Preclude, the the defendants made the following further allegations:

"On June 23, 2005, at the request of the defendants, the Court conducted a telephone Status Conference and entered a comprehensive Scheduling Order. Pursuant to that Order, the plaintiff was required to disclose her experts in accordance with Rule 26(a)(2) by August 15, 2005. (A copy of that Scheduling Order is attached hereto as **Exhibit A**.) The plaintiff failed to comply with this requirement and, to date, has failed to disclose the identity or a report of any expert. Due to her failure to comply with the Order, the plaintiff should be precluded from offering the testimony of an Expert. Rule 26 sets forth specific disclosure requirements for expert witnesses."

2

And also ---

> "Rule 37(c)(1) further provides that a failure to comply with Rule 26 in a timely fashion is grounds for precluding the testimony of any witness not properly disclosed. In this case, the plaintiff is well aware of her obligation to disclose experts, and of her obligation to do so by August 15, 2005. Nevertheless, she has made no attempt to comply with the Rules or the order of this Court."

And also ---

> "The plaintiff has neither disclosed an expert, nor ever attempted to explain her failure to do so."

And finally ---

> "The plaintiff has offered no explanation for her failure to comply with the Scheduling Order"

The allegations made by the defendants above, in both their Motion to Dismiss filed on August 24, 2005 and in their Motion to Preclude filed on September 7, 2005, are wholly false and fraudulent, and designed to induce the Court's reliance so that the plaintiff, Hadley Macpherson, would be denied an adjudication of this case on the Merits, and would suffer the damage of not only having lost this case, but also of having to suffer a judgment of attorneys fees being awarded to the defendants for the plaintiff having lost this case.

Further, the defendants in this case have now been fully informed that the plaintiff, Hadley Macpherson, having herself learned of and discovered that the defendants in this case altered the medical record in order to protect themselves, intends to file a second suit for the alteration of that medical record, since the Court, during the Telephone Status Conference held on June 23, 2005, ruled that it would not allow the plaintiff to file an Amended Complaint to include new claims for the alteration of the medical record.

3

The Court, however, during the Telephone Status Conference held on June 23, 2005, stated that the plaintiff, Hadley Macpherson,  was not estopped by this case, from filing a secondary suit against the defendants for the alteration of the medical record.

The counsel for the defendants, who had an in depth discussion with the plaintiff on Friday, August 5, 2005 regarding the alteration of that medical record, and regarding the plaintiffs intention to go forward with a second suit as a result of that alteration, are fully aware that a Dismissal of this case against the defendants, or a Preclusion from calling any Expert Witness in this case, will damage the plaintiff's ability to litigate the next case as they will use this loss to harm her credibility, and to deny motive for the alteration since their clients will have cleared their names by having won this case on a dismissal.

The plaintiff, Hadley Macpherson, provided the counsel for the defendants with the signed medical Authorizations as required.

The plaintiff, Hadley Macpherson, provided the counsel for the defendants with the name and identity of the Medical Expert she would call at Trial to meet the requirement of a Medical Expert testifying at Trial on her behalf, as required.

The plaintiff, Hadley Macpherson, submits her Memorandum of Law, Affidavit, and attached Exhibits in support of her Objection to the defendants Motion to Dismiss filed on August 24, 2005 and Motion to Preclude filed on September 7, 2005.

The plaintiff provides a sign sworn Affidavit to swear to the events that occurred , the conversations that were engaged in, and the agreements that were made between the counsel for the defendants and herself.

The attorneys at Wiggin & Dana have as yet to provide any Affidavit swearing to the

4

truth of the allegations made in their Motion to Dismiss and Motion to Preclude, and never

even filed an Objection to the plaintiff's Motion for Relief filed under Rule 60(b) back on

June 23, 2005, or any Affidavit in opposition to the allegations of similar fraudulent behavior

made therein.

The plaintiff, Hadley Macpherson, challenges them to do so.


**Wherefore**, the plaintiff, Hadley Macpherson respectfully requests, that this Court

not decide to dismiss this case, or preclude this plaintiff from calling an Expert witness, until

an Evidentiary Hearing is called, at which all counsel for the defendants, specifically,

Attorney Penny Seaman, Attorney Bonnie Patten, Attorney Kevin Budge, Attorney James

Craven, and their paralegal Diana Copolla, will be made to each individually appear and

each produce signed sworn Affidavits to their personal knowledge of the truth of the

allegations made in their Motion to Dismiss and Motion to Preclude, and to testify under oath

to the truth of their Affidavits and allegations made, as will the plaintiff, Hadley Macpherson.

