UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 NOV -3  P 2: 29

U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| HADLEY MACPHERSON (EGAN)<br>Plaintiff | : |
| v. | : CIVIL ACTION NO.<br>: 3-02-cv-1973 (JCH) |
| YALE MEDICAL GROUP, ET AL<br>Defendants | : NOVEMBER 3, 2005 |

### ORDER

The defendants filed a Motion to Dismiss [Dkt. No. 81] the plaintiff's Complaint for her failure to comply with this court's order of June 23, 2005, which order required plaintiff to provide defendants with authorization for release of medical records by July 20, 2005. [Dkt. No. 79]. The defendant also filed a Motion to Preclude [Dkt. No. 82], which would, if granted, preclude the plaintiff from calling any expert as a witness in a trial of this action. The Motion to Preclude is based upon the plaintiff's alleged failure to comply with Rule 26 disclosure as to any experts, which the court specifically ordered her to do during a June 23, 2005 telephonic status conference, by August 15, 2005. [Dkt. No. 79].

In her opposition, the plaintiff states that she has provided defense counsel with "the signed medical Authorizations as required." Plaintiff's Obj. to Dfts.' Motion to Dismiss at 4. In addition, she states that she provided defense counsel "with the name and identity of the Medical Expert she would call at trial." Id. The plaintiff refers in her memorandum to "attached exhibits." However, there is nothing attached to her memorandum, nor can the court find anything in the file which could be deemed to be

- 1 -

"attached exhibits" to this Objection.

In a tardy Reply, defense counsel asserts that they have yet to receive an executed authorization from the plaintiff. In addition, they state that no written disclosure in compliance with Rule 26(a)(2) has been received by the defendants from the plaintiff.

The court orders the plaintiff to file a copy of the Medical Authorization(s) that has/have been previously served upon defense counsel with the court. In addition, the court orders the plaintiff to send, by registered mail, return-receipt requested, newly executed Authorization(s) as previously signed. The plaintiff is ordered to file the return-receipt with the court when she receives it back. The court orders that the plaintiff is to send the newly-executed Authorization(s) to defense counsel within ten days of the date of this Order, and to file the return-receipt within ten calendar days thereafter, along with a copy of the originally sent Authorization. In addition, the plaintiff is ordered to comply with Fed. R.Civ. P. Rule 26(a)(2). Such compliance must be in writing and satisfy all of the requirements of Rule 26(a)(2) with respect to each person the plaintiff intends to call as an expert. The court advised the plaintiff of her obligation to disclose experts in this manner in June. It is now November, and this case is three years old. The plaintiff is ordered to make such disclosure of her expert(s) within three weeks of the date of this Ruling.

The plaintiff is advised that if she cannot demonstrate by filing a copy of her previously sent Medical Authorization(s), and proof that she has sent yet again an originally executed Authorization(s), the court will dismiss this case. Further, even if she complies with these requirements with respect to the medical authorizations, the

court will preclude her use of experts at trial, unless she complies with Rule 26(a)(2) in the time ordered above.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 3rd day of November, 2005.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge