UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2005 NOV 22  A 10: 06
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | NO. 3:02CV1973 JCH |
| Plaintiff, | |
| | CIVIL ACTION |
| VS. | |
| | NOVEMBER 21, 2005 |
| DR. JOHN PERSING | |
| and | |
| YALE NEW HAVEN HOSPITAL | LETTER TO THE COURT |
| and | WITH <u>ORIGINALLY</u> SENT |
| YALE UNIVERSITY | MEDICAL AUTHORIZATIONS, |
| Defendants | <u>NEWLY</u> SENT MEDICAL |
| | AUTHORIZATIONS, AND |
| | REGISTERED MAIL RETURN |
| | RECIEPT DOCUMENTATION |

# LETTER TO THE COURT

# WITH <u>ORIGINALLY</u> SENT MEDICAL AUTHORIZATIONS,

# <u>NEWLY</u> SENT MEDICAL AUTHORIZATIONS,

# AND REGISTERED MAIL RETURN RECIEPT DOCUMENTATION

---

Letter to the Court;

The plaintiff, Hadley Macpherson, as directed, sent Attorney Penny Seaman, of the law firm of Wiggin and Dana the newly executed Medical Authorizations as required.

The plaintiff, Hadley Macpherson, sent the envelope containing the newly executed Medical Authorization by U.S. Registered mail on Saturday, November 12, 2005.

The plaintiff, Hadley Macpherson, further paid to have the envelope sent by U.S. Priority mail to ensure that there would be no delay in Wiggin & Dana's receipt of the Registered envelope, and that the signed Return Receipt would arrive back to the plaintiff, Hadley Macpherson, in time enough for the plaintiff, Hadley Macpherson, to then send the signed Return Receipt back to Connecticut within the ten (10) day time period allotted.

The U.S. Registered envelope sent U.S. Priority mail left Charlotte, North Carolina on Saturday, November 12, 2005, and was signed for by an employee of Wiggin and Dana at 10:40 am on Tuesday, November 15, 2005.

The plaintiff, Hadley Macpherson, who had her original tracking number from her original Registered Mail and Priority Mail stubs, was able to confirm by Internet that the envelope arrived at the offices of Wiggin & Dana at 10:40 am on Tuesday, November 15, 2005.

1

The plaintiff, Hadley Macpherson, then waited for the signed Return Receipt to arrive back to her in Charlotte, North Carolina, so that she could then mail by Fed Ex, the signed Return Receipt back to the Federal Court in Connecticut, and have it arrive within the ten (10) day time period afforded.

However, the signed Return Reciept, has not yet been returned to Charlotte, North Carolina, as of this date of Monday, November 21, 2005.

The plaintiff, Hadley Macpherson, had waited until today, the ninth (9) day from the date of mailing of her Registered envelope to Wiggin & Dana, and only one day short of the deadline for the Return Receipt to be filed in Federal Court, in the hopes that the signed Return Receipt would arrive back to her in Charlotte North Carolina in today's mail.

This morning, the plaintiff, telephoned the United States Postal Service to try to locate the signed Return Reciept, and to see what could be done, and was told that due to the fact that the Return Receipt was Registered and not just Certified, it requires a signature from every person who handles it, and that the process of it being signed for at each juncture before it is returned can take up to 21 days.

The United States Postal Service agent however explained to the plaintiff, Hadley Macpherson, that duplicate documentation could be obtained from the local United States Post Office in the interim, until the actual signed green Return Receipt arrives back in Charlotte, North Carolina.

The plaintiff, Hadley Macpherson, went to the United States Post Office, explained the dilemma, and a verification document was given to the plaintiff, Hadley Macpherson, which clearly evidences that the Registered envelope sent Priority Mail on Saturday, November 12,

2

2005, arrived at the offices of Wiggin and Dana, and as signed for at 10:40 am on Tuesday, November 15, 2005.

The United States Postal Worker stamped the documentation with today's date of November 21, 2004, signed his personal name, and printed the telephone number of that branch of the United States Postal Service where he himself works, and if telephoned, can verify that the official documentation that he handed the plaintiff, Hadley Macpherson, is also used as a way to confirm that Registered Mail has been received, and that the signature printed on the page of the person who signed for the envelope at Wiggin & Dana, on November 15, 2005, was scanned into the United States Postal System that day of November 15, 2005.

