UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA EGAN (a/k/a HADLEY MACPHERSON) | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| V. | : | 3:02-CV-1973 (JCH) |
| | : | |
| YALE MEDICAL GROUP, YALE-NEW HAVEN HOSPITAL, YALE PLASTIC SURGERY and DR. JOHN PERSING | : : : | |
| Defendants. | : | JANUARY 9, 2006 |

## MEMORANDUM OF LAW IN
## SUPPORT OF CYNTHIA GAILLARD'S, DIERDRE STOWE'S,
## MARION LANE'S AND HELEN ROGINIEL'S
## MOTION TO QUASH AND FOR PROTECTIVE ORDER

Plaintiff's notices of deposition and subpoenas, dated January 5, 2006 (attached as Exhibit A), should be quashed and a protective order entered because they call for deposition testimony from four non-party individuals, Cynthia Gaillard, Dierdre Stowe, Marion Lane and Helen Roginiel (the "Deponents"), who have no relevant knowledge or information concerning this action or the issues in this case. Therefore, their testimony is not likely to lead to the discovery of admissible evidence.

This is a medical malpractice action in which plaintiff is claiming that defendants failed to obtain her informed consent to cosmetic surgery performed on December 6, 2000.

Although the Deponents are employed by one of the parties in this instant lawsuit, two are secretaries, one is involved in corporate compliance and one works in the Neurology Department. Despite the fact that the Deponents had no involvement in plaintiff's medical care, plaintiff served Cynthia Gaillard, Dierdre Stowe, Marion Lane and Helen Roginiel with

subpoenas, directing them to testify at a deposition about what they knows about plaintiff's lawsuit.

"A subpoena is an appropriate process for the production of documents that are relevant to the matter before the court. It may not be used, however, for the purpose of conducting a fishing expedition into the papers of a party or a stranger to the proceedings." *Three S. Dev. Co. v. Santore*, 193 Conn. 174 (1984) (internal citation omitted); *see also State v. Montgomery*, 254 Conn. 694, 728 (2000) (same).

The subpoenas should be quashed and a protective order entered because they call for information from non-party individuals who have no relevant knowledge or information concerning this action or the issues in this case. Therefore, their testimony is not likely to lead to the discovery of admissible evidence. Moreover, their testimony would be completely irrelevant to this medical malpractice case. In short, the subpoena constitutes nothing more than the type of "fishing" expedition that has been denounced by the court.

Accordingly, Cynthia Gaillard, Dierdre Stowe, Marion Lane and Helen Roginiel respectfully request that the motion to quash be granted in order to protect them from annoyance, oppression and undue burden and expense of testifying in this matter.

    RESPECTFULLY SUBMITTED,
    CYNTHIA GAILLARD, DIERDRE STOWE
    MARION LANE AND HELEN ROGINIEL

By: _____
    Penny Q. Seaman (ct05813)
    Kevin S. Budge (ct19097)
    Wiggin and Dana LLP
    P.O. Box 1832
    New Haven, CT 06508-1832
    (203) 498-4400
    Their Attorneys

## **CERTIFICATION**

This is to certify that on this 9th day of January 2006, a copy of the foregoing was served via Federal Express and facsimile to the pro se plaintiff:

Lisa Egan, n/k/a Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC 28270

_____
Penny Q. Seaman

\487\5009\570997.2