**EXHIBIT 1**

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF

CONNECTICUT

Hadley Macpherson (Lisa Egan)

v.

Dr. John Persing
Yale New Haven Hospital
Yale University
Yale Medical Group

TO:   Dr. Gary J. Price

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 3:02 CV 1973 JCH

Res: 38 Wickford Place
Madison Connecticut 06443

Office: 5 Durham Rd. suite 1-8
Guilford Connecticut 06437

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See attached - description of and subject of testimony

| PLACE OF DEPOSITION St. Paul's Lutheran Church - meeting room 286 Delavan Avenue, Greenwich, Connecticut | DATE AND TIME 9:30 a.m. January 12, 2006 |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): All records, documents, photographs, letters, notes, medical records, telephone messages, relating to Hadley Macpherson a.k.a. Lisa Egan as well as all correspondence recieved from or sent to the attorney's of Wiggin & Dana, Dr. John Persing, Yale New Haven Hospital, Yale University, Yale Medical Group, and Hadley Macpherson a.k.a. Lisa Egan relating to examination, evaluation, treatment of Hadley Macpherson a.k.a. Lisa Egan

| PLACE St. Paul's Lutheran Church - meeting room 286 Delavan Avenue, Greenwich, Connecticut | DATE AND TIME 9:30 a.m. January 12, 2006 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  KEVIN F. ROWE, CLERK | DATE December 20, 20 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

By  Tasha Simpson
Deputy Clerk

5.    **Dr. Gary Price**

Plastic and Cosmetic Surgeon
5 Durham Rd.
P.O. Box 368
Guilford, Connecticut  06437

 ( 4 pages)

All testimony given by Dr. Gary Price, as a Treating Physician, will be both <u>fact and opinion testimony</u>, as both <u>fact and opinion were documented by Dr. Gary Price in the plaintiff's Medical Record</u> as part of his medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, all of which was based on his own personal observations, facts found, and expert opinion formed relating to those observations and facts found.

Dr. Gary Price, will testify to <u>his own personal and direct knowledge and recollections</u> regarding his medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Gary Price  will testify to <u>all actions that he took</u> during his medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Gary Price will testify to <u>all facts and opinions pertaining to his medical examinations, medical assessments, and/or medical treatment</u> of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Gary Price will testify to the <u>substance and content of all conversations had between himself and the plaintiff</u> during his medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Gary Price will testify to his expert and professional assessment of the <u>physical status</u> of the plaintiff, and her face, scalp, and skull back at the time

of Dr. Gary Price's medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Gary Price  will testify to his expert and professional assessment of <u>the physical damage suffered </u>to the plaintiff's face, scalp, and skull, as assessed at the time of Dr. Gary Price's medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Gary Price's will testify to his expert and professional <u>recommendation made as to any actions to be taken to rectify any damage </u>to the plaintiff's face, scalp, and skull, <u>or to rectify any residual problems or defects associated with</u> the plaintiff's face, scalp, and scull, which recommendations were made back <u>at the time</u> of Dr. Gary Price's medical assessments, medical examinations and/or medical treatment relating to the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiffs Medical Record.

Dr. Gary Price will testify to his expert and professional opinion of the <u>prognosis concerning the plaintiff's face, scalp, and skull,</u> a prognosis made back at the time of Dr. Gary Price's medical assessments, medical examinations and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Gary Price will testify to his expert and professional assessment of the plaintiff's <u>mental and emotional state </u>at the time of Dr. Gary Price's medical examinations, medical assessments, and/or medical treatments of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Gary Price will testify to his expert and professional <u>recommendations made as to any actions to be taken to rectify any damage </u>to the plaintiff's psyche, mental and emotional state, body image, sense of self, self esteem, stability, and identity, as assessed at the time of at the time of Dr. Gary Price's medical examinations, medical assessments, and/or medical treatments of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts



that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Gary Price will testify to his expert and professional opinion of the prognosis concerning the plaintiff's mental and emotional stability in the future Body image, sense of self, self esteem, stability, and identity, which prognosis was made back at the time of Dr. Gary Price's medical assessments, medical examinations, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon his own recollection of events, and upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Gary Price, as a recognized medical expert in his field, will testify to his knowledge and understanding regarding the affects of cosmetic surgery, reconstructive surgery, and facial trauma, on perception of body image, daily functioning, self esteem, and identity, and further testify to the legal, medical, and ethical standards to be adhered to when performing reconstructive or cosmetic surgery, in order to protect the patient's psychological well being, sense of self, physical welfare, and right to autonomy, and testify to his observation and expert opinion of the plaintiff's mental and emotional status in regard to the above issues at the time of Dr. Gary Price's medical assessment, medical examination, and/or medical treatment rendered to the plaintiff.

