FILED

2006 JAN -9 P 12: 19

U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HADLEY MACPHERSON, (EGAN) | : | |
| Plaintiff | : | CASE NO. 3:02CV1973 (JCH) |
| vs. | : | |
| DR. JOHN PERSING, ET AL | : | |
| Defendants | : | JANUARY 9, 2006 |

## MOTION TO QUASH

Pursuant to Federal Rule of Civil Procedure, Rule 45(c) the undersigned on behalf of Dr. Alan Brackup, M.D., respectfully moves to quash the attached subpoena which purports to require the attendance of Dr. Brackup at a deposition scheduled for January 12, 2006 at 12:00 p.m. The grounds for this motion are that it:

    1.    Fails to allow reasonable time for compliance:

    2.    It subjects Dr. Brackup to undue burden.

The counsel for the plaintiff does not consent to the granting of this motion. Counsel for the defendant does consent to the granting of this motion.

ARGUMENT REQUESTED
NO TESTIMONY

1

RESPECTFULLY SUBMITTED,<br>
ALAN BRACKUP, M.D.

BY _/s/ ME Frechette_

MATTHEW E. FRECHETTE, ESQ. (CT02615)
HIS COUNSEL
FRECHETTE & FRECHETTE, ESQS.
12 TRUMBULL STREET
NEW HAVEN, CT 06511
TEL. NO. 203-865-2133
FACSIMILE NO. 203-562-6932
mefrechette@snet.net

## CERTIFICATION

This is to certify that a copy of the foregoing has been faxed and mailed, postage pre-paid on this 9th day of January, 2006 to:

Via Fax: 203-782-2889
Penny Q. Seaman, Esq.
Kevin S. Budge, Esq.
Wiggin and Dana, LLP
P.O. Box 1832
New haven, CT 06508-1832

Via Fax 1-704-675-5252
Lisa Egan, n/k/a Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC 28270

_/s/ ME Frechette_
Matthew E. Frechette

2

AO 88 (Rev. 1/94) Subpoena in a Civil C

Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Hadley Macpherson (Egan)

V.

Dr. John Persing
Yale New Haven Hospital
Yale University
Yale Medical Group

TO: Dr. Alan Breakup

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:02 CV 1973 JCH

Res: 1756 Ashbourne Drive
~~Morrisville~~ Pennsylvania 1906?
Yardley
Office: 300 Middletown Boulevard
~~Langhorne, PA 1?70~~

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

PLACE OF TESTIMONY | COURTROOM
| DATE AND TIME

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See attached — describing subject of testimony

PLACE OF DEPOSITION: St. Paul's Lutheran Church — meeting room
286 Delavan Avenue, Greenwich, Connecticut
DATE AND TIME: January 12, 2006 12:00p

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): All records, documents, letters, notes medical records, relating to Hadley Macpherson, a.k.a., Lisa Egan, as well as all correspondence recieved from or sent to the attorneys of Wiggin & Dana, Dr. John Persing, Yale New Haven Hospital, Yale University, Yale Medical Group and Hadley Macpherson relating to examination, evaluation, treatment of ~~Hadley Macpherson a.k.a. Lisa Egan~~

PLACE: 286 Delavan Avenue, Greenwich, Connecticut
DATE AND TIME: January 12, 2006 12:00pm

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

PREMISES | DATE AND TIME

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)
KEVIN F. ROWE, CLERK

DATE: December 20, 2005

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
By [signature] Sasha Simpson
Deputy Clerk

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

|  |  |
|---|---|
| 12-24-05  1:45 pm | PROOF OF SERVICE |
| DATE | PLACE |

| SERVED: Eileen Brackin | Hand |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| John Connor | Constable |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(4 pages)

4. **Dr. Alan Brackup**

   300 Middletown Boulevard Suite 103
   Langhorne, Pennsylvania 19047

   All testimony given by Dr. Alan Brackup, as a Treating Physician, will be both <u>fact and opinion testimony</u>, as both <u>fact and opinion were documented by Dr. Alan Brackup in the plaintiff's Medical Record</u> as part of his medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, all of which was based on his own personal observations, facts found, and expert opinion formed relating to those observations and facts found.

