FILED

2006 JAN -9  P 12: 19

U.S.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HADLEY MACPHERSON, (EGAN)       :

       Plaintiff          :      CASE NO. 3:02CV1973 (JCH)

vs.                        :

DR. JOHN PERSING, ET AL        :

       Defendants      :      JANUARY 9, 2006

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO QUASH

Pursuant to Federal Rule of Civil Procedure, Rule 45(c) the undersigned on behalf of Dr.

Alan Brackup, M.D., respectfully moves to quash the attached subpoena which purports to

require the attendance of Dr. Brackup at a deposition scheduled for January 12, 2006 at 12:00

p.m. The grounds for this motion are that it:

      1.      Fails to allow reasonable time for compliance:

      2.      It subjects Dr. Brackup to undue burden.

**BACKGROUND**:

This case arises out of a medical malpractice case brought by the plaintiff Hadley

MacPherson (Egan) who is representing herself pro se. The subpoena at issue is dated December

20, 2005 and purports to have been served upon the deponent on December 24, 2005. (Attached

hereto and incorporated herein as Exhibit 1). The deponent resides at 1756 Ashbourne Drive,

Yardley, PA 19067. The subpoena requires the deponent's deposition to be taken at 286

1

Delavan Avenue, Greenwich, Connecticut on January 12, 2006. Accompanying the subpoena was apparently a check in the amount of $140.00. (Attached hereto and incorporated herein as Exhibit 2).

As reflected in the attached correspondence, the deponent's personal counsel both wrote and spoke to the plaintiff on January 5 and January 6, 2006, (Attached hereto and incorporated herein as Exhibits 3 and 4). As reflected in the attached correspondence, there are several reasons why the motion to quash should be granted. First and foremost, the plaintiff was unambiguously told and was given a doctor's note to the effect that the deponent is physically unable to travel as he has recently undergone back surgery and cannot travel until further notice. -- See attached note of Dr. Michael J. Gratch dated January 6, 2006 which states that the deponent is unable to travel due to his recovering from surgery. (Attached hereto and incorporated herein as Exhibit 5). Second, the plaintiff was also unambiguously told that the deponent was more than happy to give his deposition in Buck's County, Pennsylvania at a mutually convenient date for all concerned. This offer was rejected by the plaintiff. Third, requiring Dr. Brackup to travel to Connecticut would impose an undue burden on Dr. Brackup. Dr. Brackup is not a party to this action. Furthermore, under Rule 45(b) the plaintiff has not tendered an adequate amount of funds to cover Dr. Brackup's fees and mileage should he be required to come to Connecticut to give his deposition. Furthermore, the plaintiff has made no effort to, for example, take Dr. Brackup's deposition via video linkup, telephonically, or by any other less intrusive means. The plaintiff has also requested documents which Dr. Brackup

2

simply does not have. (See attached letter in response to the defendant's request for medical records via authorization). (Attached hereto and incorporated herein as Exhibits 6, 7 and 8).

It is clear on the facts as presented to this Honorable Court that the plaintiff has made no effort to accommodate Dr. Brackup in any of the more than reasonable offers which he has made to the plaintiff. Moreover, the plaintiff has refused to come to Pennsylvania at her own expense to take Dr. Brackup's deposition, and yet offers no explanation as to why the doctor should come to Connecticut at his expense. Furthermore, the deponent is clearly physically unable to comply with the deposition due to his recent surgery. Finally, the amount of time given between the service of the subpoena - - December 24, 2005 and January 12, 2006 - - is clearly not adequate given the distances and circumstances in this case.

WHEREFORE, the deponent Alan Brackup, M.D. respectfully moves that the subpoena issued by the plaintiff be quashed.

RESPECTFULLY SUBMITTED,
ALAN BRACKUP, M.D.

