Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, Connecticut
06508-1832
www.wiggin.com

Kevin S. Budge
203.498.4378
203.782.2889 fax
kbudge@wiggin.com

2006 JAN 31  A  9: 09

DISTRICT COURT

**WIGGIN AND DANA**
*Counsellors at Law*

January 27, 2006

RECEIVED
2006 JAN 30  P 12: 00
CHAMBERS JANET C. HALL
U.S. DISTRICT JUDGE

Honorable Janet C. Hall
United States District Court
915 Lafayette Blvd
Bridgeport, CT 06604

Re:    *Egan v. Yale Medical Group, et al.*

Dear Judge Hall:

At this time, I am requesting that you schedule a status conference in the above-captioned matter at your earliest convenience to address a number of items . The following is a list of items that I propose to be addressed.

1.    <u>Outstanding discovery</u>. We served discovery on the plaintiff on July 27, 2005. We understand from the plaintiff that she sent responses to the discovery requests in August 2005, but the responses have not been received. On several occasions, the plaintiff agreed to provide us with a copy of the responses but they have not been received.

2.    <u>Motions for Protective Order</u>. Three Motions for Protective Orders were filed regarding plaintiff's notices of depositions of seven witnesses. The plaintiff has not filed an opposition to any of the motions.

3.    <u>Expert Disclosures</u>. The plaintiff has disclosed five doctors as "experts" prepared to offer opinions on the standard of care. However, it appears from papers filed by at least two of these doctors that they are unwilling to act as experts in this case. It is, therefore, unclear which of plaintiff's disclosed experts will actually testify as experts.

4.    <u>Dispositive Motions</u>. Dispositive motions (i.e. summary judgment) are due by January 31, 2006, however, due to the outstanding issues referenced above, the appropriateness and timing of any dispositve motions needs to be addressed.

5.    <u>Narrowing of the issues</u>. The plaintiff has filed a two count complaint alleging lack of informed consent in both counts. Based upon the plaintiff's expert disclosures and the operative pleadings, it would be beneficial to all parties to narrow the issues for trial.

Because the plaintiff is pro se , because of the above listed items, and because of continued issues regarding the mailing and receiving of documents, a status conference is necessary.

*New Haven   Stamford   New York   Hartford   Philadelphia*

Honorable Janet C. Hall
January 27, 2006
Page 2

**WIGGIN AND DANA**

*Counsellors at Law*

By a copy of this letter, I invite the plaintiff to supplement this list to the extent that she has additional issues that she would like to discuss.

Very truly yours,

Kevin S. Budge

cc:    Hadley McPherson, a/k/a Lisa Egan (VIA FEDEX)
       Penny Q. Seaman, Esq.

\487\5009\574786.2