UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LISA EGAN (a/k/a HADLEY MACPHERSON), :
                                                 :

        Plaintiff,                    :

                                                 :   CASE NO. 302CV1973 (JCH)

        v.                       :

                                               :

YALE MEDICAL GROUP, YALE-NEW     :
HAVEN HOSPITAL, YALE PLASTIC       :
SURGERY and DR. JOHN PERSING,     :

                                               :   FEBRUARY 17, 2006

        Defendants.              :

                                             :

## MOTION TO DISMISS

Pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure, defendants, Yale Medical Group, Yale-New Haven Hospital, Yale Plastic Surgery and Dr. John Persing ("defendants"), hereby move to dismiss this action for plaintiff's failure to comply with this Court's February 1, 2006 Order. That Order required plaintiff to provide defendants with responses to their July 27, 2005 Second Set of Interrogatories and Requests for Production by February 14, 2006, but she has failed to do so. In support of this Motion, defendants submit the attached Memorandum of Law.

**ARGUMENT NOT REQUESTED**
**TESTIMONY NOT REQUIRED**

RESPECTFULLY SUBMITTED BY
DEFENDANTS,
YALE MEDICAL GROUP
YALE-NEW HAVEN HOSPITAL
YALE PLASTIC SURGERY
JOHN PERSING, M.D.

By:_____

Penny Q. Seaman (ct05813)
Kevin S. Budge (ct19097)
Wiggin and Dana LLP
P. O. Box 1832
New Haven, CT 06508-1832
Tel:  (203) 498-4400
Fax:  (203) 782-2889
Email:  pseaman@wiggin.com
           kbudge@wiggin.com

## CERTIFICATION

I hereby certify that on this 17th day of February 2006, a copy of the foregoing was served via Federal Express to the following pro se party of record:

Lisa Egan, n/k/a Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC  28270


_____
Kevin S. Budge

\487\5009\578720.1

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA EGAN (a/k/a HADLEY MACPHERSON), | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CASE NO. 302CV1973 (JCH)** |
| v. | : | |
| | : | |
| YALE MEDICAL GROUP, YALE-NEW | : | |
| HAVEN HOSPITAL, YALE PLASTIC | : | |
| SURGERY and DR. JOHN PERSING, | : | |
| | : | **FEBRUARY 17, 2006** |
| **Defendants.** | : | |

MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

I.    BACKGROUND

This is a medical malpractice action in which plaintiff claims that defendants failed to obtain her informed consent prior to performing cosmetic surgery on December 6, 2000. On July 27, 2005, defendants served their Second Set of Interrogatories and Requests for Production on plaintiff (the "Interrogatories"). See Exhibit A. Plaintiff did not respond to these Interrogatories.[1]

On January 4, 2006, defendants' counsel sent plaintiff a letter requesting responses to the Interrogatories and provided plaintiff with another copy of same. See Exhibit C. Again, no responses were received. On February 1, 2006, the Court ordered plaintiff to file her responses to the Interrogatories and serve a copy on Defendants' counsel by February 14, 2006, or the case

---

[1] In a filing with the Court, plaintiff suggests that an attorney for defendants withdrew the Interrogatories in August 2005. Although plaintiff has provided many explanations for her failure to answer the Interrogatories over the past months, prior to February 14, 2006, she never claimed that they had been withdrawn. Attached is an Affidavit of James Craven (Exhibit B), attesting to the fact that he never offered, or agreed, to withdraw the Interrogatories.

would be dismissed. See Exhibit D. Plaintiff has failed to file responses to the Interrogatories or serve a copy of said responses on Defendants' counsel by February 14, 2006.

## II.    ARGUMENT

Pursuant to Fed. R. Civ. P. 41(b), plaintiff's complaint should be dismissed for her failure to comply with this Court's February 1, 2006 Order. Rule 41(b) authorizes a court to dismiss an action for "failure of the plaintiff to prosecute or to comply with ... any order of court... ." *Fed. R. Civ. P. 41(b)*

In determining whether a case may be dismissed under Rule 41(b), a court considers the following factors:  (1) the duration of the plaintiff's failure to comply with the court order;  (2) whether the plaintiff was on notice that failure to comply would result in dismissal;  (3) whether the defendants are likely to be prejudiced by further delay in the proceedings;  (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard;  and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *See Spencer v. Doe*, 1998 WL 90841, at *4-5 (2d Cir. 1998) (citing *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir.1994); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir.1988)).

