UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LISA EGAN (a/k/a HADLEY MACPHERSON), : | |
| : | |
| **Plaintiff,** : | |
| : | **CASE NO. 302CV1973 (JCH)** |
| **v.** : | |
| : | |
| **YALE MEDICAL GROUP, YALE-NEW** : | |
| **HAVEN HOSPITAL, YALE PLASTIC** : | |
| **SURGERY and DR. JOHN PERSING,** : | |
| : | **FEBRUARY 28, 2006** |
| **Defendants.** : | |
| : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, defendants, Yale Medical Group, Yale-New Haven Hospital, Yale Plastic Surgery and Dr. John Persing ("defendants"), hereby file this Memorandum of Law in support of their Motion for Summary Judgment, dated February 28, 2006.

Defendants are entitled to the entry of summary judgment in their favor on plaintiff's Amended Complaint, dated January 24, 2004, to the extent that she is alleging medical malpractice claims against them as she has no expert who is willing to give expert medical testimony regarding any alleged deviation from the standard of care. As a matter of law, without expert testimony, plaintiff cannot establish that defendants deviated from the standard of care and consequently are entitled to the entry of summary judgment in their favor.

Further, defendant, Yale-New Haven Hospital, is entitled to summary judgment on the ground that an action for lack of informed consent may not be brought against it because, at all times relevant to the allegations of the Amended Complaint, Dr. John Persing was an employee of Yale University and not an employee of Yale-New Haven Hospital.

## STATEMENT OF UNDISPUTED FACTS[1]

Plaintiff's medical malpractice action claims that defendants negligently performed cosmetic surgery on her on December 6, 2000, and failed to obtain her informed consent for portions of that surgery. Plaintiff's 228 paragraph two-count Amended Complaint appears to allege claims for both medical malpractice and lack of informed consent - both claims are intermingled in each of the two counts.[2] In Count One, plaintiff alleges inadequate consent to a "Brow Lift"[3] performed by Dr. Persing on December 6, 2000, and also appears to allege that Dr. Persing improperly performed the "Brow lift" leaving a "zigzagged scar." *See* Count One of Amended Complaint. In Count Two, plaintiff claims inadequate consent to the Septoplasty and Rhinoplasty on her nose and also appears to allege that Dr. Persing improperly performed these two procedures. *See* Count Two of Amended Complaint.

On November 28, 2005, plaintiff filed her initial Disclosure of Experts pursuant to rule 26(a)(2). In her initial disclosure, plaintiff disclosed five plastic surgeons as treating experts, Dr. Gary Price, Dr. Alan Brackup, Dr. Linton Whitaker, Dr. Gregory Borah and Dr. John Persing. On November 30, 2005, plaintiff filed an Amended Disclosure of Expert Witnesses, which lists Dr. Linton Whitaker of Philadelphia, Pennsylvania, and Dr. Gregory Borah of New Brunswick, New Jersey, as the only expert witnesses who will testify on her behalf regarding the standard of care of Dr. Persing. *See* Plaintiff's Amended Disclosure of Expert Witnesses Under Rule 26(a)(2).

On January 6, 2006, Dr. Borah wrote a letter to plaintiff, with a copy to defendants' counsel, stating that he was "unable to testify on [Plaintiff's] behalf because of a conflict of

---

[1] See Defendants' Local Rule 56(a)1 Statement, attached hereto as Exhibit A.
[2] Plaintiff's Amended Complaint vacillates between allegations of deviation from the standard of care and lack of informed consent.
[3] Also, intermittently referred to as a forehead lift throughout the complaint.

interest," attached hereto as Exhibit B.  In addition, upon information and belief, Dr. Whittaker has not agreed to provide expert opinion testimony on plaintiff's behalf.[4]  Therefore, plaintiff does not have any expert who is expected to testify regarding the standard of care for a plastic surgeon and give his opinion regarding any deviation from the standard of care by Dr. Persing.

