# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

## AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | NO. 3:02CV1973 JCH |
| Plaintiff, | |
| | MARCH 13, 2006 |
| VS. | |
| | CIVIL ACTION |
| DR. JOHN PERSING | PLIANITFF'S NOTICE |
| and | OF INTENT TO FILE____ |
| YALE NEW HAVEN HOSPITAL | "OBJECTION" UNDER |
| and | BENEFITS OF THE |
| YALE UNIVERSITY | <u>ADDITIONAL (3) DAYS</u> |
| | <u>AFFORDED BY FED. R. 6</u> |
| | AND UNDER COURT'S |
| | <u>ORDER OF JUNE 6, 2004</u> |

US DISTRICT COURT
BRIDGEPORT CT
2006 MAR 13 P 4: 48
FILED

# PLAINTIFF'S NOTICE OF INTENT TO FILE "OBJECTION" UNDER THE BENEFITS OF THE ADDITIONAL THREE (3) DAYS AFFORDED BY RULE 6 OF THE FED. RULES OF CIVIL PROCEDURE AND THE COURTS' PREVIOUS ORDER OF JUNE 6, 2004

On Friday, February 17, 2006, the defendants, Dr. John Persing, Yale New Haven Hospital, and Yale University, filed their "Motion to Dismiss" dated Friday, February 17, 2006, with a supporting "Memorandum of Law" and attached "Affidavit of James Craven" dated Friday, February 17, 2006.

The defendants "Motion to Dismiss" dated Friday, February 17, 2006, supporting "Memorandum of Law" and attached "Affidavit of James Craven" were not however entered on the Docket until Tuesday, February 21, 2006, due to the Bridgeport District Court's being closed on Monday, February 20, 2006, for Presidents' Day.

The defendants' "Motion to Dismiss" dated February 17, 2006, supporting "Memorandum of Law" and attached "Affidavit of James Craven", were mailed to the plaintiff, Hadley Macpherson, in North Carolina, by Fed Ex, under Rule 5 of the Federal Rules of Civil Procedure, and were delivered to the plaintiff's home late on Monday, February 20, 2006.

The plaintiff could not have been aware of the defendants' "Motion to Dismiss" dated February 17, 2006, until it was delivered to her in North Carolina late on Monday, February 20, 2006, due its not being docketed on the Internet until the following day of Tuesday, February 21, 2006, as a result of the District Court being closed the three day Holiday weekend.

The filing date of the "Motion to Dismiss" dated Friday, February 17, 2006, <u>counting twenty one (21) days</u> forward for the filing of an "Objection" under the Federal Rules of Civil Procedure, designated the response date for plaintiffs filing of any "Objection" to be the date of <u>Friday, March 10, 2006</u>, which is the date listed on the Internet Docket.

However, given that the plaintiffs received their copies of the defendants' "Motions to Dismiss" filed February 17, 2006, and supporting "Memorandum of Law" and attached "Affidavit of James Craven" through the mail, <u>under the benefit of Rule 5</u> of the Federal Rules of Civil Procedure, and given that the distance between Connecticut and North Carolina shorts the plaintiff of the necessary time to receive and respond to any Motions, then the plaintiff is <u>entitled to the benefit of the additional three (3) days afforded by Rule 6</u> of the Federal Rules of Civil Procedure when now filing her "Objection", supporting "Memorandum of Law" and attached sworn "Affidavit of Hadley Macpherson" in response.

With the use of the <u>additional three (3) days afforded by Rule 6</u> of the Federal Rules of Civil Procedure, <u>the plaintiff actually has until the close of this date of Monday, March 13, 2006</u> by which to file her "Objection" to the defendants' "Motion to Dismiss", and any supporting "Memorandum of Law" with attached sworn "Affidavit of Hadley Macpherson", rather than the date of Friday, February 10, 2006 which is listed on the Internet Docket.

Further, back on June 6, 2004, the Court Ordered that the plaintiff's Motions, Objections, and Pleadings etc., from that point on, would be deemed as "filed" <u>on the date of their mailing</u>, rather than their date of arrival at the District Court, given that the plaintiff, Hadley Macpherson, at that time, resided in Pennsylvania with her minor children, and could not therefore file her motions and responses in person at the District Court without traveling 200 miles to do so, and

suffering the obvious obstacles presented by the distance needed to be covered in order to satisfy a deadline, a travel that not only lost the plaintiff time in her ability to work on her Motions or responses, but which had the capacity to be thwarted by the traffic and weather.

As the plaintiff now lives in North Carolina, 800 miles away, and the Court's Order of June 6, 2004 which was once deemed fair, was never rescinded, the plaintiff is still able, and still entitled, to legally rely on the Order dated June 6, 2004 when filing her Motions and Responses.

Therefore, the plaintiff's "Objection" and supporting "Memorandum of Law" with attached Exhibits and sworn "Affidavit of Hadley Macpherson", being filed in response to the defendants' "Motion to Dismiss" and supporting "Memorandum of Law" and attached "Affidavit of James Craven", even if mailed on this night of Monday, March 13, 2006, <u>are still timely</u> under the twenty-one (21) day rule, the additional three (3) days for response afforded by Rule 6 of the Federal Rules of Civil Procedure, and under the Courts previous Order dated June 6, 2004, which granted that the plaintiffs Motions and Responses, are deemed as filed on the dated of mailing.

The plaintiff's "Objection" and supporting "Memorandum of Law" with attached Exhibits and sworn "Affidavit of Hadley Macpherson", <u>directly contradicts the statements and allegations made in the defendants' "Motion to Dismiss" dated February 17, 2006, supporting "Memorandum of Law", and "Affidavit of Attorney James Craven"</u> dated February 17, 2006, and leaves no room for doubt as to the determination of the issues raised by the defendants "Motion to Dismiss" and supporting "Memorandum of Law" dated February 17, 2006.

The plaintiff, in filing this Notice, is respectfully alerting the Court, and the counsel for the defendants, as to the true and accurate response date, so that the plaintiff will not be shorted of her time to respond, and a decision made without her first being given opportunity to speak.

Respectfully Submitted,

*Hadley Macpherson* (signature)

Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, North Carolina
(704) 675-5252

## CERTIFICATION

This is to certify that a copy of the foregoing was sent/delivered this day of March 13, 2006, to Attorney Penny Seaman, at the law offices of Wiggins and Dana, located at 265 Church Street, New Haven Connecticut, 06508 - 1832.

*Hadley Macpherson* (signature)

Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC  28270
(704) 675 - 5252