Original

FILED

2006 MAR 15  A 9: 38

U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

## AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | NO. 3:02CV1973 JCH |
| Plaintiff, | |
| | MARCH 14, 2006 |
| VS. | |
| | CIVIL ACTION |
| DR. JOHN PERSING | PLIANITFF'S REQUEST |
| and | FOR ENLARGEMENT OF |
| YALE NEW HAVEN HOSPITAL | TIME OF SEVEN (7) DAYS |
| and | TO RESPOND TO |
| YALE UNIVERSITY | "MOTION TO DISMISS" AND |
| | "MOTION FOR SUMMARY |
| | JUDGMENT" |
| | <u>ORDER OF JUNE 6, 2004</u> |

# PLAINTIFF'S REQUEST FOR AN ENLARGEMENT OF TIME OF SEVEN (7) DAYS TO RESPOND TO DEFENDANTS' "MOTION TO DISMISS" AND "MOTION FOR SUMMARY JUDGEMENT"

The plaintiff, Hdley Macpherson, respectfully requests a seven (7) day enlargement of time to respond to the defendants' "Motions to Dismiss" and "Motion for Summary Judgment".

## TIMELINESS OF REQUEST AS TO "MOTION TO DISMISS"

On Friday, February 17, 2006, the defendants, Dr. John Persing, Yale New Haven Hospital, and Yale University, filed their "Motion to Dismiss" with a supporting "Memorandum of Law".

The defendants "Motion to Dismiss" dated Friday, February 17, 2006, and supporting "Memorandum of Law" were not entered on the Docket until Tuesday, February 21, 2006, due to the Bridgeport District Court's being closed on Monday, February 20, 2006, for Presidents' Day.

The defendants' "Motion to Dismiss" dated Friday, February 17, 2006, and supporting "Memorandum of Law" were mailed to the plaintiff, Hadley Macpherson, in North Carolina, by Fed Ex, under Rule 5 of the Federal Rules of Civil Procedure, and were delivered to the plaintiff's home late on Monday, February 20, 2006.

The plaintiff was not aware of the defendants' "Motion to Dismiss" dated February 17, 2006, until it was delivered to her in North Carolina late on Monday, February 20, 2006, due its not being able to be docketed on the Internet until the following day of Tuesday, February 21,

1

2006, as a result of the District Court being closed for the three day Holiday weekend.

The filing date of the "Motion to Dismiss" dated Friday, February 17, 2006, <u>counting twenty one (21) days</u> forward for the filing of an "Objection" under the Federal Rules of Civil Procedure, designated the response date for plaintiffs filing of any "Objection" to be the date of <u>Friday, March 10, 2006</u>, which is the date listed on the Internet Docket.

However, given that the plaintiffs received their copy of the defendants' "Motions to Dismiss" filed February 17, 2006, and supporting "Memorandum of Law" and attached "Affidavit of James Craven" through the mail, <u>under the benefit of Rule 5</u> of the Federal Rules of Civil Procedure, and given that the distance between Connecticut and North Carolina shorts the plaintiff of the necessary time to receive and respond to any Motions, then the plaintiff is <u>entitled to the benefit of the additional three (3) days afforded by Rule 6</u> of the Federal Rules of Civil Procedure when now filing her "Objection", supporting "Memorandum of Law" and attached sworn "Affidavit of Hadley Macpherson" in response.

With the use of the <u>additional three (3) days afforded by Rule 6</u> of the Federal Rules of Civil Procedure, <u>the plaintiff actually had until the close of this date of Monday, March 13, 2006</u> by which to file her "Objection" to the defendants' "Motion to Dismiss", and any supporting "Memorandum of Law" with attached sworn "Affidavit of Hadley Macpherson", rather than the date of Friday, February 10, 2006 which is listed on the Internet Docket.

Further, back on June 6, 2004, the Court Ordered that the plaintiff's Motions, Objections, and Pleadings etc., from that point on, would be deemed as "filed" <u>on the date of their mailing</u>, rather than their date of arrival at the District Court, given that the plaintiff, Hadley Macpherson, at that time, resided in Pennsylvania with her minor children, and could not therefore file her motions and responses in person at the District Court without traveling 200 miles to do so, and

2

suffering the obvious obstacles presented by the distance needed to be covered in order to satisfy a deadline, a travel that not only lost the plaintiff time in her ability to work on her Motions or responses, but which had the capacity to be thwarted by the traffic and weather.

As the plaintiff now lives in North Carolina, 800 miles away, and the Court's Order of June 6, 2004 which was once deemed fair, was never rescinded, the plaintiff is still able, and still entitled, to legally rely on the Order dated June 6, 2004 when filing her Motions and Responses.

