FILED

# UNITED STATES DISTRICT COURT

2006 MAR 21 P 12: 15

# DISTRICT OF CONNECTICUT

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

### AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | NO. 3:02CV1973 JCH |
| Plaintiff, | |
| | MARCH 20, 2006 |
| VS. | |
| | CIVIL ACTION |
| DR. JOHN PERSING | SECOND REQUEST |
| and | FOR ENLARGEMENT OF |
| YALE NEW HAVEN HOSPITAL | TIME OF THREE (3) DAYS |
| and | TO RESPOND TO |
| YALE UNIVERSITY | "MOTION TO DISMISS" |
| | AND "MOTION FOR |
| | SUMMARY JUDGMENT" |

# PLAINTIFF'S SECOND REQUEST FOR AN ENLARGEMENT OF TIME OF THREE (3) DAYS TO RESPOND TO DEFENDANTS' "MOTION TO DISMISS" AND "MOTION FOR SUMMARY JUDGEMENT"

The plaintiff, Hadley Macpherson, respectfully requests an additional three (3) days to respond to the defendants' "Motions to Dismiss" and "Motion for Summary Judgment".

The additional time is warranted given what has occurred.

The plaintiff, if the given the opportunity to respond, will prove that illegal acts were committed against the rights and property of the plaintiff, and that in response, and in light of what occurred, the plaintiff has suffered not only the harm committed, but also a barrage of Motions being filed in the two other cases identified as 3:01CV01555 and 3:02CV1309, simultaneous with the "Motion to Dismiss" and "Motion for Summary Judgement" filed in this case, as a result of the illegal acts committed.

Alleging what has occurred in a manner that is clear headed and honest, and without emotion, has been difficult under the circumstances, and time consuming, and has been made more difficult by the amount of work needed to be simultaneously completed on all pending Motions in order to ensure that the cases survive despite the illegal acts committed, and the plaintiff's ability to do so, interfered with.

The plaintiff's mail is being opened prior to delivery, and that intrusion is being committed by someone within the U.S. Postal Service, who is associated with the Defendants in these cases at

District Court, given the acts being committed

The plaintiffs' house has been illegally entered by individual (s) that had to have been associated with the Defendants in these cases at District Court, given the items that were stolen, the evidence of the kind of activity left behind, and the lack of anything valuable being taken.

The plaintiff will be filing a sworn affidavit alleging the facts relating to the above.

The plaintiff will be attaching as Exhibits, photocopies of twenty seven (27) pieces of mail which were <u>officially determined by the United States Postal Service to have been already opened</u> while still in the custody of the United States Postal Service, <u>prior to their delivery</u> to the plaintiffs mailbox.

Each of the twenty seven (27) pieces of already opened mail <u>bears the official stamp</u> that the United States Postal Service in Charlotte, North Carolina, uses to designate that the envelope bearing that stamp <u>was found to be in an already opened state though not yet delivered, and though still in the custody of the United States Postal Service and its employees.</u>

Each of the twenty seven (27) pieces of mail being submitted as Exhibits <u>were each individually signed and/or initialed by whichever Supervisor placed the official stamp on the individual envelope</u>, having determined the envelope to have been already opened while still in the custody of the United States Postal Service, <u>prior</u> to its moving on for delivery to the plaintiffs mailbox located outside her home at 2015 McKenzie Creek Drive, in Charlotte North Carolina.

Both the official stamp, as well as the individual signatures and/or initials of the Supervisors involved, were placed on the twenty seven (27) pieces of already opened mail, <u>prior to their being delivered</u> to the plaintiffs mailbox at 2015 McKenzie Creek Drive, in Charlotte, North Carolina, as the United States Postal Service will not ever, and can not ever, officially verify

that a piece of mail was delivered to a citizens home in an already opened condition, once that piece of mail has already been delivered, for reasons of obvious logic and legality.

The plaintiff, for the sake of what is left of their privacy, when presenting the photocopies, will have blocked out the Senders names on the photocopies, (though the original envelopes remain untouched), as some of the envelopes are private or medical in nature, and the plaintiffs do not believe they should have to suffer more exposure without just cause.

The plaintiff be willing and able to immediately produce the actual physical envelopes for the Court's inspection only, to prove the truth of the plaintiff's statements made in the sworn Affidavit that will accompany the photocopies of the twenty seven (27) envelopes.