The plaintiff, Hadley Macpherson, respectfully requests that the defendants Motion to

Dismiss and Motion to Preclude be denied with no consideration at all if the counsel for

defendants are unwilling to sign sworn Affidavits, and unwilling to appear to testify under

oath to the truth of their allegations made in their Motion to Dismiss and Motion to Preclude,

and as sworn to in their signed Affidavits.

The plaintiff, Hadley Macpherson, further requests that the counsel for the defendants

be Ordered by this Court to use only the United States Post Office, or Fed Ex, when mailing

their pleadings to the plaintiff, and that they be disallowed from using their own in-house

5

private postage meter when mailing any documents or pleadings to the plaintiff, Hadley Macpherson, in the future.

Wiggin & Dana uses a Pitney Bowes postage meter which is in-house, and solely within their private and unsupervised control. They are a law firm whose profit depends on the timeliness of pleadings being mailed, and on the timeliness of their adversaries' responses made to those pleadings mailed.

The defendants' latest pleading, the Motion to Preclude dated September 7, 2005, which the counsel for the defendants swore that they mailed to the plaintiff on September 6, 2005, did not arrive to the plaintiffs home until nine days after the supposed date of mailing.

The private postage mark made by Wiggins & Dana's private in house postage meter, indicates the date of mailing as September 6, 2005, yet the Motion to Preclude did not arrive in Charlotte, North Carolina, until the afternoon of September 15, 2005.

On September 15, 2005, the plaintiff, Hadley Macpherson, went to the United States Post Office with the envelope containing the Motion to Preclude that had arrived only that afternoon, but which was carrying a date of mailing of September 6, 2005, and asked if they could in any way verify when the envelope had actually been mailed.

The employees of the United States Post Office said they could not. It was then that the plaintiff, Hadley Macpherson, was informed that the postal mark on the envelope did not come from the United States Post Office, but was a mark made by the in-house postage meter provided to Wiggin & Dana by Pitney Bowes, and that the postage meter can be manipulated in a matter of moments to state any date regardless of the actual date of mailing.

The postal workers further informed the plaintiff, Hadley Macpherson, that the

6

envelope stamped in-house at Wiggin & Dana, could then sit for days at the law firm before being mailed, and that when the envelope was eventually actually mailed, no further verification of date is typically done by the United States Post Office, whose only concern is that the postage has been paid.

No subsequent actual verification of the date of mailing is made by the United States Post Office when a private company postage meter is used.

Wiggin & Dana, just like all other companies who use private in-house postage meters to mail their correspondence with, sign contracts with Pitney Bowes and the United State Post Office, that they will not abuse the privilege of having an in-house postage meter by placing false dates on envelopes which then pretend to a date of mailing that is not a true date of mailing.

However, it all comes down to an oath, how willing someone is to violate that oath, how easy it is to violate, and how much one wants to win.

The counsel for the defendants, and the plaintiff pro se, are adversaries. There is no trust. There is certainly no professional courtesy.

A postal mark rendered by the United States Post Office itself, proves the actual date that the envelope left the hands of Wiggin & Dana and was placed in the hands of the United States Postal Service, and the United State postal mark is indisputable as to its veracity as it has no interest in the outcome of this case, and no interest in whether the plaintiff, Hadley Macpherson, gets her pleadings in adequate time to defend against them.

The only other verifiable method is Fed Ex. The plaintiff, Hadley Macpherson, is certainly not requiring that all documents and pleadings be sent by Fed Ex, as the expense is

one she would then be made to bear in reverse each and every time she mails a document.

The United States Post Office is a reasonable request and a reasonable expectation.

Respectfully Submitted,

*Hadley Macpherson*

Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, North Carolina
28270
(704) 675 - 5252

# **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed by regular mail this day of Friday, September 16, 2005 to Attorney Penny Seaman, of Wiggins and Dana, 265 Church Street P.O. Box 1832, New Haven Connecticut, 06508 - 1832..

Plaintiff Pro Se

Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC  28270
(704) 675 - 5252