The plaintiff, Hadley Macpherson, attempted to comply fully with every directive of the Court regarding this matter, and could in no way have prevented the time delay of the actual Return Receipt being returned to the plaintiff, Hadley Macpherson.

The plaintiff, Hadley Macpherson, did not know that Registered Mail, being far more secure than Certified Mail, requires the signatures of all persons handling it, and therefore takes more time to be returned than Certified Mail.

The plaintiff, Hadley Macpherson has attached to this Letter to the Court, the original Registered Mail ticket that was given to her back on Saturday, November 12, 2005, which is stamped with the date of November 12, 2005, and which lists the tracking number at the top of the ticket, that being :   RA 738878004 US

That tracking number can be used to verify the delivery online using the United States Postal Service Web Site, and if gone to, will prove that the Registered Envelope arrived at Wiggin & Dana at 10:40 am on Tuesday, November 15, 2005.

3

The plaintiff, Hadley Macpherson, has also attached a copy of that Web Page proving that verification.

The plaintiff, Hadley Macpherson, has also attached a copy of the Priority Mail ticket that was given to her back on Saturday, November 12, 2005, which is also dated November 12, 2005, and which again lists the tracking number as being :   RA 738878004 US

The plaintiff, Hadley Macpherson, further attaches the confirmation document that was given to her by the United States Postal Clerk in Charlotte North Carolina, which is stamped with today's date of Monday, November 21, 2005, and which is signed personally by that Postal Clerk, whose name, if the plaintiff, Hadley Macpherson, is reading it correctly, is John Sewell, and who can be reached for verification at the telephone number of that particular branch of the United States Post Office in Charlotte, North Carolina, located on Providence Road, in Charlotte North Carolina.

Lastly, the plaintiff, Hadley Macpherson, attaches to this Letter to the Court, copies of the originally sent executed Medical Authorizations, as well as the newly executed Medical Authorizations.

The originally executed Medical Authorizations were signed on Friday, August 12, 2005, and sent back to Wiggin & Dana that very same day of Friday, August 12, 2005.

While that date of Friday, August 12, 2005, may appear to be a delinquent date for sending, it was not in fact sent delinquently.

The attorneys at Wiggin & Dana, through deliberate acts, had themselves deliberately prevented the plaintiff, Hadley Macpherson, from sending a signed Medical Authorization back any earlier.

4

When the attorneys for the defendants filed their Motion to Dismiss and Motion to Preclude, containing false and fraudulent allegations in an effort to have this case dismissed and in an effort to cripple the plaintiff, Hadley Macpherson's ability to prosecute her case at Trial, the plaintiff, Hadley Macpherson, believed that the burden was on each of the attorneys for the defendants, those being Attorney Penny Seaman, Attorney Bonnie Patten, Attorney Kevin Budge, and Attorney James Craven, to produce sworn Affidavits to the allegations that they themselves were personally making.

While the plaintiff, Hadley Macpherson, prepared her own Affidavit and Memorandum of Law swearing to the events as she knew them with a certainty to be, she waited for Attorney Penny Seaman, Attorney Bonnie Patten, Attorney Kevin Budge, and Attorney James Craven, as well as their paralegal Diana Coppola, to sign sworn Affidavits attesting to their own personal knowledge of the allegations made in their Motion to Dismiss and Motion to Preclude.

The burden of proof was on attorneys for the defendants who had made the allegations, to produce at least the evidence of their own personal and professional sworn testimony in an Affidavit, to be later further testified to at an Evidentiary Hearing.

That being the case, the plaintiff, Hadley Macpherson, did not believe that she should be made to afford them any information in advance, relating to the events as she knew to be, or pertaining to the contents of her own Affidavit, as she was not required to offer them a set of circumstances by which they then could mold their testimony.

When the plaintiff, Hadley Macpherson, requested in her Objection filed against the defendants Motion to Dismiss and Motion to Preclude, that Attorney Penny Seaman, Attorney Bonnie Patten, Attorney Kevin Budge, Attorney James Craven, and their paralegal Diana

5

Coppola sign their own individual personal sworn Affidavits, she did so knowing that each of the five individuals had personal knowledge directly contradicting the allegations made in the defendants Motion to Dismiss and Motion to Preclude.

Several weeks went by before the attorneys for the defendants responded with their Reply, a Reply which contained only one Affidavit, that being the Affidavit of Diana Coppola, a paralegal who has no law license to lose if she should be caught perjuring herself.