Dr. Gary Price will testify to all actions that he himself took regarding his documenting of his medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will testify to his preservation and maintenance of that Medical Record and its integrity.

Dr. Gary Price will testify to his personal and professional knowledge and understanding, of the legal, medical, and ethical standards imposed upon him and those of his profession, as defined by state and federal law, JCHO standards, Yale University Medical School, Yale New Haven Hospital, Hospital of Saint Francis, and the professional, ethical, legal obligation and duty to adhere to those legal, medical, and ethical standards.

Dr. Gary Price, as a recognized medical expert in his field, will testify to his knowledge and understanding of the legal, medical, and ethical standards imposed upon himself and those of his profession, regarding the disclosure of, and preservation of a patient's medical record and information, the obtaining of a patient's consent prior to the performance of any surgical procedure absent emergency, the definition of consent, the elements of informed consent, the

obtaining of informed consent prior to the performance of any surgical procedure absent emergency, consent obtained under false pretenses, the preservation of a patients right to autonomy, the Hippocratic Oath, avoidance of malfeasance, the reporting of sentinel events, unauthorized performance of experimental procedures , the preservation of the integrity of the medical record, and the duties and obligations imposed on the physician and/or surgeon, whether that be Dr. Gary Price himself, or Dr. John Persing, under those legal, medical, and ethical standards referred to above.

Dr. Gary Price will testify to his personal and professional relationship to Dr. John Persing, Yale University, Yale New Haven Hospital, Dr. Linton Whitaker, University of Pennyslvania School of Medicine, and University of Pennsylvania Hospital Health System, Dr. Gregory Borah, Dr. Alan Brackup, and all contact had with the those entities and individuals, and relating to the plaintiff's Medical Record, since December 6, 2000.

4.

**EXHIBIT 2**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

LISA EGAN (a/k/a HADLEY MACPHERSON)　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　Plaintiff,　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:　　CIVIL ACTION NO.
V.　　　　　　　　　　　　　　　　　　　　　:　　3:02-CV-1973 (JCH)
　　　　　　　　　　　　　　　　　　　　　　:
YALE MEDICAL GROUP, YALE-NEW　　　　　　:
HAVEN HOSPITAL, YALE PLASTIC　　　　　　　:
SURGERY and DR. JOHN PERSING　　　　　　　:
　　　　Defendants.　　　　　　　　　　　　　:　　JANUARY 9, 2006

### AFFIDAVIT OF GARY J. PRICE, M.D.

I, Gary J. Price, M.D., being duly sworn, state:

1.　　　I am over eighteen years of age and understand the meaning and obligations of an oath.

2.　　　In March 2001, Hadley Macpherson a/k/a Lisa Egan came to my office for a free cosmetic surgery consult.

3.　　　At the time of that consult, it was, and is, my policy not to operate on a patient within a year of prior cosmetic surgery and I informed Ms. Macpherson of this policy. During our meeting, Ms. Macpherson advised me that she had had cosmetic surgery three months earlier. I advised her that, in light of the fact that her surgery was so recent, I would not consider her a candidate for cosmetic surgery. I did not examine or treat Ms. Macpherson, and did not determine whether, from a medical perspective, she was a candidate for cosmetic surgery.

4.　　　I informed Ms. Macpherson that I would not comment on her patient care.

5.　　　Although Ms. Macpherson scheduled subsequent appointments with my office, she did not keep any of those appointments, and I did not see her again.

6.     In October 2003, Ms. Macpherson contacted my office by telephone and was informed that I did not wish to participate in any legal proceedings.

7.     I have a brief note of my visit with Ms. Macpherson, which will be produced upon my receipt of an appropriate request.

8.     I have not been retained as an expert by Ms. Macpherson nor am I willing to serve as an expert in litigation involving Ms. Macpherson.