   Dr. Alan Brackup, will testify to <u>his own personal and direct knowledge and recollections</u> regarding his medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

   Dr. Alan Brackup will testify to <u>all actions that he took</u> during his medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

   Dr. Alan Brackup will testify to <u>all facts and opinions pertaining to his medical examinations, medical assessments, and/or medical treatment</u> of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

   Dr. Alan Brackup will testify to the <u>substance and content of all conversations had between himself and the plaintiff</u> during his medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

   Dr. Alan Brackup will testify to his expert and professional assessment of the <u>physical status</u> of the plaintiff, and her face, scalp, and skull back at the time of Dr. Alan Brackup's medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that

1

he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Alan Brackup will testify to his expert and professional assessment of <u>the physical damage suffered</u> to the plaintiff's face, scalp, and skull, as assessed at the time of Dr. Alan Brackup's medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Alan Brackup will testify to his expert and professional <u>recommendation made as to any actions to be taken to rectify any damage</u> to the plaintiff's face, scalp, and skull, <u>or to rectify any residual problems or defects associated with</u> the plaintiff's face, scalp, and scull, which recommendations were made back <u>at the time</u> of Dr. Alan Brackup's medical assessments, medical examinations and/or medical treatment relating to the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiffs Medical Record.

Dr. Alan Brackup will testify to his expert and professional opinion of the <u>prognosis concerning the plaintiff's face, scalp, and skull</u>, a prognosis made back at the time of Dr. Alan Brackup;s medical assessments, medical examinations and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Alan Brackup will testify to his expert and professional assessment of the plaintiff's <u>mental and emotional state</u> at the time of Dr. Alan Brackup's medical examinations, medical assessments, and/or medical treatments of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Alan Brackup will testify to his expert and professional <u>recommendations made as to any actions to be taken to rectify any damage</u> to the plaintiff's psyche, mental and emotional state, body image, sense of self, self esteem, stability, and identity, as assessed at the time of at the time of Dr. Alan Brackup's medical examinations, medical assessments, and/or medical treatments of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

2

Dr. Alan Brackup will testify to his expert and professional opinion of the prognosis concerning the plaintiff's mental and emotional stability in the future. Body image, sense of self, self esteem, stability, and identity, which prognosis was made back at the time of Dr. Alan Brackup's medical assessments, medical examinations, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon his own recollection of events, and upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Alan Brackup, as a recognized medical expert in his field, will testify to his knowledge and understanding of the affects of cosmetic surgery, reconstructive surgery, and facial trauma, on perception of body image, daily functioning, self esteem, and identity, and further testify to the legal, medical, and ethical standards to be adhered to when performing reconstructive or cosmetic surgery, in order to protect the patient's psychological well being, sense of self, physical welfare, and right to autonomy, and testify to his observation and expert opinion of the plaintiff's mental and emotional status in regard to the above issues at the time of Dr. Alan Brackup's medical assessment, medical examination, and/or medical treatment rendered to the plaintiff.

Dr. Alan Brackup will testify to all actions that he himself took regarding his documenting of his medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will testify to his preservation and maintenance of that Medical Record and its integrity.

Dr. Alan Brackup will testify to his personal and professional knowledge and understanding, of the legal, medical, and ethical standards imposed upon him and those of his profession, as defined by state and federal law, JCHO standards, University of Pennsylvania Medical School, University of Pennsylvania Hospital Health System, and the professional, ethical, legal obligation and duty to adhere to those legal, medical, and ethical standards.

Dr. Alan Brackup, as a recognized medical expert in his field, will testify to his knowledge and understanding of the legal, medical, and ethical standards imposed upon himself and those of his profession, regarding the disclosure of, and preservation of a patient's medical record and information, the obtaining of a patient's consent prior to the performance of any surgical procedure absent emergency, the definition of consent, the elements of informed consent, the obtaining of informed consent prior to the performance of any surgical procedure absent emergency, consent obtained under false pretenses, the preservation of a patient's right to autonomy, the Hippocratic Oath, avoidance of malfeasance, the reporting of sentinel events, unauthorized performance of experimental procedures, the preservation of the integrity of the medical record, and the duties and obligations imposed on the physician and/or surgeon, whether that be Dr. Alan Brackup himself, Dr. Linton Whitaker, or, Dr. John Persing, under those

3

legal, medical, and ethical standards referred to above.

Dr. Alan Brackup will testify to his personal and professional relationship to Dr. John Persing, Yale University, Yale New Haven Hospital, Dr. Linton Whitaker, University of Pennsylvania School of Medicine, and University of Pennsylvania Hospital Health System, Dr. Gregory Borah, Dr. Gary Price and all contact had with the those entities and individuals, relating to this case, and \ relating to the plaintiff's Medical Record, since December 6, 2000.

4



Wachovia Money Order 46048043
Date 12/23/2005
Amount $142.00
*ONE HUNDRED FORTY TWO DOLLARS AND 00 CENTS*
Sender: Hadley Macpherson
2015 McKenzie Creek Drive, Charlotte, NC 28270
For: Fees for Travel and Deposition
Not Good For More Than $1,000.00