BY _____
MATTHEW E. FRECHETTE, ESQ. (CT02615)
HIS COUNSEL
FRECHETTE & FRECHETTE, ESQS.
12 TRUMBULL STREET
NEW HAVEN, CT 06511
TEL. NO. 203-865-2133
FACSIMILE NO. 203-562-6932
mefrechette@snet.net

3

## CERTIFICATION

This is to certify that a copy of the foregoing has been faxed and mailed, postage pre-paid on this 9th day of January, 2006 to:

Via Fax:  203-782-2889
Penny Q. Seaman, Esq.
Kevin S. Budge, Esq.
Wiggin and Dana, LLP
P.O. Box 1832
New haven, CT 06508-1832

Via Fax 1-704-675-5252
Lisa Egan, n/k/a Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC 28270

_M E Frechette_
Matthew E. Frechette

4

Issued by the

# UNITED STATES DISTRICT COURT

### DISTRICT OF _____ CONNECTICUT

Hadley Macpherson (Egan)

V.

Dr. John Persing
Yale New Haven Hospital
Yale University
Yale Medical Group

TO: Dr. Alan Braskup

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:02 CV 1973 JCH

Res: 1756 Ashbourne Drive
Morrisville Pennsylvania 1906?

Office: 300 middletown Boulevard
Langhorne PA 1570?

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See attached - describing subject of testimony

| PLACE OF DEPOSITION St. Pauls Lutheran Church - meeting room 286 Delavan Avenue, Greenwich, Connecticut | DATE AND TIME January 12, 2006 12:00p |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): All records, documents, letters, notes medical records, relating to Hadley Macpherson, a.k.a., Lisa Egan, as well as all correspondence recieved from or sent to the attorneys of Wiggin & Dana, Dr. John Persing, Yale New Haven Hospital, Yale University, Yale Medical Group and Hadley Macpherson relating to examination, evaluation, treatment of Hadley Macpherson a.k.a. Lisa Egan.

| PLACE 286 Delavan Avenue, Greenwich, Connecticut | DATE AND TIME January 12, 2006 12:00pm |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) KEVIN F. ROWE, CLERK | DATE December 20, 2005 |
| --- | --- |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER By Jasha Simpson Deputy Clerk | |

EXHIBIT 1

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

| | |
|---|---|
| **12-24-05** *1:45 ~* | **PROOF OF SERVICE** |
| DATE | PLACE |

| | |
|---|---|
| SERVED | |
| *Eileen Brackin* | *Hand* |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| *John Croner* | *Constable* |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

### (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i). fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

### (d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(4 pages)

4. **Dr. Alan Brackup**

300 Middletown Boulevard Suite 103
Langhorne, Pennsylvania 19047

All testimony given by Dr. Alan Brackup, as a Treating Physician, will be both fact and opinion testimony, as both fact and opinion were documented by Dr. Alan Brackup in the plaintiff's Medical Record as part of his medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, all of which was based on his own personal observations, facts found, and expert opinion formed relating to those observations and facts found.

Dr. Alan Brackup, will testify to his own personal and direct knowledge and recollections regarding his medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Alan Brackup will testify to all actions that he took during his medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Alan Brackup will testify to all facts and opinions pertaining to his medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Alan Brackup will testify to the substance and content of all conversations had between himself and the plaintiff during his medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Alan Brackup will testify to his expert and professional assessment of the physical status of the plaintiff, and her face, scalp, and skull back at the time of Dr. Alan Brackup's medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that

he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Alan Brackup will testify to his expert and professional assessment of the physical damage suffered to the plaintiff's face, scalp, and skull, as assessed at the time of Dr. Alan Brackup's medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Alan Brackup will testify to his expert and professional recommendation made as to any actions to be taken to rectify any damage to the plaintiff's face, scalp, and skull, or to rectify any residual problems or defects associated with the plaintiff's face, scalp, and scull, which recommendations were made back at the time of Dr. Alan Brackup's medical assessments, medical examinations and/or medical treatment relating to the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiffs Medical Record.