Despite the fact that more than six months have passed since the Interrogatories were served on plaintiff and, despite this Court's February 1, 2006 Order, as of the date of this Motion, no responses have been filed or received.

Plaintiff was on notice that a failure to comply with the Court's Order by serving responses to the Interrogatories would subject the case to dismissal because the Order specifically stated that failure to comply "will result in dismissal of the case." See Exhibit C.

2

Defendants respectfully request, therefore, that the Court enter a judgment of dismissal pursuant to Rule 41(b) of the Rules of Federal Procedure.

## III.    CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant their Motion to Dismiss and enter a judgment dismissing plaintiff's action with prejudice.

RESPECTFULLY SUBMITTED BY
DEFENDANTS,
YALE MEDICAL GROUP
YALE-NEW HAVEN HOSPITAL
YALE PLASTIC SURGERY
JOHN PERSING, M.D.

By:_____

Penny Q. Seaman (ct05813)
Kevin S. Budge (ct19097)
Wiggin and Dana LLP
P. O. Box 1832
New Haven, CT 06508-1832
Tel: (203) 498-4400
Fax: (203) 782-2889
Email: pseaman@wiggin.com
        kbudge@wiggin.com

3

## CERTIFICATION

I hereby certify that on this 17th day of February 2006, a copy of the foregoing was served via Federal Express to the following pro se party of record:

Lisa Egan, n/k/a Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC  28270

_____

Kevin S. Budge

\487\5009\578720.1

4

TAB A

**Petruzzello, Agnes**

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **Sent:** | Thursday, July 28, 2005 9:29 AM |
| **To:** | Petruzzello, Agnes |
| **Subject:** | FedEx Shipment 791150828955 Delivered |

This tracking update has been requested by:

Name:   'not provided by requestor'

E-mail:   'not provided by requestor'

Our records indicate that the following shipment has been delivered:

Tracking number:           791150828955
Reference:                 487/5009
Ship (P/U) date:           Jul 27, 2005
Delivery date:             Jul 28, 2005 09:23 AM
Sign for by:               Signature Release on file
Service type:              FedEx Priority Overnight
Packaging type:            FedEx Envelope
Number of pieces:          1
Weight:                    0.5 LB

Shipper Information                Recipient Information
AGNES PETRUZZELLO                  Lisa Egan, n/k/a Hadley Macpherson
WIGGIN & DANA                      2015 McKenzie Creek Drive
265 CHURCH STREET                  Charlotte
NEW HAVEN                          NC
CT                                 US
US                                 28270
06510

Special handling/Services:
Deliver Weekday
Residential Delivery

Please do not respond to this message. This email was sent from an unattended mailbox.
This report was generated at approximately 8:24 AM CDT on 07/28/2005.

To learn more about FedEx Express, please visit our website at fedex.com.

All weights are estimated.

To track the status of this shipment online, please use the following:
https://www.fedex.com/fedexiv/us/findit/nrp.jsp?tracknumbers=791150828955
&language=en&opco=FX&clientype=ivpodalrt

This tracking update has been sent to you by FedEx on the behalf of the Requestor noted
above. FedEx does not validate the authenticity of the requestor and does not validate,
guarantee or warrant the authenticity of the request, the requestor's message, or the
accuracy of this tracking update. For tracking results and fedex.com's terms of use, go
to fedex.com.

Thank you for your business.

1

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| LISA EGAN (a/k/a HADLEY MACPHERSON), : | |
| Plaintiff, : | |
| v. : | CASE NO. 302CV1973 (JCH) |
| YALE MEDICAL GROUP, YALE-NEW : HAVEN HOSPITAL, YALE PLASTIC : SURGERY and DR. JOHN PERSING, : | |
| Defendants. : | JULY 27, 2005 |

## DEFENDANTS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 9(d) of the Local Rules for the District of Connecticut, Defendants Yale Medical Group, Yale-New Haven Hospital, Yale Plastic Surgery and John Persing, M.D. request that Plaintiff, Lisa Egan (a/k/a Hadley Macpherson), answer the following interrogatories within thirty days hereof and produce the following documents at the offices of Wiggin and Dana, LLP, One Century Tower, New Haven, Connecticut 06508 within thirty days hereof.