At all times relevant to the allegations of the Amended Complaint, Dr. Persing was not an employee of Yale-New Haven Hospital.  *See* Yale University's, Yale-New Haven Hospital's and Dr. John Persing's Answers to Plaintiff's Amended Complaint ¶¶ 11.

## ARGUMENT

### A.     Legal Standard For Summary Judgment

The standard for summary judgment is well settled.  Summary judgment shall be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See Jute v. Hamilton Sunstrand Corp.*, 321 F.Supp. 2d 408, 413-14 (D.Conn. 2004) (Covello, *J.*)

"In determining whether a genuine issue of material fact exist[s], the court must consider the *competency* of the evidence on which the plaintiffs relied to substantiate their adverse claim." *Drew v. William W. Backus Hosp.*, 77 Conn. App. 645, 665 (2003) (emphasis in original). "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." *Barrett*, 232 Conn. at 255 (internal quotation marks omitted). "The motion for summary judgment is designed to eliminate the delay and expense of litigating an

---

[4]Plaintiff also disclosed Dr. Gary J. Price and  Dr. Alan Brackup as treating experts.  Even though Dr. Price and Dr. Brackup have not been disclosed as experts who will provide opinion and testimony regarding standard of care, both have refused to provided expert opinion or testimony on plaintiff's behalf. See Exhibit C (Affidavit of Gary J. Price, M.D., filed as Exhibit 2 to Dr. Price's motion to quash and for protective order, dated January 9, 2006) and Exhibit D (letter from Dr. Brackup's counsel, filed as Exhibit 4 to Dr. Brackup's motion to quash, dated January 9, 2006), respectively.

issue when there is no real issue to be tried." *Wilson v. City of New Haven*, 213 Conn. 277, 279 (1989).

**B.     Plaintiff Cannot Maintain Her Medical Malpractice Claims Against Defendants Without Expert Testimony**

"To prevail in a medical malpractice action, the plaintiff must prove (1) the requisite standard of care for treatment, (2) a deviation from that standard of care, and (3) a causal connection between the deviation and the claimed injury." *Gold v. Greenwich Hosp.*, 262 Conn. 248, 254-55 (2002). It is well established that in a medical malpractice action, a plaintiff must prove these elements through expert testimony. *Williams v. Chameides*, 26 Conn. App. 818, 822 (1992) (*quoting Samose v. Hammer-Passero Norwalk Chiropractic Group, P.C.,* 24 Conn. App. 99, 102-103 (1991)), *cert. denied,* 221 Conn. 923 (1992); *see also, Pisel*, 180 Conn. at 334-42 (1980); *Stowe v. McHugh*, 46 Conn. App. 391, 394, 699 A.2d 279, *cert. denied,* 243 Conn. 932, 701 A.2d 662 (1997). Without proof of these elements through the introduction of expert testimony, the plaintiff's medical malpractice action fails. Plaintiff has disclosed Dr. Whitaker and Dr. Borah to testify regarding the standard of care. However, Dr. Borah has refused to provide expert opinion on plaintiff's behalf (Exhibit B) and on information and belief, Dr. Whitaker has not agreed to provide expert opinion on plaintiff's behalf.

Therefore, because plaintiff does not have any expert who will testify regarding the standard of care of a plastic surgeon or opine that Dr. Persing deviated from the standard of care, plaintiff cannot prove an essential element of her medical malpractice claims against defendants. As a result, plaintiff's claims of medical malpractice against defendants must fail and defendants are entitled to summary judgment on those allegations.