Therefore, the plaintiff's "Objection" and supporting "Memorandum of Law" being filed in response to the defendants' "Motion to Dismiss" and supporting "Memorandum of Law" and attached "Affidavit of James Craven", even if mailed on this night of Monday, March 13, 2006, would still be timely under the twenty-one (21) day rule, the additional three (3) days for response afforded by Rule 6 of the Federal Rules of Civil Procedure, and under the Courts previous Order dated June 6, 2004, which granted that the plaintiffs Motions and Responses, are deemed as filed on the dated of mailing.

This request for an Enlargement of Time therefore, is arriving to the Court within twenty four hours of the deadline already in place, rather than what appears to be five (5) days late if one were to view the date listed on the Internet Docket.

## TIMELINESS OF REQUEST AS TO "MOTION FRO SUMMARY JUDGMENT"

On Tuesday, February 28, 2006, the defendants, Dr. John Persing, Yale New Haven Hospital, and Yale University, filed their "Motion for Summary Judgment" with a supporting "Memorandum of Law".

3

The defendants' "Motion for Summary Judgment" dated Tuesday, February 28, 2006, and supporting "Memorandum of Law" were mailed to the plaintiff, Hadley Macpherson, in North Carolina, by Fed Ex, under Rule 5 of the Federal Rules of Civil Procedure.

The "Motion for Summary Judgment" was filed on Tuesday, February 28, 2006, and <u>counting twenty one (21) days</u> forward for the filing of an "Objection" under the Federal Rules of Civil Procedure, designates the response date for plaintiffs filing of any "Objection" to be the date of <u>Tuesday, March 21, 2006,</u> which is the date listed on the Internet Docket.

However, given that the plaintiffs received their copy of the defendants' "Motion for Summary Judgment" and supporting "Memorandum of Law" through the mail, <u>under the benefit of Rule 5</u> of the Federal Rules of Civil Procedure, and given that the distance between Connecticut and North Carolina shorts the plaintiff of the necessary time to receive and respond to any Motions, then the plaintiff is <u>entitled to the benefit of the additional three (3) days afforded by Rule 6</u> of the Federal Rules of Civil Procedure when now filing her "Objection", supporting "Memorandum of Law" and attached sworn "Affidavit of Hadley Macpherson" in response.

With the use of the <u>additional three (3) days afforded by Rule 6</u> of the Federal Rules of Civil Procedure, <u>the plaintiff actually has until the close of Friday, March 24, 2006</u> by which to file her "Objection" to the defendants' "Motion for Summary Judgment", and any supporting "Memorandum of Law" rather than the date of Tuesday, March 21, 2006, which is listed on the Internet Docket.

Further, as stated earlier, back on June 6, 2004, the Court Ordered that the plaintiff's Motions, Objections, and Pleadings etc., from that point on, would be deemed as "filed" <u>on the date of their mailing</u>, rather than their date of arrival at the District Court, given that the plaintiff,

4

Hadley Macpherson, at that time, resided in Pennsylvania with her minor children, and could not therefore file her motions and responses in person at the District Court without traveling 200 miles to do so, and suffering the obvious obstacles presented by the distance needed to be covered in order to satisfy a deadline, a travel that not only lost the plaintiff time in her ability to work on her Motions or responses, but which had the capacity to be thwarted by the traffic and weather.

Again, as the plaintiff now lives in North Carolina, 800 miles away, and the Court's Order of June 6, 2004 which was once deemed fair, was never rescinded, the plaintiff is still able, and still entitled, to legally rely on the Order dated June 6, 2004 when filing her Motions and Responses.

Therefore, the plaintiff's "Objection" and supporting "Memorandum of Law" being filed in response to the defendants' "Motion for Summary Judgment" and supporting "Memorandum of Law" even if mailed on the night of Friday, March 24, 2006, <u>would still be timely</u> under the twenty-one (21) day rule, the additional three (3) days for response afforded by Rule 6 of the Federal Rules of Civil Procedure, <u>and under the Courts previous Order dated June 6, 2004,</u> which granted that the plaintiffs Motions and Responses, are deemed as filed on the dated of mailing.

This request for an Enlargement of Time therefore, is arriving to the Court well before the actual deadline date of Friday, March 24, 2006. .

### **NECESSITY FOR AN ENLARGEMENT OF TIME**

As stated above, the plaintiff presently has until this night of Monday, March 13, 2006 to respond to the defendants' "Motion to Dismiss" dated Friday, February 17, 2006, and until the night of Friday, March 24, 2006 to respond to the defendants' "Motion for Summary Judgment",

5

when counting under the twenty-one (21) day rule, making use of the additional three (3) days entitled to the plaintiff under Federal Rule 6, and making use of the Court's previous Order dated June 6, 2004, allowing the plaintiff's Motion, Objections, and Pleadings to be deemed as filed on the date of mailing rather than their date of arrival at District Court in Bridgeport Connecticut.

The plaintiff is asking for an Enlargement of Time as a result of events that were not caused by the plaintiff, but by those in opposition to the plaintiff.