The plaintiff will also be attaching as an Exhibit , one of <u>the plastic mail bags</u> belonging to the United States Postal Service which are used by the United States Postal Service <u>as containers to deliver mail that it determines has already been opened while still in the custody of the United States Postal Service</u>, and which were used to deliver the plaintiffs already opened mail to their mailbox at 2015 McKenzie Creek Drive, in Charlotte, North Carolina.

The plaintiff attached and stapled <u>one (1) of each of the plastic mail bags to each</u> of the plaintiffs' "Objections" and "Reply's", filed in response to the "Motions to Dismiss" and "Objections" which were filed by the defendants in the case of 3:01CV01555, and 3:02CV1309, as well.

The plastic United States Postal Service mail bags, though identical in physical nature, are in no way redundant and therefore unnecessary, as their redundancy makes a necessary statement, given that the plastic United States Postal Service bags cannot be obtained by an outside citizen upon the asking, but are only used as a last resort by the United States Postal Service when it finds itself having to deliver mail that it finds has already been opened while still in its custody, and

which is too damaged to deliver to the receiver without a plastic bag container.

The plaintiffs inability to meet the deadlines should not warrant a denial of additional time and resultant dismissal, if the plaintiffs allegation can be proved to be true, and the plaintiff's inability to respond in the time allotted found to be reasonable under the circumstances and events that have occurred.

While it may appear that the plaintiffs cannot recover against the all that has been filed, the plaintiff in fact has a factual and legal defense to both the "Motion to Dismiss" and "Motion for Summary Judgment" in this case, as well as the Motions and Objections filed against them in the two cases of 3:01CV01555 and 3:02CV1309, defenses that the plaintiff believes should legally ensure the survival of all three cases.

If any one of the opposing counsel, in like circumstance, had no staff, no colleagues, and suddenly found themselves in the position of the plaintiff, having been illegally violated, and then facing twenty four (24) "Objections", "Motions to Dismiss", "Memorandums of Law", and even "Motions for Summary Judgment", all of which had to be responded to with a "Reply", "Objection", "Memorandum of Law", Exhibits, and attached Affidavits, in three separate cases as residual effect of what occurred, they would find the task if defending, both daunting, and time consuming, and difficult to accomplish in the time allotted, particularly when the amassing of Exhibits, drafting of "Affidavits, and gathering of evidence was crucial to their survival, all in the same moment, in all three cases.

The determination of this case should be made on the merits of the argument presented, and not determined by whether the plaintiff could be illegitimately buried to such a degree as a result of that harm that was committed, that despite the existence of facts, evidence, and a legal

argument that could save them from defeat, they are silenced by the exertion of joint and simultaneous might by all counsel in all three cases.

The plaintiffs understand that exceptions are not supposed to be made for pro se's merely because they are pro se's, however, if a tactic is used to bring instant defeat by destroying a pro se's ability to timely respond whether or not their response was legitimate or just, then the pro se, without staff, and so encumbered, in the interest of justice, should be granted the small amount of an additional three (3) days of time by which to prove, or fail to prove, their position on not only the Motions pending, but as to the illegal events that have occurred.

The plaintiff, Hadley Macpherson, has worked round the clock on the her "Objections" to the "Motion to Dismiss" and "Motion for Summary Judgment" in this case of 3:02CV1973, as well as on all twenty four "Objections", "Motions to Dismiss", Memorandums of Law", supporting "Affidavits", whose Motions were filed simultaneous to the Motions in this case..

The plaintiff's deadline for response to the "Motion to Dismiss" was Monday, March 20, 2006, to which this request for an enlargement of time is arriving in Court on Tuesday, March 21, 2006, after being sent out on Monday, March 20, 2006 from North Carolina.

The plaintiff's deadline for a response to the "Motion for Summary Judgment" is Wednesday, March 30, 2006, to which this request for an enlargement of time is arriving a week prior to the passing of that deadline, and so is still timely.

**Wherefore,** the plaintiff respectfully requests an additional three days to respond to the "Motion to Dismiss", that being March 23, 2006, and an additional three days to respond to the "Motion for Summary Judgment", that being April 3, 2006, or any amount of time the Court deems proper.

Respectfully Submitted,

*Hadley Macpherson*
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, North Carolina
(704) 675-5252

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent/delivered this day of March 15, 20 2006, to Attorney Penny Seaman, at the law offices of Wiggins and Dana, located at 265 Church Street, New Haven Connecticut, 06508 - 1832.

*Hadley Macpherson*
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC 28270
(704) 675 - 5252