Further, Diana Coppolla did not in fact testify to her knowledge of the individual allegations made in the Motion to Dismiss and Motion to Preclude, or swear to the truth of those allegations, but only swore to her never having received the required documents.

Attorney Penny Seaman, Attorney Bonnie Patten, Attorney Kevin Budge, and Attorney James Craven, failed to sign any sworn Affidavits to the allegations made in their Motion to Dismiss and Motion to Preclude.

Swearing to their own personal knowledge, a personal knowledge that they themselves previously filed a Motion to Dismiss and a Motion to Preclude upon, should have been easy and instant if the attorneys for the defendants had been telling the truth when filing their Motion to Dismiss and Motion to Preclude.

The date of August 12, 2005, was the attorneys for the defendants doing, and not the plaintiff, Hadley Macphersons.

Respectfully Submitted,

*Hadley Macpherson*
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, North Carolina 28270
(704) 675 -5252

6

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed by regular mail this day of Monday, November 21, 2005 to Attorney Penny Seaman, of Wiggins and Dana, 265 Church Street P.O. Box 1832, New Haven Connecticut, 06508 - 1832..

Plaintiff Pro Se

*Hadley Macpherson*
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC 28270
(704) 675 - 5252

```
           SOUTH PROVIDENCE STATION
              CHARLOTTE, North Carolina
                     282770044
                  3613950017-0095
11/12/2005        (800)275-8777      12:34:31 PM
 ─────────────── Sales Receipt ───────────────
Product        Sale    Unit         Final
Description    Qty     Price        Price
 ─────────────────────────────────────────────
NEW HAVEN CT 06508                  $3.85
Priority - Flat Rate Env
   Return Receipt (Green Card)      $1.75
   Registered                       $8.00
      Insured Value :     $10.00
      Article Value :     $10.00
      Label Serial #:  RA738878004US
                                  ========
            Issue PVI:             $13.60

Total:                             $13.60

Paid by:
Cash                               $20.00
Change Due:                        -$6.40


Bill#: 1000501124555
Clerk:   03

 — All sales final on stamps and postage. —
     Refunds for guaranteed services only.
         Thank you for your business.
                  Customer Copy
```

Registered No. RA738878004US

| | | | |
|---|---|---|---|
| Reg. Fee | $8.00 | | |
| Handling Charge | $0.00 | Return Receipt | $1.75 |
| Postage | $3.85 | Restricted Delivery | $0.00 |
| Received by | | | |
| Customer Must Declare Full Value $ $10.00 | | ☑ With Postal Insurance ☐ Without Postal Insurance | |

Date Stamp — CHARLOTTE NC 28277 / NOV 12 2005 / SOUTH PROVIDENCE

Domestic Insurance up to $25,000 is included in the fee. International Indemnity is limited. (See Reverse).

OFFICIAL USE

FROM: Hadley Macpherson
2015 Mckenzie Creek Drive   Charlotte NC
28277

TO: Attorney Penny Seaman
Wiggin & Dana    265 Church St
P.O. Box 1832
NEW HAVEN CT 06508

PS Form 3806,    Receipt for Registered Mail    Copy 1 - Customer
May 2004 (7530-02-000-9051)                     (See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com ®



# Track/Confirm - Intranet Item Inquiry
## Item Number: RA73 8878 004U S

### This item was delivered on 11/15/2005 at 10:40

| | Delivery Section |
|---|---|
| **Signature:** | *[signature]* |
| **Address:** | *D6508* |

**Enter Request Type and Item Number:**

Quick Search ⦿　　Extensive Search ○

[Explanation of Quick and Extensive Searches]

[                    ]

[Submit]

*Version 1.0*

Inquire on multiple items.

Go to the Product Tracking System Home Page.



printed at

*[postmark: SOUTH PROVIDENCE NOV 21 2005 CHARLOTTE NC 28271]*

*John L. Sewell*
USPS Postal Clerk
704-814-6707



Home | Help

Track & Confirm

# Track & Confirm

**Search Results**

Label/Receipt Number: **RA73 8878 004U S**
Status: **Delivered**

Your item was delivered at 10:40 am on November 15, 2005 in NEW HAVEN, CT 06508.

**Track & Confirm**
Enter Label/Receipt Number.

( Additional Details > ) ( Return to USPS.com Home > )

**Notification Options**

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email.   ( Go > )



POSTAL INSPECTORS       site map    contact us    government services    jobs    **National & Premier Accounts**
Preserving the Trust            Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do                                   11/21/2005