9.     I have been subpoenaed by Ms. Macpherson for a deposition in Greenwich at 9:30 a.m. on January 12, 2006. *See*, Subpoena, December 20, 2005 (copy attached as Exhibit A). At the time I received the subpoena, I had already scheduled surgery for January 12, 2006.

Gary J. Price, M.D.

Subscribed and sworn to before me
this 9th day of January 2006.

Notary Public
My commission expires:

My Commission Expires July 31, 2006

\487\5009\571148.1

**EXHIBIT A**

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

―――――――――― DISTRICT OF ――――――――――
CONNECTICUT

Hadley Macpherson (Lisa Egan)

V.

Dr. John Persing
Yale New Haven Hospital
Yale University
Yale Medical Group
TO:    Dr. Gary J. Price

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: ' 3 : 0 2 C V 1973 JCH

Res: 38 Wickford Place
Madison Connecticut 06443

Office: 5 Durham Rd. suite 1-8
Guilford, Connecticut 06437

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See attached - description and subject of testimony

| PLACE OF DEPOSITION St. Paul's Lutheran Church - meeting room | DATE AND TIME 9:30 am. |
|---|---|
| 286 Delavan Avenue, Greenwich, Connecticut | January 12, 2006 |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): All records, documents, photographs, letters notes, medical records, telephone messages, relating to Hadley Macpherson a.k.a. Lisa Egan as well as all correspondence recieved from or sent to the attorneys of Wiggin & Dana, Dr. John Persing, Yale New Haven Hospital, Yale University, Yale Medical Group, and Hadley Macpherson a.k.a. Lisa Egan relating to examination, evaluation, treatment of Hadley Macpherson a.k.a. Lisa Egan. ☐

| PLACE St. Paul Lutheran Church - meeting room | DATE AND TIME 9:30 am. |
|---|---|
| 286 Delavan Avenue, Greenwich, Connecticut | January 12, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| KEVIN F. ROWE, CLERK | December 20, 20 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

By    Tasha Simpson
Deputy Clerk

5.    **Dr. Gary Price**

Plastic and Cosmetic Surgeon
5 Durham Rd.
P.O. Box 368
Guilford, Connecticut  06437



All testimony given by Dr. Gary Price, as a Treating Physician, will be
both <u>fact and opinion testimony</u>, as both <u>fact and opinion were documented by</u>
<u>Dr. Gary Price in the plaintiff's Medical Record</u> as part of his medical
examinations, medical assessments, and/or medical treatment of the plaintiff,
and her face, scalp, and skull, all of which was based on his own personal
observations, facts found, and expert opinion formed relating to those
observations and facts found.

Dr. Gary Price, will testify to <u>his own personal and direct knowledge</u>
<u>and recollections </u>regarding his medical examinations, medical assessments,
and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will
base that testimony upon a review of the facts that he himself recited, and
opinions that he himself expressed, as documented in the plaintiff's Medical
Record.

Dr. Gary Price  will testify to <u>all actions that he took </u>during his medical
examinations, medical assessments, and/or medical treatment of the plaintiff, and
her face, scalp, and skull, and will base that testimony upon a review of the facts
that he himself recited, and opinions that he himself expressed, as documented in
the plaintiff's Medical Record.

Dr. Gary Price will testify to <u>all facts and opinions pertaining to his medical</u>
<u>examinations, medical assessments, and/or medical treatment</u> of the plaintiff, and
her face, scalp, and skull, and will base that testimony upon a review of the facts
that he himself recited, and opinions that he himself expressed, as documented in
the plaintiff's Medical Record.

Dr. Gary Price will testify to the <u>substance and content of all conversations</u>
<u>had between himself and the plaintiff</u> during his medical examinations, medical
assessments, and/or medical treatment of the plaintiff, and her face, scalp, and
skull, and will base that testimony upon a review of the facts that he himself
recited, and opinions that he himself expressed, as documented in the plaintiff's
Medical Record.