Dr. Alan Brackup will testify to his expert and professional opinion of the prognosis concerning the plaintiff's face, scalp, and skull, a prognosis made back at the time of Dr. Alan Brackup;s medical assessments, medical examinations and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Alan Brackup will testify to his expert and professional assessment of the plaintiff's mental and emotional state at the time of Dr. Alan Brackup's medical examinations, medical assessments, and/or medical treatments of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Alan Brackup will testify to his expert and professional recommendations made as to any actions to be taken to rectify any damage to the plaintiff's psyche, mental and emotional state, body image, sense of self, self esteem, stability, and identity, as assessed at the time of at the time of Dr. Alan Brackup's medical examinations, medical assessments, and/or medical treatments of the plaintiff, and her face, scalp, and skull, and will base that testimony upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

2

Dr. Alan Brackup will testify to his expert and professional opinion of the prognosis concerning the plaintiff's mental and emotional stability in the future. Body image, sense of self, self esteem, stability, and identity, which prognosis was made back at the time of Dr. Alan Brackup's medical assessments, medical examinations, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will base that testimony upon his own recollection of events, and upon a review of the facts that he himself recited, and opinions that he himself expressed, as documented in the plaintiff's Medical Record.

Dr. Alan Brackup, as a recognized medical expert in his field, will testify to his knowledge and understanding of the affects of cosmetic surgery, reconstructive surgery, and facial trauma, on perception of body image, daily functioning, self esteem, and identity, and further testify to the legal, medical, and ethical standards to be adhered to when performing reconstructive or cosmetic surgery, in order to protect the patient's psychological well being, sense of self, physical welfare, and right to autonomy, and testify to his observation and expert opinion of the plaintiff's mental and emotional status in regard to the above issues at the time of Dr. Alan Brackup's medical assessment, medical examination, and/or medical treatment rendered to the plaintiff.

Dr. Alan Brackup will testify to all actions that he himself took regarding his documenting of his medical examinations, medical assessments, and/or medical treatment of the plaintiff, and her face, scalp, and skull, and will testify to his preservation and maintenance of that Medical Record and its integrity.

Dr. Alan Brackup will testify to his personal and professional knowledge and understanding of the legal, medical, and ethical standards imposed upon him and those of his profession, as defined by state and federal law, JCHO standards, University of Pennsylvania Medical School, University of Pennsylvania Hospital Health System, and the professional, ethical, legal obligation and duty to adhere to those legal, medical, and ethical standards.

Dr. Alan Brackup, as a recognized medical expert in his field, will testify to his knowledge and understanding of the legal, medical, and ethical standards imposed upon himself and those of his profession, regarding the disclosure of, and preservation of a patient's medical record and information, the obtaining of a patient's consent prior to the performance of any surgical procedure absent emergency, the definition of consent, the elements of informed consent, the obtaining of informed consent prior to the performance of any surgical procedure absent emergency, consent obtained under false pretenses, the preservation of a patients right to autonomy, the Hippocratic Oath, avoidance of malfeasance, the reporting of sentinel events, unauthorized performance of experimental procedures, the preservation of the integrity of the medical record, and the duties and obligations imposed on the physician and/or surgeon, whether that be Dr. Alan Brackup himself, Dr. Linton Whitaker, or, Dr. John Persing, under those

3

legal, medical, and ethical standards referred to above.

Dr. Alan Brackup will testify to his personal and professional relationship to Dr. John Persing, Yale University, Yale New Haven Hospital, Dr. Linton Whitaker, University of Pennysylvania School of Medicine, and University of Pennsylvania Hospital Health System, Dr. Gregory Borah, Dr. Gary Price and all contact had with the those entities and individuals, relating to this case, and \ relating to the plaintiff's Medical Record, since December 6, 2000.



Not Good For More Than $1,000.00



EXHIBIT 2

# OXMAN, GOODSTADT, KREVITZ & KURITZ
### A PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW

3220 TILLMAN DRIVE, SUITE 201
GLENVIEW CORPORATE CENTER
BENSALEM, PA 19020-2032

Tel: 215-638-9900 • Fax: 215-244-2688

HARRY J. OXMAN
SHELDON A. GOODSTADT *
ARTHUR G. KREVITZ, LLM *
DAVID KURITZ *†

PAMELA MILLER McGRATH *

* ALSO MEMBER OF NJ BAR
† ALSO MEMBER OF FLA BAR

OF COUNSEL
RALPH S. LEVITAN
FRANCES M. MINNIS
DANIEL J. WARD *

__Telefax (704-675-5252)__

January 6, 2006

Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC 28270-2278

RE:    __Hadley Macpherson (Egan) v. Dr. John Persing, et al.__
       __USDC, District of Conn., Docket No. 3:02CV 1973__