## DEFINITIONS AND INSTRUCTIONS

A.     "Document" includes, but is not limited to, the originals (or a copy if the original is not in your possession, custody or control) and all non-identical copies (different from the originals by reason of notations made on or attached to such copies, or otherwise) of all letters, telegrams, telex messages, cables, contracts, memoranda, intra- or inter-office memoranda, papers, notes, reports, studies, calendar and diary entries, pamphlets, periodicals, books, pictures, photographs, graphs, charts, tabulations, analyses, working papers, indices, statistical or informational accumulations, data sheets,

data processing cards, tapes, sound or video recordings, computer printouts, contemporaneous notes or written recollections of interviews, conferences, telephone calls, meetings, or any other type of communication; drafts or preliminary revisions of all of the above; and any other written, printed, typed or other graphic matter of any nature, no matter how produced or reproduced.

B.      "You", "your", and "yours" means the plaintiff Lisa Egan (a/k/a Hadley Macpherson), her predecessors in interest, if any, her employees, agents, representatives, attorneys and all other persons whoever acted or purported to act on her behalf.

C.      "Healthcare Provider" means any hospital, clinic, medical center, convalescent home or any other institution whose function is to provide medical treatment, rehabilitation or convalescence, physician, doctor, nurse, therapist, psychologist, psychiatrist, social worker or pharmacist.

D.      "Surgical Procedures" means the plastic surgery procedures performed on you by Dr. Persing which are the subject of the claims alleged in your complaint including: the December 6, 2000 Blespharoplasty, Septoplasty, Rhinoplasty, Browlift and any other surgical procedures performed upon you by Dr. Persing which are the subject of the claims alleged in your complaint.

E.      "Identify" means state the names and addresses.

F.      "Treatment" includes examinations, appointments, surgery, out-patient procedures, follow-up appointments, medical testing, and diagnostic imaging.

G.      With respect to any information or document which you withhold on the ground of attorney-client privilege or work product doctrine, defendant requests that you identify the subject matter of the information or document, the date of the document, the

author and addressee, and each person to whom the contents of the document were communicated.

H.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, you have a continuing duty to supplement or correct your answers to these interrogatories by information you learn subsequent to your compliance with these interrogatories.

## INTERROGATORIES

1.     List and describe all injuries, conditions or illnesses that you claim to have sustained as a result of the Surgical Procedures performed by Dr. Persing on December 6, 2000.

2.     If you received or are receiving treatment for any of the claimed injuries, conditions or illnesses that you claim to have sustained as a result of the Surgical Procedures performed by Dr. Persing on December 6, 2000, specify the treatment, when it was received, and the healthcare provider rendering such treatment.

3.     Identify all healthcare providers who have treated you from December 6, 1995 to the present, including the dates of said treatment, and the nature of such treatment.

4.    In your Amended Complaint, you claim monetary damages in the amount of $5,000,000.00. Explain, specifically, how you calculate $5,000,000.00 in damages, including any economic loss.

5.    Identify all witnesses that you intend to call at trial and provide a summary of their expected testimony.

6.    Provide the entire and complete case caption for all lawsuits that you have been a party to from July 1995 to the present, including the subject matter of the lawsuit, and the disposition of the case.

7.    List all employers, position held, dates of employment, reason for termination of employment and wages earned from July 1995 to the present.

8.    With regard to your informed consent claims, provide a list of all the information Dr. Persing should have provided you with but did not prior to your December 6, 2000 Surgical Procedures.

-4-

9.    Do you have an independent medical expert to testify at trial that Dr. Persing deviated from the applicable standard of care and, if so, identify that doctor.

10.    In your good faith certificate attached to your Amended Complaint, you state that you had appointments with four cosmetic and plastic surgeons from Connecticut, Pennsylvania and New Jersey who "all stated [your] case was not frivolous." Identify those four cosmetic and plastic surgeons, state when you consulted with them and provide a summary of their opinions.

11.    Describe each and every conversation you had with Dr. Persing prior to and after the Surgical Procedures performed on December 6, 2000, including the date, location of the conversation and identity of any witnesses to the conversations.