### C.    Plaintiff Cannot Maintain An Action For Lack Of Informed Consent Against Yale-New Haven Hospital

It is well settled in Connecticut that a hospital has "no duty to obtain [a patient's] informed consent for surgery to be performed by a nonemployee physician" or "that a hospital, whose facilities are utilized by independent physicians, as a kind of surety, must guarantee that informed consent is obtained prior to the commencement of any surgical procedure." *Petriello v. Kalman*, 214 Conn. 377, 384–85 (1990) (citing *Logan v. Greenwich Hosp. Ass'n*, 191 Conn. 282, 292, 306 (1983)).[5]    Rather, it is the non-employee surgeon's "responsibility, and his responsibility alone, to obtain the informed consent of his patient, prior to commencing any surgical procedure." *Petriello*, 214 Conn. at 387–88.  As the Court in *Goss v. Oklahoma Blood Institute*, 856 P.2d 998, 1001, 1006–07 (Okla. Ct. App. 1990) explained, there is *no authority* "imposing a like duty on *hospitals* to inform patients of potential risks and/or available alternatives to a particular procedure or treatment." *Id.* at 1007 (emphasis in original).  Instead, it found that authority from other jurisdictions "reveals a consistent rejection of imposition of the duty to inform on hospitals, even in the presence of a statutorily mandated duty to inform." *Id.* (collecting cases).  It, therefore, held that the plaintiff could not proceed against the hospital:

> Like these jurisdictions, we now refuse to impose upon hospitals the duty to inform patients of the material risks of a procedure prescribed by the patient's physician.  To impose upon a hospital the duty to inform would be to require a hospital to intervene into the physician/patient relationship, more disruptive than beneficial to [the] patient.

---

[5] Connecticut law is in accord with the law of other jurisdictions. *See, e.g., Giese v. Stice*, 567 N.W.2d 156, 162–64 (Neb. 1997) (holding that hospital has no duty to secure informed consent of patient of non-employee physician); *Howell v. Spokane & Inland Empire Blood Bank*, 785 P.2d 815, 822–23 (Wash. 1990) (same); *Goss v. Oklahoma Blood Inst.*, 856 P.2d 998, 1001, 1006–07 (Okla. Ct. App. 1990) (same); *Pauscher v. Iowa Methodist Med. Ctr.*, 408 N.W.2d 355, 362 (Iowa 1987) (same); *Lincoln v. Gupta*, 370 N.W.2d 312, 318 (Mich. Ct. App. 1985) (same); *Cross v. Trapp*, 294 S.E.2d 446, 458–59 (W. Va. 1982) (same); *Cox v. Haworth*, 283 S.E.2d 392, 395–96 (N.C. Ct. App. 1981) (same); *Roberson v. Menorah Med. Ctr.*, 588 S.W.2d 134, 137 (Mo. Ct. App. 1979) (same); *Cooper v. Curry*, 589 P.2d 201, 204 (N.M. Ct. App. 1978) (same); *Parr v. Palmyra Park Hosp.*, 228 S.E.2d 596, 598 (Ga. Ct. App. 1976) (same); *Fiorentino v. Wenger*, 19 N.Y.2d. 407, 415–16 (N.Y. 1967) (same).

*Id.* (internal quotation marks and citations omitted).

In refusing to impose a duty on hospitals to inform patients of the risks and alternatives involved with procedures performed by non-employee physicians, courts have consistently explained that such a duty would force hospitals to interject themselves unwisely into the physician-patient relationship, to the possible detriment of the patient. *Goss v. Oklahoma Blood Inst.*, 856 P.2d 998, 1001, 1007 (Okla. Ct. App. 1990) (citing *Howell v. Spokane & Inland Empire Blood Bank*, 785 P.2d 815, 822 (Wash. 1990), and *Alexander v. Gonser*, 711 P.2d 347, 351 (Wash. Ct. App. 1985)); *accord, e.g., Giese v. Stice*, 567 N.W.2d 156, 164 (Neb. 1997); *Cooper v. Curry*, 589 P.2d 201, 204 (N.M. Ct. App. 1978); *Parr v. Palmyra Park Hosp.*, 228 S.E.2d 596, 598 (Ga. Ct. App. 1976). As the court in *Roberson v. Menorah Medical Center* explained:

> The presentation to the patient of risks involved in prospective surgery cannot but call for some very nice judgments. On the one hand the patient is entitled to such information as he needs to make an intelligent decision and to give an informed intelligent consent. And yet the patient may have his apprehensions unnecessarily and unduly heightened if risks are unwisely presented, leading him to an imprudent choice. Risks must be placed in perspective. The one dealing with the patient at this point must have knowledge of the patient, his temperament, his intelligence, his mental condition and his physical condition. He must also have a knowledge of the surgery itself, its risks, whether imminent or remote, and whether it is pressing, deferrable or optional. He must know the availability of conservative methods of treatment, if any, and their promises for success as compared to the surgery. All these factors must be placed in the equation. The physician alone is equipped to make the delicate judgments called for.