The plaintiff, if the given the opportunity to respond, will prove that illegal acts were committed against the rights and property of the plaintiff, and that in response, and in light of what occurred, the plaintiff has suffered not only the harm committed, but also a barrage of Motions being filed in the two other cases identified as 3:01CV01555 and 3:02CV1309, simultaneous with the "Motion to Dismiss" and "Motion for Summary Judgement" filed in this case, as a result of the illegal acts committed.

There are sixteen (16) "Motions", "Memorandums of Law", and "Objections" filed by the defendants, Attorney Sally Hodgdon, The Communities' Law Center Inc., the Sisters of Saint Joseph, Sisters of Mercy, Sisters of Notre Dame, and Daughters of the Holy Spirit, filed in during the period between February 13, 2006 and February 24, 2006.

There are another eight (8) "Motions", "Memorandums of Law", and "Objections" filed by the defendants, Attorney John Berman, Paul Egan, Berman, Bourns, & Currie LLC, and Berman, Bourns, Aaron & Dembo, in the case of 3:02CV1309, which were filed between February 22, 2006 and February 24, 2006.

The plaintiffs inability to meet the deadlines should not warrant a denial of additional time and resultant dismissal, if the plaintiffs allegation can be proved to be true, and the plaintiff's inability to respond in the time alotted found to be reasonable under the circumstances and events

6

that have occurred.

Wrongs were committed by the defendants or their agents, and if the subsequent barrage of Motions were only filed as a result of the wrong committed, then the defendants not only took unjust advantage over the plaintiffs through ill means, but ultimately prospered from both the wrong committed and their ability to simultaneously bury the plaintiffs in paper in all three cases.

Alleging what has occurred in a manner that is clear headed and honest, and without emotion, has been difficult under the circumstances, and time consuming, and has been made more difficult by the amount of work needed to be simultaneously completed on all pending Motions in order to ensure that the cases survive despite the illegal acts committed, and the plaintiff's ability to do so, interfered with.

The plaintiff has documentary proof of the acts committed, but which needs to be responsibly drafted and presented to ward off any allegation that the claims are unfounded or false

While it may appear that the plaintiffs cannot recover against the all that has been filed, the plaintiff in fact has a factual and legal defense to both the "Motion to Dismiss" and "Motion for Summary Judgment" in this case, as well as the Motions and Objections filed against them in the two cases of 3:01CV01555 and 3:02CV1309, defenses that the plaintiff believes should legally ensure the survival of all three cases.

If any one of the opposing counsel, in like circumstance, had no staff, no colleagues, and suddenly found themselves in the position of the plaintiff, having been illegally violated, and then facing twenty four (24) "Objections", "Motions to Dismiss", "Memorandums of Law", and even "Motions for Summary Judgment", all of which had to be responded to with a "Reply", "Objection", "Memorandum of Law", Exhibits, and attached Affidavits, in three separate cases as residual effect of what occurred, they would find the task if defending, both daunting, and time

7

consuming, and difficult to accomplish in the time allotted, particularly when the amassing of Exhibits, drafting of "Affidavits, and gathering of evidence was crucial to their survival, all in the same moment, in all three cases.

The determination of this case should be made on the merits of the argument presented, and not determined by whether the plaintiffs were illegally harmed, and then illegitimately buried to such a degree as a result of that harm that despite the existence of facts, evidence, and a legal argument that could save them from defeat, they are silenced by the exertion of joint and simultaneous might by all counsel in all three cases.

The plaintiffs understand that exceptions are not supposed to be made for pro se's merely because they are pro se's, however, if a tactic is used to bring instant defeat by destroying a pro se's ability to timely respond whether or not their response was legitimate or just, then the pro se, without staff, and so encumbered, in the interest of justice, should be granted a small amount of timeby which to prove, or fail to prove, their position on not only the Motions pending, but as to the illegal events that have occurred.

The plaintiff, Hadley Macpherson, has worked round the clock on the her "Objections" to the "Motion to Dismiss" and "Motion for Summary Judgment" in this case of 3:02CV1973, as well as on all twenty four "Objections", "Motions to Dismiss", Memorandums of Law", supporting "Affidavits", whose Motions were filed simultaneous to the Motions in this case..

The plaintiffs intend to also file a Motion with regard to the illegal events which occurred.

**Wherefore,** the plaintiffs respectfully request a seven (7) day enlargement of time until Monday, March 20, 2006 to file their response to the defendants' "Motion to Dismiss" dated February 17, 2006, and until Friday, March 30, 2006 to file their response to the defendants' "Motion for Summary Judgement" dated February 28, 2006.

Respectfully Submitted,

*Hadley Macpherson* (signature)

Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, North Carolina
(704) 675-5252

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent/delivered this day of March 14, 2006, to Attorney Penny Seaman, at the law offices of Wiggins and Dana, located at 265 Church Street, New Haven Connecticut, 06508 - 1832.

*Hadley Macpherson* (signature)

Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC  28270
(704) 675 - 5252