Dr. Gary Price will testify to his expert and professional assessment of
the <u>physical status </u>of the plaintiff, and her face, scalp, and skull back at the time



of Dr. Gary Price's medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Gary Price  will testify to his expert and professional assessment of <u>the physical damage suffered</u> to the plaintiff's face, scalp, and skull, as assessed at the time of Dr. Gary Price's medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Gary Price's will testify to his expert and professional <u>recommendation made as to any actions to be taken to rectify any damage</u> to the plaintiff's face, scalp, and skull, <u>or to rectify any residual problems or defects associated with</u> the plaintiff's face, scalp, and scull, which recommendations were made back <u>at the time</u> of Dr. Gary Price's medical assessments, medical examinations and/or medical treatment relating to the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiffs Medical Record.

Dr. Gary Price will testify to his expert and professional opinion of the <u>prognosis concerning the plaintiff's face, scalp, and skull</u>, a prognosis made back at the time of Dr. Gary Price's medical assessments, medical examinations and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Gary Price will testify to his expert and professional assessment of the plaintiff's <u>mental and emotional state</u> at the time of Dr. Gary Price's medical examinations, medical assessments, and/or medical treatments of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Gary Price will testify to his expert and professional <u>recommendations made as to any actions to be taken to rectify any damage</u> to the plaintiff's psyche, mental and emotional state, body image, sense of self, self esteem, stability, and identity, as assessed at the time of at the time of Dr. Gary Price's medical examinations, medical assessments, and/or medical treatments of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts

 2.

that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Gary Price will testify to his expert and professional opinion of the <u>prognosis concerning the plaintiff's mental and emotional stability in the future Body image, sense of self, self esteem, stability, and identity, which prognosis was made</u> back at the time of Dr. Gary Price's medical assessments, medical examinations, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon his own recollection of events, and upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Gary Price, as a recognized medical expert in his field, will testify to his knowledge and understanding regarding the affects of cosmetic surgery, reconstructive surgery, and facial trauma, on perception of <u>body image</u>, <u>daily functioning</u>, self esteem, and <u>identity</u>, and further testify to the <u>legal, medical, and ethical standards to be adhered to when performing reconstructive or cosmetic surgery</u>, in order to protect the patient's psychological well being, sense of self, physical welfare, and right to autonomy, and testify to his observation and expert opinion of the plaintiff's <u>mental and emotional status</u> in <u>regard to the above issues</u> at the time of Dr. Gary Price's medical assessment, medical examination, and/or medical treatment rendered to the plaintiff.

Dr. Gary Price will testify <u>to all actions that he himself took regarding his documenting</u> of his medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will testify to <u>his preservation and maintenance of that Medical Record and its integrity.</u>

Dr. Gary Price will testify to his <u>personal and professional knowledge and understanding, of the legal, medical, and ethical standards</u> imposed upon him and those of his profession, as defined by state and federal law, JCHO standards, Yale University Medical School, Yale New Haven Hospital, Hospital of Saint Francis, and the professional, ethical, legal obligation and duty to adhere to those legal, medical, and ethical standards.

Dr. Gary Price, as a recognized medical expert in his field, will testify to his knowledge and understanding of the <u>legal, medical, and ethical standards</u> imposed upon himself and those of his profession, regarding the <u>disclosure of, and preservation of a patient's medical record and information</u>, the obtaining of a patient's <u>consent</u> prior to the performance of any surgical procedure absent emergency, <u>the definition of consent</u>, <u>the elements of informed consent</u>, the

obtaining of <u>informed consent</u> prior to the performance of any surgical procedure <u>absent</u> emergency, <u>consent obtained under false pretenses</u>, the <u>preservation of a patients right to autonomy</u>, the Hippocratic Oath, avoidance of malfeasance, the <u>reporting of sentinel events</u>, <u>unauthorized performance of experimental procedures</u> , the <u>preservation of the integrity of the medical record</u>, and the <u>duties</u> and <u>obligations imposed on the physician and/or surgeon</u>, whether that be Dr. Gary Price himself, or Dr. John Persing, under those legal, medical, and ethical standards referred to above.

Dr. Gary Price will testify to his personal and professional relationship to Dr. John Persing, Yale University, Yale New Haven Hospital, Dr. Linton Whitaker, University of Pennyslvania School of Medicine, and University of Pennsylvania Hospital Health System, Dr. Gregory Borah, Dr. Alan Brackup, and all contact had with the those entities and individuals, and relating to the plaintiff's Medical Record, since December 6, 2000.

4.