Dear Ms. Macpherson:

It was a pleasure speaking with you yesterday afternoon and again today. While I am truly sympathetic to your position as a *pro se* plaintiff, I completely disagree with you as to the fairness of your efforts to force Dr. Brackup to travel to Connecticut at his time and expense as opposed to you coming to Dr. Brackup's office at your own time and expense. It is my understanding that you did travel to Dr. Brackup's office for your consultation in June 2001.

As we discussed, Dr. Brackup has offered to give a deposition limited to the information contained in his consultation note if it is done in his office in Bucks County, Pennsylvania at a mutually convenient date and time and on the condition that you first provide him with a copy of the note that you advised me you obtained from his office following your consultation there. Despite this very reasonable offer, you have apparently made the decision to try to enforce a subpoena of Dr. Brackup to force him to travel to Connecticut. You apparently have also changed your mind about providing him with a copy of that consultation note.

Nevertheless, I am providing you with the enclosed copy of the surgeon's note we discussed. As I advised you yesterday, Dr. Brackup is not permitted to travel due to his back surgery just last week. At this point, Dr. Brackup has not yet retained local counsel to oppose your efforts to force him to travel to Connecticut. Should you proceed in this regard, despite your knowledge of the medical restriction documented by the enclosed surgeon's note, you will leave me no choice but to recommend to Dr. Brackup that he retain local New Haven counsel. You and I discussed at length yesterday the multiple difficulties that could potentially cause your efforts to obtain Dr. Brackup's testimony.

EXHIBIT 3

January 6, 2006
Hadley Macpherson
Page 2

I am sincerely sorry that you have chosen not to accept Dr. Brackup's reasonable offer to provide a deposition on your behalf.  Please feel free to call me should you have any questions or wish to discuss this matter further.

Very truly yours,

DAVID KURITZ
DK/aok
Encl.

# OXMAN, GOODSTADT, KREVITZ & KURITZ

### A PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW

3220 TILLMAN DRIVE, SUITE 201
GLENVIEW CORPORATE CENTER
BENSALEM, PA 19020-2032

Tel: 215-638-9900 • Fax: 215-244-2688

HARRY J. OXMAN
SHELDON A. GOODSTADT *
ARTHUR G. KREVITZ, LLM *
DAVID KURITZ * †

PAMELA MILLER McGRATH *

* ALSO MEMBER OF NJ BAR
† ALSO MEMBER OF FLA BAR

OF COUNSEL
RALPH S. LEVITAN
FRANCES M. MINNIS
DANIEL J. WARD *

## Telefax (704-675-5252)

January 5, 2006

Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC 28270-2278

RE:   **Hadley Macpherson (Egan) v. Dr. John Persing, et al.**
      **USDC, District of Conn., Docket No. 3:02CV 1973**

Dear Ms. Macpherson:

I am Dr. Brackup's personal attorney. He has forwarded to me the Subpoena which you recently had served on his office purporting to schedule his trial deposition in Greenwich, CT for January 12, 2006. Unfortunately, Dr. Brackup will not be appearing as you have requested for a number of reasons.

First, the Subpoena is not valid as to Dr. Brackup. Pursuant to the Federal Rules of Civil Procedure Dr. Brackup is beyond the subpoena power of the United States District Court for the District of Connecticut. *See* Rule 45 of the Federal Rules of Civil Procedure. Rule 45(e) states in pertinent part, "An adequate cause for failure to obey exists when a subpoena purports to require a non-party to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A)." Because Dr. Brackup is a non-party and more then 100 miles from both the courthouse and the designated deposition location he cannot be compelled to attend by simply serving a subpoena.