12.    Identify those portions of the records of Dr. Persing or other defendants that you allege to have been "altered".

## REQUEST FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendants, Yale-New Haven Hospital, Yale Plastic Surgery and Dr. John Persing, hereby requests that the plaintiff, Lisa Egan (a/k/a Hadley Macpherson), produce and permit defendants, or someone acting on their behalf, to inspect and copy the following designated documents. Defendants request that said documents or copies thereof be produced at the offices of Wiggin and Dana, LLP One Century Tower, New Haven, Connecticut within thirty days of the date hereof.

1.    Copies of records, reports and itemized bills of all healthcare providers which you have consulted in the 5 years preceding the date of the December 6, 2000 Surgical Procedures alleged in the complaint.

2.    Copies of all records of Dr. Persing or other defendants that you allege to have been "altered", and corresponding copies of the unaltered records.

3.    Written authorization, signed by you, to inspect and obtain copies of employment records, and any unemployment, workers' compensation or disability records (attached hereto).

4.    Copies of your federal income tax returns from December 1995 to the present. If income tax returns are not in your possession, provide an executed Internal Revenue form authorizing Wiggin and Dana, defendants' attorney, to obtain a copy of those returns (attached hereto).

5.    Copies of any diaries, journals, memoranda or other documents made by you or your agents or representatives that relate directly or indirectly to the allegations, claims and Surgical Procedures alleged in the Amended Complaint.

6.    A copy of your most current resume.

7.    Copies of all photographs and videos depicting the injuries alleged in your Amended Complaint

RESPECTFULLY SUBMITTED BY
DEFENDANTS,
YALE MEDICAL GROUP
YALE-NEW HAVEN HOSPITAL
YALE PLASTIC SURGERY
JOHN PERSING, M.D.


By: _____

    Penny Q. Seaman (ct05813)
    Kevin S. Budge (ct19097)
    Wiggin & Dana LLP
    P. O. Box 1832
    New Haven, CT 06508-1832
    Tel:  (203) 498-4400
    Fax:  (203) 782-2889
    Email:  pseaman@wiggin.com
            kbudge@wiggin.com

# **VERIFICATION**

STATE OF NORTH CAROLINA    )

                        ss:                                 , 2005

COUNTY OF    )

        I, Lisa Egan (a/k/a Hadley Macpherson), being duly sworn, depose and say that I am the plaintiff in this action. I have read the foregoing Answers to Defendants' Interrogatories and Requests for Production and believe the same to be true and correct answers.

_____

Macpherson)                             Lisa Egan (a/k/a Hadley

Subscribed and sworn to before me
this _____ day of _____, 2005.

_____

Notary Public
My Commission Expires:

## **CERTIFICATION**

This is to certify that on this 27th day of July 2005, a copy of the foregoing was

sent via FEDEX certified mail, return receipt requested, to the pro se plaintiff:

Lisa Egan, n/k/a Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC  28270


_____
Kevin S. Budge

\487\5009\532836.4

-10-

**TAB B**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LISA EGAN (a/k/a HADLEY MACPHERSON), : | |
| : | |
| **Plaintiff,** : | |
| : | **CASE NO. 302CV1973 (JCH)** |
| **v.** : | |
| : | |
| **YALE MEDICAL GROUP, YALE-NEW** : | |
| **HAVEN HOSPITAL, YALE PLASTIC** : | |
| **SURGERY and DR. JOHN PERSING,** : | |
| : | **FEBRUARY 17, 2006** |
| **Defendants.** : | |

## AFFIDAVIT OF ATTORNEY JAMES CRAVEN

I, James Craven, being duly sworn, do hereby depose and say that:

1.      I am over the age of 18 and believe in the obligations of an oath.

2.      I am an Attorney at the law firm of Wiggin and Dana LLP, and I represent Yale Medical Group, Yale-New Haven Hospital, Yale Plastic Surgery and Dr. John Persing ("Defendants") in this action.

3.      On July 27, 2005, Defendants served their Second Set of Interrogatories and Requests for Production (the "July 27, 2005 Discovery") on Hadley Macpherson a/k/a Lisa Egan ("Plaintiff").