588 S.W.2d 134, 137 (Mo. Ct. App. 1979) (citing *Fiorentino v. Wenger*, 280 N.Y.S.2d 373 (1967)).[6]

---

[6] Regardless of the distinction between the torts of lack of informed consent or failure to obtain any consent, one element remains common to both – the need to establish a duty on the part of the alleged tortfeasor to obtain consent. In this case, however, as has been clearly articulated above, the Hospital had no duty to obtain Ms. Egan's consent or to insure that such consent had been obtained by her private physician. *See supra.*

In this case, at all relevant times, Dr. Persing was an employee of Yale University and not an employee of Yale-New Haven Hospital. Because case law makes clear that the Hospital owed Ms. Egan no duty to obtain her consent itself or to ensure that her private treating physician did so, this Court should grant summary judgment in favor of Yale-New Haven Hospital.

## CONCLUSION

The plaintiff bears the burden of proving (through competent expert testimony), as a necessary element of her cause of action, that Dr. Persing deviated from the standard of care in performing plastic surgery on her. Because Dr. Whitaker and Dr. Borah have refused to provide such expert opinions or testimony on plaintiff's behalf, she does not have any expert who will testify regarding standard of care or any alleged deviation from the standard of care. Furthermore, Yale-New Haven Hospital owed Ms. Egan no duty to obtain her consent itself or to ensure that her private treating physician did so.

Accordingly, defendants are entitled to the entry of judgment as a matter of law.

RESPECTFULLY SUBMITTED BY
DEFENDANTS,
YALE MEDICAL GROUP
YALE-NEW HAVEN HOSPITAL
YALE PLASTIC SURGERY
JOHN PERSING, M.D.

By: _____

Penny Q. Seaman (ct05813)
Kevin S. Budge (ct19097)
Wiggin and Dana LLP
P. O. Box 1832
New Haven, CT 06508-1832
Tel: (203) 498-4400; Fax: (203) 782-2889
Email: pseaman@wiggin.com
        kbudge@wiggin.com

**CERTIFICATION**

I hereby certify that on this 28th day of February 2006, a copy of the foregoing was sent

via Federal Express to the following pro se party of record:


Lisa Egan, n/k/a Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC  28270



Kevin S. Budge


\487\5009\578577.1

8

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LISA EGAN (a/k/a HADLEY MACPHERSON), : | |
| : | |
| **Plaintiff,** : | |
| : | **CASE NO. 302CV1973 (JCH)** |
| **v.** : | |
| : | |
| **YALE MEDICAL GROUP, YALE-NEW** : | |
| **HAVEN HOSPITAL, YALE PLASTIC** : | |
| **SURGERY and DR. JOHN PERSING,** : | |
| : | **FEBRUARY 28, 2006** |
| **Defendants.** : | |
| : | |

## DEFENDANTS' LOCAL RULE 56(a)1 STATEMENT

Pursuant to Local Rule 56(a)1, defendants, Yale Medical Group, Yale-New Haven Hospital, Yale Plastic Surgery and Dr. John Persing ("defendants"), submit this statement in support of their Motion for Summary Judgment.

1.    This is a medical malpractice action in which plaintiff claims that defendants failed to properly perform cosmetic surgery on her on December 6, 2000, and failed to obtain her informed consent to cosmetic surgery performed by Dr. John Persing on December 6, 2000. *See* **Amended Complaint**.