Second, as Dr. Brackup's office has previously advised you by letter of November 29, 2005, they no longer have any records regarding the one-time preliminary consultation from June 2001 as you never chose to become a patient of that practice. Accordingly, there are no records from which Dr. Brackup could testify.

Third, requiring Dr. Brackup to travel to Connecticut would impose an undue burden upon him both personally and professionally. This is even more so under the circumstances where he cannot offer any testimony that would be of any assistance to you since there is no record of the one preliminary consultation and you chose not to become a patient of that practice.

**EXHIBIT 4**

January 5, 2006
Hadley Macpherson
Page 2

Finally, Pennsylvania treats the opinions of a physician as "personal property" and will not permit a litigant in a civil matter to force a non-party physician to offer medical opinions. Dr. Brackup does not wish to offer any medical opinions in this matter.

I am sincerely sorry that Dr. Brackup will not be able to be of any assistance to you in this regard. Please feel free to call me should you have any questions or wish to discuss this matter further.

Very truly yours,



DAVID K
DK/aok

1756 Ashbourne Drive
Yardley, PA 19067
January 6, 2006

Matthew E. Frechette, Esq.
12 Trumball Street
New Haven, CT 06511

Dear Mr. Frechette,

I underwent back surgery on December 28, 2005 and was examined most recently by my surgeon, Dr. Michael Gratch this morning. Dr. Gratch's assessment was that I should not travel until further notice. For this reason, as well as those delineated in the letter forwarded by David Kuritz, Esq., I will be unable to attend the deposition on January 12, 2006.

I ask and authorize you to file all appropriate motions and perform any necessary actions to comply with all federal and state regulations in this matter.

Thank you for your assistance.

Sincerely,

Alan B. Brackup, MD

**EXHBIIT 5**

DEA _____

| | | | |
|---|---|---|---|
| DAVID M. JUNKIN, M.D. | #MD-9441-E | T. ROBERT TAKEI, M.D. | #MD-055950-L |
| JEFFRY F. RUBIN, M.D. | #MD-13471-E | GUY A. LEE, M.D. | #MD-058397-L |
| MICHAEL J. GRATCH, M.D. | #MD-020320-E | MOODY KWOK, M.D. | #MD-060895-L |
| ANDREW M. STAR, M.D. | #MD-029871-E | PHILIP D. ALBURGER, M.D. | #MD-012074-E |
| RICHARD A. GOLDBERG, D.O. | #OS-006254-L | DAVID J. MANCINI, M.D. | #MD-419997 |
| DAVID V. CRAFT, M.D. | #MD-042305-L | SHYAM BRAHMABHATT, M.D. | #MD-418755 |
| JOHN H. WOLF, JR., M.D. | #MD-7682-E | LEANNE MARABA, PA-C | #MA-051330 |
| GREGORY G. GALLANT, M.D. | #MD-053226-L | KRISTEN F. WARREN, PA-C | #MA-051528 |

2400 MARYLAND ROAD • WILLOW GROVE, PA 19090-1711 • TELEPHONE (215) 830-8700

NAME _____ _Alan Braching_ - ___ AGE _____

ADDRESS _____ DATE 1/6/6

_Above pt is one week recovery from surgery and may not travel til further notice._

Substitution Permissible _____ M.D.

IN ORDER FOR A BRAND NAME PRODUCT TO BE DISPENSED, THE PRESCRIBER MUST HAND-WRITE BRAND NECESSARY OR BRAND MEDICALLY NECESSARY IN THE SPACE BELOW.

## AUTHORIZATION TO USE
## AND DISCLOSE HEALTH INFORMATION

To Healthcare Provider:

*Dr. Alan Brockup*

*300 Middletown Boulevard Suite 103*

*Langhorne, Pennsylvania 19047*

Name of Patient/Individual: *Hadley MacPherson*   Date of Birth: *March 22, 1960*

I authorize you to disclose to Wiggin and Dana LLP, my health information, including but not limited to: case history, hospital records, office visit records, physician's reports and notes, nurse's notes, telephone logs, physician/hospital correspondence, medical history, consent forms, x-rays or other diagnostic studies, x-ray/film reports, pathology reports, diagnostic testing reports, laboratory reports, prescriptions/medication history, correspondence to/from patient, physicians, other healthcare providers and/or insurance companies, consultations and reports and any and all billing records, including Insurance payment information.