4.      On August 5, 2005 and on August 9, 2005, I discussed plaintiff's "problems" relative to the medical authorization that my office had previously sent to her. In addition, during the August 5, 2005 conversations I discussed with Plaintiff, her questions and concerns regarding the July 27, 2005 Interrogatories and Request for Production.

5.    Although I agreed to produce amended authorizations to address plaintiff's concerns, at no time during any of these conversations or at any other time did I withdraw or indicate to plaintiff that I would withdraw the July 27, 2005 Interrogatories and Request for Production .

6.    As of the date of this affidavit, and despite subsequent requests for plaintiff to provide compliance to those requests, Wiggin and Dana, LLP has not received responses to the July 27, 2005 Interrogatories and Request for Production.

The foregoing is true to the best of my knowledge and belief.

James Craven

Sworn and subscribed to before me
this 17th day of February, 2006.

Notary Public

My Commission Expires December 31, 2006

\487\5009\578822.1

- 2 -

**TAB C**

Wiggin and Dana LLP        Kevin S. Budge
One Century Tower          203.498.4378
P.O. Box 1832              203.782.2889 fax
New Haven, Connecticut     kbudge@wiggin.com
06508-1832
www.wiggin.com

**WIGGIN AND DANA**

*Counsellors at Law*

**VIA FEDERAL EXPRESS**   7918 2410 8268

January 4, 2006

Lisa Egan, n/k/a Hadley MacPherson
2015 McKenzie Creek Drive
Charlotte, NC  28270

Re:    Egan v. Yale Medical Group, et al.

Dear Ms. MacPherson:

I am enclosing a copy of Defendants' Second Set of Interrogatories and Requests for
Production dated July 27, 2005 to which we have not yet received responses that
were due October 31, 2005.

If we do not receive your responses by January 17, 2006, we will file the appropriate
motions with the Court.

Very truly yours,

Kevin S. Budge

Enclosure

\487\5009\570457.1

## Petruzzello, Agnes

**From:** TrackingUpdates@fedex.com
**Sent:** Thursday, January 05, 2006 10:53 AM
**To:** Petruzzello, Agnes
**Subject:** FedEx Shipment 791824108268 Delivered

This tracking update has been requested by:

Name:  'not provided by requestor'

E-mail:  'not provided by requestor'

Our records indicate that the following shipment has been delivered:

Tracking number:          791824108268
Reference:                487/5009  K. Budge
Ship (P/U) date:          Jan 4, 2006
Delivery date:            Jan 5, 2006 10:09 AM
Sign for by:              Signature Release on file
Delivered to:             Residence
Service type:             FedEx Priority Overnight
Packaging type:           FedEx Envelope
Number of pieces:         1
Weight:                   0.5 LB

Shipper Information          Recipient Information
AGNES PETRUZZELLO            Lisa Egan, n/k/a Hadley MacPherson
WIGGIN & DANA               2015 McKenzie Creek Drive
265 CHURCH STREET           Charlotte
NEW HAVEN                   NC
CT                          US
US                          28270
06510

Special handling/Services:
Deliver Weekday
Residential Delivery

Please do not respond to this message. This email was sent from an unattended mailbox.
This report was generated at approximately 9:20 AM  CST on 01/05/2006.

To learn more about FedEx Express, please visit our website at fedex.com.

All weights are estimated.

To track the status of this shipment online, please use the following:
https://www.fedex.com/fedexiv/us/findit/nrp.jsp?tracknumbers=791824108268
&language=en&opco=FX&clientype=ivpodalrt

This tracking update has been sent to you by FedEx on the behalf of the Requestor noted
above. FedEx does not validate the authenticity of the requestor and does not validate,
guarantee or warrant the authenticity of  the request, the requestor's message, or the
accuracy of this tracking update.  For tracking results and fedex.com's terms of use, go
to fedex.com.

Thank you for your business.