2.    Plaintiff's 228 paragraph two-count Amended Complaint appears to allege both medical malpractice and a claim for lack of informed consent. *See* **Amended Complaint**.

3.    The medical malpractice and lack of informed consent claims are intermingled in each of the two counts.  In Count One, plaintiff alleges inadequate consent to a "Brow Lift"[1] performed by Dr. Persing on December 6, 2000, and also appears to allege that Dr. Persing

---

[1] Also, intermittently referred to a forehead lift throughout the complaint.

improperly performed the "Brow lift" leaving a "zigzagged scar." *See* **Count One of Amended Complaint**.

4.    In Count Two, plaintiff claims inadequate consent to the septoplasty and rhinoplasty on her nose and also appears to allege that Dr. Persing improperly performed these two procedures. *See* **Count Two of Amended Complaint**.

5.    On November 28, 2005, plaintiff filed her initial Disclosure of Experts pursuant to Rule 26(a)(2). *See* **plaintiff's Disclosure of Experts, dated November 28, 2005.**

6.    In her initial disclosure, plaintiff disclosed five plastic surgeons as treating experts, Dr. Gary Price, Dr. Alan Brackup, Dr. Linton Whitaker, Dr. Gregory Borah and Dr. John Persing. *See* **plaintiff's Disclosure of Experts, dated November 28, 2005**.

7.    On November 30, 2005, plaintiff filed an Amended Disclosure of Expert Witnesses that lists Dr. Linton Whitaker of Philadelphia, Pennsylvania and Dr. Gregory Borah of New Brunswick, New Jersey, as the only expert witnesses who will testify on her behalf regarding the standard of care of Dr. Persing. *See* **Plaintiff's Amended Disclosure of Expert Witnesses Under Rule 26(a)(2)**.

8.    On January 6, 2006, Dr. Borah wrote a letter to plaintiff, with a copy to defendants' counsel, stating that he was "unable to testify on [Plaintiff's] behalf because of a conflict of interest." *See* **Exhibit 1, attached hereto**.

9.    In addition, upon information and belief, Dr. Whittaker has not agreed to provide expert opinion testimony on plaintiff's behalf.

10.    Plaintiff also disclosed Dr. Gary J. Price and  Dr. Alan Brackup as treating experts.  Even though Dr. Price and Dr. Brackup have not been disclosed as experts who will

provide opinion and testimony regarding standard of care, both have refused to provided expert opinion testimony on behalf of plaintiff. *See* **Exhibits 2 and 3, respectively, attached hereto.**

11.    At all times relevant to the allegations of the Amended Complaint, Dr. Persing was an employee of Yale University, not an employee of Yale-New Haven Hospital. *See* **Yale University's, Yale-New Haven Hospital's and Dr. John Persing's Answers to Plaintiff's Amended Complaint ¶¶ 11.**

RESPECTFULLY SUBMITTED BY
DEFENDANTS,
YALE MEDICAL GROUP
YALE-NEW HAVEN HOSPITAL
YALE PLASTIC SURGERY
JOHN PERSING, M.D.

By:_____
Penny Q. Seaman (ct05813)
Kevin S. Budge (ct19097)
Wiggin and Dana LLP
P. O. Box 1832
New Haven, CT 06508-1832
Tel:  (203) 498-4400; Fax:  (203) 782-2889
Email: pseaman@wiggin.com
        kbudge@wiggin.com

## CERTIFICATION

I hereby certify that on this 28th day of February 2006, a copy of the foregoing was sent

via Federal Express to the following pro se party of record:

Lisa Egan, n/k/a Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC  28270

Kevin S. Budge

\487\5009\580225.1

**EXHIBIT 1**



**ROBERT WOOD JOHNSON
MEDICAL SCHOOL**
University of Medicine & Dentistry of New Jersey

Division of Plastic Surgery
Department of Surgery

January 6, 2006

Ms. Hadley MacPhearson
2015 McKenzie Creek Dr.
Charlotte, NC 28270

Dear Ms. MacPhearson:

This is to inform you that I am unable to testify on your behalf because of a conflict of interest. In addition, I am out of state during the dates you requested beforehand.