I authorize the above healthcare provider to disclose the information described above to Wiggin and Dana LLP, and I authorize Wiggin and Dana LLP to use the information for litigation purposes, including sharing this information with experts, health care providers, consultants retained by Wiggin and Dana LLP, and in court proceedings in connection with this litigation. Any information disclosed to Wiggin and Dana LLP should be simultaneously sent (at her own expense) to Lisa Egan a/k/a Hadley MacPherson at 2015 McKenzie Creek Drive, Charlotte, N.C. 28270.

### Expiration

This Authorization will expire upon final disposition of the litigation. I understand that Wiggin and Dana LLP is not a healthcare provider or health plan covered by the federal Privacy Rule and, therefore, that the information used or disclosed as described above may be redisclosed (to the extent permitted above) by the recipient and no longer be protected by the Privacy Rule. However, other state or federal law may prohibit the recipient from disclosing specially protected information, such as substance abuse treatment information, HIV/AIDS-related information, and psychiatric/mental health information.

I understand that I may revoke this Authorization in writing at any time, except to the extent that the above healthcare provider has already taken action in reliance on this Authorization. I understand that my refusal to sign this Authorization will not jeopardize my right to obtain present or future medical treatment except where disclosure of the information is necessary for the treatment. I understand that my refusal to sign this Authorization will not jeopardize my right to obtain present or future treatment for psychiatric disabilities except where disclosure of the information is necessary for the treatment. I understand that I am not required to sign this Authorization as a condition of treatment, payment, enrollment or eligibility for benefits.

By signing below, I acknowledge that I have read and understand this Authorization form.

*Hadley MacPherson*

Signature of Patient or
Patient's Authorized Representative

Date *November 11, 2005*

EXHIBIT 6

*1*

One Century Tower
P.O. Box 1832
New Haven, Connecticut
06508-1832

203.498.4400
203.782.2889 fax
www.wiggin.com

**WIGGIN AND DANA**

*Counsellors at Law*

November 23, 2005

Dr. Alan Brackup
300 Middletown Blvd.
Suite 103
Langhorne, PA 19047

Attn:   Medical Records Department

Re:     Records of Hadley Macpherson a/k/a Lisa Egan
        DOB: 3/22/60

Dear Sir or Madam:

Kindly provide this office with a complete copy of your file pertaining to treatment rendered to Hadley Macpherson, including, but not limited to, all office visits, x-rays/films, diagnostic/lab testing, doctor/nursing notes, correspondence to and from patient, physicians, other health care providers and/or insurance company(s), telephone log records, and any and all billing records. I have attached a medical authorization form for the release of these documents.

Any fees for the copying of these records will be promptly paid upon receipt of an invoice.

If you have any questions, please do not hesitate to contact me directly at (203) 498-4556.

Thank you very much for your anticipated cooperation.

Very truly yours,

Diana Coppola
Paralegal

Enclosure

\KS7\5009\564050.1

**EXHIBIT 7**

COSMETIC SURGERY SPECIALISTS

ALAN B. BRACKUP, M.D., F.A.C.S.

ARI D. ABEL, M.D.

November 29, 2005

To Whom It May Concern;

RE: Hadley Macpherson a/k/a Lisa Ryan

This is to inform you that the above person presented herself for a cosmetic consultation on June 13, 2001. The consultation was for her concern about hair transplantation procedures. Our office policy is to destroy all consultation paperwork after 3 years.

If you have any questions, please do not hesitate to call the office at (215) 750-9400.

Thank you,

Alan B. Brackup, M.D., F.A.C.S.
ABB/lef

EXHIBIT 8

THE COURTYARD, SUITE 103 • 300 MIDDLETOWN BLVD. • LANGHORNE, PA 19047 • 215-750-9400 • 215-750-7400 FAX

THE FARM AT DOYLESTOWN • 220 FARM LANE, SUITE 301 • DOYLESTOWN, PA 18901