1

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LISA EGAN (a/k/a HADLEY MACPHERSON), :

Plaintiff,             :

v.                  :       CASE NO. 302CV1973 (JCH)

  : 

YALE MEDICAL GROUP, YALE-NEW : 
HAVEN HOSPITAL, YALE PLASTIC :
SURGERY and DR. JOHN PERSING, :

Defendants.        :       JULY 27, 2005

  :

## DEFENDANTS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 9(d) of the Local Rules for the District of Connecticut, Defendants Yale Medical Group, Yale-New Haven Hospital, Yale Plastic Surgery and John Persing, M.D. request that Plaintiff, Lisa Egan (a/k/a Hadley Macpherson), answer the following interrogatories within thirty days hereof and produce the following documents at the offices of Wiggin and Dana, LLP, One Century Tower, New Haven, Connecticut 06508 within thirty days hereof.

## DEFINITIONS AND INSTRUCTIONS

A.    "Document" includes, but is not limited to, the originals (or a copy if the original is not in your possession, custody or control) and all non-identical copies (different from the originals by reason of notations made on or attached to such copies, or otherwise) of all letters, telegrams, telex messages, cables, contracts, memoranda, intra- or inter-office memoranda, papers, notes, reports, studies, calendar and diary entries, pamphlets, periodicals, books, pictures, photographs, graphs, charts, tabulations, analyses, working papers, indices, statistical or informational accumulations, data sheets,

data processing cards, tapes, sound or video recordings, computer printouts, contemporaneous notes or written recollections of interviews, conferences, telephone calls, meetings, or any other type of communication; drafts or preliminary revisions of all of the above; and any other written, printed, typed or other graphic matter of any nature, no matter how produced or reproduced.

B.    "You", "your", and "yours" means the plaintiff Lisa Egan (a/k/a Hadley Macpherson), her predecessors in interest, if any, her employees, agents, representatives, attorneys and all other persons whoever acted or purported to act on her behalf.

C.    "Healthcare Provider" means any hospital, clinic, medical center, convalescent home or any other institution whose function is to provide medical treatment, rehabilitation or convalescence, physician, doctor, nurse, therapist, psychologist, psychiatrist, social worker or pharmacist.

D.    "Surgical Procedures" means the plastic surgery procedures performed on you by Dr. Persing which are the subject of the claims alleged in your complaint including: the December 6, 2000 Blespharoplasty, Septoplasty, Rhinoplasty, Browlift and any other surgical procedures performed upon you by Dr. Persing which are the subject of the claims alleged in your complaint.

E.    "Identify" means state the names and addresses.

F.    "Treatment" includes examinations, appointments, surgery, out-patient procedures, follow-up appointments, medical testing, and diagnostic imaging.

G.    With respect to any information or document which you withhold on the ground of attorney-client privilege or work product doctrine, defendant requests that you identify the subject matter of the information or document, the date of the document, the

author and addressee, and each person to whom the contents of the document were communicated.

H.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, you have a continuing duty to supplement or correct your answers to these interrogatories by information you learn subsequent to your compliance with these interrogatories.

**INTERROGATORIES**

1.     List and describe all injuries, conditions or illnesses that you claim to have sustained as a result of the Surgical Procedures performed by Dr. Persing on December 6, 2000.

2.     If you received or are receiving treatment for any of the claimed injuries, conditions or illnesses that you claim to have sustained as a result of the Surgical Procedures performed by Dr. Persing on December 6, 2000, specify the treatment, when it was received, and the healthcare provider rendering such treatment.

3.     Identify all healthcare providers who have treated you from December 6, 1995 to the present, including the dates of said treatment, and the nature of such treatment.

4.     In your Amended Complaint, you claim monetary damages in the amount of $5,000,000.00. Explain, specifically, how you calculate $5,000,000.00 in damages, including any economic loss.

5.     Identify all witnesses that you intend to call at trial and provide a summary of their expected testimony.

6.     Provide the entire and complete case caption for all lawsuits that you have been a party to from July 1995 to the present, including the subject matter of the lawsuit, and the disposition of the case.

7.     List all employers, position held, dates of employment, reason for termination of employment and wages earned from July 1995 to the present.

8.     With regard to your informed consent claims, provide a list of all the information Dr. Persing should have provided you with but did not prior to your December 6, 2000 Surgical Procedures.

4.      Copies of your federal income tax returns from December 1995 to the present. If income tax returns are not in your possession, provide an executed Internal Revenue form authorizing Wiggin and Dana, defendants' attorney, to obtain a copy of those returns (attached hereto).

5.      Copies of any diaries, journals, memoranda or other documents made by you or your agents or representatives that relate directly or indirectly to the allegations, claims and Surgical Procedures alleged in the Amended Complaint.