Sincerely yours,

Gregory L. Borah, M.D., F.A.C.S.
Professor and Chief
Division of Plastic Surgery

GLB:jw
C:     Nancy Dean, Esquire/Office of Legal Management Robert Wood Johnson
        Medical School
        Penny Seaman, Esquire

**EXHIBIT 2**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

LISA EGAN (a/k/a HADLEY MACPHERSON)    :
                                       :
      Plaintiff,                       :
                                       :       CIVIL ACTION NO.
V.                                     :       3:02-CV-1973 (JCH)
                                       :
YALE MEDICAL GROUP, YALE-NEW           :
HAVEN HOSPITAL, YALE PLASTIC           :
SURGERY and DR. JOHN PERSING           :
      Defendants.                      :       JANUARY 9, 2006

## AFFIDAVIT OF GARY J. PRICE, M.D.

    I, Gary J. Price, M.D., being duly sworn, state:

    1.    I am over eighteen years of age and understand the meaning and obligations of an oath.

    2.    In March 2001, Hadley Macpherson a/k/a Lisa Egan came to my office for a free cosmetic surgery consult.

    3.    At the time of that consult, it was, and is, my policy not to operate on a patient within a year of prior cosmetic surgery and I informed Ms. Macpherson of this policy. During our meeting, Ms. Macpherson advised me that she had had cosmetic surgery three months earlier. I advised her that, in light of the fact that her surgery was so recent, I would not consider her a candidate for cosmetic surgery. I did not examine or treat Ms. Macpherson, and did not determine whether, from a medical perspective, she was a candidate for cosmetic surgery.

    4.    I informed Ms. Macpherson that I would not comment on her patient care.

    5.    Although Ms. Macpherson scheduled subsequent appointments with my office, she did not keep any of those appointments, and I did not see her again.

6.    In October 2003, Ms. Macpherson contacted my office by telephone and was informed that I did not wish to participate in any legal proceedings.

7.    I have a brief note of my visit with Ms. Macpherson, which will be produced upon my receipt of an appropriate request.

8.    I have not been retained as an expert by Ms. Macpherson nor am I willing to serve as an expert in litigation involving Ms. Macpherson.

9.    I have been subpoenaed by Ms. Macpherson for a deposition in Greenwich at 9:30 a.m. on January 12, 2006. *See*, Subpoena, December 20, 2005 (copy attached as Exhibit A). At the time I received the subpoena, I had already scheduled surgery for January 12, 2006.

Gary J. Price, M.D.


Subscribed and sworn to before me
this 9th day of January 2006.

Notary Public
My commission expires:

My Commission Expires July 31, 2006

\487\5009\571148.1

**EXHIBIT 3**

# OXMAN, GOODSTADT, KREVITZ & I

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

3220 TILLMAN DRIVE, SUITE 201
GLENVIEW CORPORATE CENTER
BENSALEM, PA 19020-2032

Tel: 215-638-9900 • Fax: 215-244-2688

HARRY J. OXMAN
SHELDON A. GOODSTADT *
ARTHUR G. KREVITZ, LLM *
DAVID KURITZ *†

PAMELA MILLER McGRATH *

\* ALSO MEMBER OF NJ BAR
† ALSO MEMBER OF FLA BAR

OF COUNSEL
RALPH S. LEVITAN
FRANCES M. MINNIS
DANIEL I. WARD *

<u>Telefax (704-675-5252)</u>

January 5, 2006

Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC 28270-2278

RE:   **Hadley Macpherson (Egan) v. Dr. John Persing, et al.**
      **USDC, District of Conn., Docket No. 3:02CV 1973**

Dear Ms. Macpherson:

I am Dr. Brackup's personal attorney. He has forwarded to me the Subpoena which you recently had served on his office purporting to schedule his trial deposition in Greenwich, CT for January 12, 2006. Unfortunately, Dr. Brackup will not be appearing as you have requested for a number of reasons.