6.      A copy of your most current resume.

7.      Copies of all photographs and videos depicting the injuries alleged in your Amended Complaint

## REQUEST FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendants, Yale-New Haven Hospital, Yale Plastic Surgery and Dr. John Persing, hereby requests that the plaintiff, Lisa Egan (a/k/a Hadley Macpherson), produce and permit defendants, or someone acting on their behalf, to inspect and copy the following designated documents. Defendants request that said documents or copies thereof be produced at the offices of Wiggin and Dana, LLP One Century Tower, New Haven, Connecticut within thirty days of the date hereof.

1.    Copies of records, reports and itemized bills of all healthcare providers which you have consulted in the 5 years preceding the date of the December 6, 2000 Surgical Procedures alleged in the complaint.

2.    Copies of all records of Dr. Persing or other defendants that you allege to have been "altered", and corresponding copies of the unaltered records.

3.    Written authorization, signed by you, to inspect and obtain copies of employment records, and any unemployment, workers' compensation or disability records (attached hereto).

4.      Copies of your federal income tax returns from December 1995 to the present. If income tax returns are not in your possession, provide an executed Internal Revenue form authorizing Wiggin and Dana, defendants' attorney, to obtain a copy of those returns (attached hereto).

5.      Copies of any diaries, journals, memoranda or other documents made by you or your agents or representatives that relate directly or indirectly to the allegations, claims and Surgical Procedures alleged in the Amended Complaint.

6.      A copy of your most current resume.

7.      Copies of all photographs and videos depicting the injuries alleged in your Amended Complaint

RESPECTFULLY SUBMITTED BY
DEFENDANTS,
YALE MEDICAL GROUP
YALE-NEW HAVEN HOSPITAL
YALE PLASTIC SURGERY
JOHN PERSING, M.D.


By:_____
        Penny Q. Seaman (ct05813)
        Kevin S. Budge (ct19097)
        Wiggin & Dana LLP
        P. O. Box 1832
        New Haven, CT 06508-1832
        Tel:  (203) 498-4400
        Fax:  (203) 782-2889
        Email:  pseaman@wiggin.com
                kbudge@wiggin.com

## **VERIFICATION**

STATE OF NORTH CAROLINA    )

                  ss:

COUNTY OF              )                  , 2005

I, Lisa Egan (a/k/a Hadley Macpherson), being duly sworn, depose and say that I am the plaintiff in this action.  I have read the foregoing Answers to Defendants' Interrogatories and Requests for Production and believe the same to be true and correct answers.

_____

Macpherson)                    Lisa Egan (a/k/a Hadley

Subscribed and sworn to before me
this _____ day of _____, 2005.

_____

Notary Public
My Commission Expires:

## <u>CERTIFICATION</u>

This is to certify that on this 27th day of July 2005, a copy of the foregoing was sent via FEDEX certified mail, return receipt requested, to the pro se plaintiff:

Lisa Egan, n/k/a Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC  28270

_____

Kevin S. Budge

\487\5009\532836.4

**TAB D**

**Budge, Kevin**

| | |
|---|---|
| **From:** | CMECF@ctd.uscourts.gov |
| **Sent:** | Saturday, February 04, 2006 12:12 AM |
| **To:** | CMECF@ctd.uscourts.gov |
| **Subject:** | Summary of ECF Activity |

**Activity has occurred in the following cases:**

**3:02-cv-01973-JCH Egan v. Yale Med Group, et al**
**Letter   96**

**Docket Text:**
Letter from Kevin S. Budge Dated January 27, 2006 Re: Requesting a Scheduled Status Conference. (Sanders, C.)

**3:02-cv-01973-JCH Egan v. Yale Med Group, et al**
**Order   97**

**Docket Text:**
ORDER that plaintiff to file her responses to 7/27/05, which she served previously with the court, copy to defense counsel by 2/14/06. Failure to do so will result in the dismissal of this case. Defendants are given until 2/28/06 to file dispositive motion re [96] Letter requesting scheduled status conference Dismissal by 2/14/2006 Dispositive Motions due by 2/28/2006.. Signed by Judge Janet C. Hall on 2/1/2006. (Sanders, C.)