First, the Subpoena is not valid as to Dr. Brackup. Pursuant to the Federal Rules of Civil Procedure Dr. Brackup is beyond the subpoena power of the United States District Court for the District of Connecticut. *See* Rule 45 of the Federal Rules of Civil Procedure. Rule 45(e) states in pertinent part, "An adequate cause for failure to obey exists when a subpoena purports to require a non-party to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A)." Because Dr. Brackup is a non-party and more then 100 miles from both the courthouse and the designated deposition location he cannot be compelled to attend by simply serving a subpoena.

Second, as Dr. Brackup's office has previously advised you by letter of November 29, 2005, they no longer have any records regarding the one-time preliminary consultation from June 2001 as you never chose to become a patient of that practice. Accordingly, there are no records from which Dr. Brackup could testify.

Third, requiring Dr. Brackup to travel to Connecticut would impose an undue burden upon him both personally and professionally. This is even more so under the circumstances where he cannot offer any testimony that would be of any assistance to you since there is no record of the one preliminary consultation and you chose not to become a patient of that practice.

EXHIBIT 4

---

PHILADELPHIA OFFICE:   1700 MARKET STREET, SUITE 3050, PHILADELPHIA, PA 19103
NEW JERSEY OFFICE:   1307 WHITE HORSE ROAD, BLDG "B" VOORHEES, NJ 08043

TEL: 215-665-9999 • FAX: 215-569-8811
TEL: 856-770-0009 • FAX: 856-770-0053

January 5, 2006
Hadley Macpherson
Page 2

Finally, Pennsylvania treats the opinions of a physician as "personal property" and will not permit a litigant in a civil matter to force a non-party physician to offer medical opinions. Dr. Brackup does not wish to offer any medical opinions in this matter.

I am sincerely sorry that Dr. Brackup will not be able to be of any assistance to you in this regard. Please feel free to call me should you have any questions or wish to discuss this matter further.

Very truly yours,



DAVID K
DK/aok

**EXHIBIT B**



**ROBERT WOOD JOHNSON**
**MEDICAL SCHOOL**
University of Medicine & Dentistry of New Jersey

Division of Plastic Surgery
Department of Surgery

January 6, 2006

Ms. Hadley MacPhearson
2015 McKenzie Creek Dr.
Charlotte, NC 28270

Dear Ms. MacPhearson:

This is to inform you that I am unable to testify on your behalf because of a conflict of interest. In addition, I am out of state during the dates you requested beforehand.

Sincerely yours,

Gregory L. Borah, M.D., F.A.C.S.
Professor and Chief
Division of Plastic Surgery

GLB:jw
C:    Nancy Dean, Esquire/Office of Legal Management Robert Wood Johnson
      Medical School
      Penny Seaman, Esquire

**EXHIBIT C**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LISA EGAN (a/k/a HADLEY MACPHERSON) | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| V. | : | 3:02-CV-1973 (JCH) |
| | : | |
| YALE MEDICAL GROUP, YALE-NEW | : | |
| HAVEN HOSPITAL, YALE PLASTIC | : | |
| SURGERY and DR. JOHN PERSING | : | |
| Defendants. | : | JANUARY 9, 2006 |

## AFFIDAVIT OF GARY J. PRICE, M.D.

I, Gary J. Price, M.D., being duly sworn, state:

1.      I am over eighteen years of age and understand the meaning and obligations of an oath.

2.      In March 2001, Hadley Macpherson a/k/a Lisa Egan came to my office for a free cosmetic surgery consult.

3.      At the time of that consult, it was, and is, my policy not to operate on a patient within a year of prior cosmetic surgery and I informed Ms. Macpherson of this policy. During our meeting, Ms. Macpherson advised me that she had had cosmetic surgery three months earlier. I advised her that, in light of the fact that her surgery was so recent, I would not consider her a candidate for cosmetic surgery. I did not examine or treat Ms. Macpherson, and did not determine whether, from a medical perspective, she was a candidate for cosmetic surgery.

4.      I informed Ms. Macpherson that I would not comment on her patient care.

5.      Although Ms. Macpherson scheduled subsequent appointments with my office, she did not keep any of those appointments, and I did not see her again.

6.    In October 2003, Ms. Macpherson contacted my office by telephone and was informed that I did not wish to participate in any legal proceedings.

7.    I have a brief note of my visit with Ms. Macpherson, which will be produced upon my receipt of an appropriate request.

8.    I have not been retained as an expert by Ms. Macpherson nor am I willing to serve as an expert in litigation involving Ms. Macpherson.

9.    I have been subpoenaed by Ms. Macpherson for a deposition in Greenwich at 9:30 a.m. on January 12, 2006. *See*, Subpoena, December 20, 2005 (copy attached as Exhibit A). At the time I received the subpoena, I had already scheduled surgery for January 12, 2006.

Gary J. Price, M.D.

Subscribed and sworn to before me
this 9th day of January 2006.

Notary Public
My commission expires:

My Commission Expires July 31, 2006

\487\5009\571148.1

**EXHIBIT D**

# OXMAN, GOODSTADT, KREVITZ &

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

3220 TILLMAN DRIVE, SUITE 201
GLENVIEW CORPORATE CENTER
BENSALEM, PA 19020-2032

Tel: 215-638-9900 • Fax: 215-244-2688

HARRY J. OXMAN
SHELDON A. GOODSTADT *
ARTHUR G. KREVITZ, LLM *
DAVID KURITZ * †

PAMELA MILLER McGRATH *

* ALSO MEMBER OF NJ BAR
† ALSO MEMBER OF FLA BAR

OF COUNSEL
RALPH S. LEVITAN
FRANCES M. MINNIS
DANIEL I. WARD *

Telefax (704-675-5252)

January 5, 2006

Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC 28270-2278

RE:   Hadley Macpherson (Egan) v. Dr. John Persing, et al.
      USDC, District of Conn., Docket No. 3:02CV 1973

Dear Ms. Macpherson:

I am Dr. Brackup's personal attorney. He has forwarded to me the Subpoena which you recently had served on his office purporting to schedule his trial deposition in Greenwich, CT for January 12, 2006. Unfortunately, Dr. Brackup will not be appearing as you have requested for a number of reasons.

First, the Subpoena is not valid as to Dr. Brackup. Pursuant to the Federal Rules of Civil Procedure Dr. Brackup is beyond the subpoena power of the United States District Court for the District of Connecticut. *See* Rule 45 of the Federal Rules of Civil Procedure. Rule 45(e) states in pertinent part, "An adequate cause for failure to obey exists when a subpoena purports to require a non-party to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A)." Because Dr. Brackup is a non-party and more then 100 miles from both the courthouse and the designated deposition location he cannot be compelled to attend by simply serving a subpoena.

Second, as Dr. Brackup's office has previously advised you by letter of November 29, 2005, they no longer have any records regarding the one-time preliminary consultation from June 2001 as you never chose to become a patient of that practice. Accordingly, there are no records from which Dr. Brackup could testify.

Third, requiring Dr. Brackup to travel to Connecticut would impose an undue burden upon him both personally and professionally. This is even more so under the circumstances where he cannot offer any testimony that would be of any assistance to you since there is no record of the one preliminary consultation and you chose not to become a patient of that practice.

EXHIBIT 4

January 5, 2006
Hadley Macpherson
Page 2

Finally, Pennsylvania treats the opinions of a physician as "personal property" and will not permit a litigant in a civil matter to force a non-party physician to offer medical opinions. Dr. Brackup does not wish to offer any medical opinions in this matter.

I am sincerely sorry that Dr. Brackup will not be able to be of any assistance to you in this regard. Please feel free to call me should you have any questions or wish to discuss this matter further.

Very truly yours,



DAVID K.
DK/aok