Original

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

## AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | NO. 3:02CV1973 JCH |
| Plaintiff | |
| | APRIL 19, 2006 |
| VS. | |
| DR. JOHN PERSING | PLAINTIFF'S |
| and | AMENDED OBJECTION |
| YALE NEW HAVEN HOSPITAL | TO DEFENDANTS' |
| and | MOTION TO DISMISS |
| YALE UNIVERSITY | |
| Defendants | |



2006 APR 21 P 4:50
US DISTRICT
BRIDGEPORT
FILED

# AMENDED PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO DISMISS 9oFILED FEBRUARY 17, 2006

[This Amended "Objection" is intended only to correct the obvious typos in the original, typos mostly relating to specific dates, dates that would cause serious confusion if not corrected.]

The plaintiff, Hadley Macpherson, respectfully Objects to the defendants "Motion to Dismiss" filed February 17, 2006.

In support of her Objection, the plaintiff files a supporting Memorandum of Law, attached Exhibits, and attached sworn "Affidavit of Hadley Macpherson" dated March 12, 2006.

The plaintiff's Objection, supporting Memorandum of Law, attached Exhibit's A - Z, and attached sworn "Affidavit of Hadley Macpherson", directly contradict the allegations and arguments made by the counsel for the defendants in their Motion to Dismiss dated February 17, 2006, supporting Memorandum of Law dated February 17, 2006, and attached sworn Affidavit of Attorney James Craven, dated February 17, 2006.

The mail tampering and illegal entry which the plaintiff, Hadley Macpherson, had alleged in her several recent requests for Enlargements of Time as the caused for her being delayed in filing this Objection and accompanying Memorandum of Law, and which warranted the additional time granted to the plaintiff under the circumstances presented, was addressed in a separate, and previously filed, "Plaintiff's Motion and Affidavit of Hadley Macpherson As To Illegal Tampering of Plaintiff's Mail and Illegal Entry Into Plaintiff's Home", with attached supporting Exhibit's A - E, that was filed back on Thursday, April 6, 2006.

1

## ISSUE RAISED BY DEFENDANTS

The defendants, through the filing of their latest Motion to Dismiss dated January 17, 2006, seek to have this case dismissed on their claim that the plaintiff failed to comply with an Order issued by the Court on February 1, 2006, an Order pertaining to the defendants "Second Interrogatories and Requests for Production" dated July 27, 2005.

The defendants argue that the plaintiff's alleged failure to comply with the Court's February 1, 2006 Order, warrants that the terms of the Court's February 1, 2006 Order be now enforced, and that this case be dismissed with prejudice.

The defendants' Motion to Dismiss dated February 17, 2006 is attached as an Exhibit to the plaintiff's Objection and supporting Memorandum of Law, and is quoted in its entirety below:

### MOTION TO DISMISS

"Pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure, defendants, Yale Medical Group, Yale-New Haven Hospital, Yale Plastic Surgery, and Dr. John Persing ("defendants"), <u>hereby move to dismiss this action for plaintiff's failure to comply with this Court's February 1, 2006 Order</u>. That Order <u>required plaintiff to provide defendants with responses to their July 27, 2005 Second Set of Interrogatories and Requests for Production by February 14, 2006, but she has failed to do so</u>. In support of this Motion, defendants submit the attached Memorandum of Law".

**Argument Not Requested**
**Testimony Not Required**

The Order being cited by the defendants in their Motion to Dismiss, is an Order that the Court issued on back Wednesday, February 1, 2006, <u>in direct response to a letter that the Court had received from Attorney Kevin Budge five (5) days earlier</u>, on Friday, January 27, 2006.

2

Attorney Kevin Budge's Letter dated Friday, January 27, 2006, which was written and delivered to the Court on Friday, January 27, 2006, was a letter that:

a) made numerous and specific allegations against the pro se plaintiff

b) complained of five (5) different alleged Discovery disputes and Discovery Issues, which they described as the involving:

"1. <u>Outstanding Discovery</u> ...."

"2. <u>Motions for Protective Orders</u> ...."

"3. <u>Expert Disclosures</u> .... "

"4. <u>Dispositive Motions</u> ....."

"5. <u>Narrowing of the Issues</u> ....".

c) argued that the defendants had been prejudiced or put at a disadvantage as a result of the plaintiffs actions, and as a result of the above allegedly unresolved Discovery disputes and Discovery issues

d) argued the need for various legal remedies to cure the prejudice and disadvantage now being borne by the defendants as a result of the plaintiff's actions

e) requested the defendants be granted additional time to complete their Discovery, additional time to file their Dispositive Motions, and a status conference to address all of the allegations made against the plaintiff, alleged in their items "1." through "5." named above.

The defendants' Motion to Dismiss dated Friday, February 17, 2006, was accompanied by a Memorandum of Law, and attached "Exhibits", Exhibits identified as Exhibits "A" through "D", but <u>which contained several items</u> within each Exhibit "A" through "D", as shown below:

3

## DEFENDANTS' EXHIBITS "A" THROUGH "D"

**Exhibit A** -- 1. Copy of a "Letter" written by Attorney Kevin Budge, which was dated July 27, 2005, and sent to the plaintiff back on July 27, 2005.

2. Copy of the "Second Interrogatories and Requests for Production" dated July 27, 2005.

3. Fed Ex Tracking page verifying delivery to the plaintiffs home in Charlotte, North Carolina, on July 28, 2005.

**Exhibit B** -- 1. "Affidavit of Attorney James Craven" dated February 17, 2006.

**Exhibit C** -- 1. Copy of a "Letter" written by Attorney Kevin Budge, which was dated January 4, 2006, and sent to the plaintiff back on January 4, 2006.

2. Another Copy of the same "Second Interrogatories and Requests for Production" dated July 27, 2005, as presented in Exhibit A above.

3. Fed Ex Tracking page verifying delivery to the plaintiff's home in Charlotte, North Carolina, on January 5, 2006.

**Exhibit D** -- 1. Copy of the Docket Entries from the CM/EMF District Court Internet Docket System, referencing the following two Docket items, but without displaying the content of the two documents referenced:

Docket Entry 96: "Letter" written to the Court by Attorney Kevin Budge, dated Friday, January 27, 2006

[filed by the Court on Tuesday, January 31, 2006, entered on the Docket on Friday, February 3, 2006]

Docket Entry 97: Courts "Order" issued on February 1, 2006 in response to Attorney Kevin Budge's Letter dated January 27, 2006

[filed by the Court on Wednesday February 1, 2006, entered on the Docket on Friday February 3, 2006]

4

The above Exhibits, were the only documents that the counsel for the defendants presented to support the argument and allegations made in their Motion to Dismiss dated February 17, 2006, and supporting Memorandum of Law dated February 17, 2006.

The volume of documents that actually exists however, which are directly relevant and material to the argument and allegations being made by the counsel for the defendants in their Motion to Dismiss dated February 17, 2006, but which were deliberately not disclosed or referenced by the counsel for the defendants, factually and legally support the plaintiff's argument in defense against the defendants' Motion to Dismiss dated February 17, 2006.

In order for the Court to make a full, fair, and just determination on the merits of the defendants' Motion to Dismiss, the Court must consider all documents, facts, and events pertaining to the defendants "Second Set of Interrogatories and Requests for Production" dated July 27, 2005, and must also consider all documents, facts, and events surrounding Attorney Kevin Budge's Letter dated Friday, January 27, 2006, and the Order dated February 1, 2006 that resulted from it, as any just determination, in this instance, not only legally hinges on outside facts and events that the Court is unaware of relating to the "Second Set of Interrogatories and Requests for Production" dated July 27, 2005, but also hinges on all of the facts, and events surrounding Attorney Kevin Budge's Letter dated Friday, January 27, 2006, and the Court's Order issued in response to that letter on Wednesday, February 1, 2006, facts, and events which cannot be legally ignored.

A specific and exact recounting, and full consideration, of all events that transpired, is in this instance, legally necessary to any Determination of the Issue raised by the counsel for the defendants, despite the fact that the counsel for the defendants deliberately omitted any

5

discussion of <u>Attorney Kevin Budge's Letter dated January 27, 2006 in their Motion to Dismiss dated February 17, 2006, 2006</u>, and deliberately omitted any discussion of the events which led up to, and followed, the Court's Order dated February 1, 2006, being written on the face of that Letter.

The defendants, though asking this Court to enforce and uphold the Order they obtained as a result of the letter written to the Court by their counsel, Attorney Kevin Budge, on January 27, 2005, a letter which bears the Court's handwritten Order dated February 1, 2006 directly on its face, <u>deliberately chose not to attach Attorney Kevin Budge's Letter dated January 27, 2006, as an Exhibit.</u>

The absence of Attorney Kevin Budge's Letter dated January 27, 2006, and the absence of the handwritten February 1, 2006 Order of the Court written on its face, is an absence that admits everything, and is an absence that admits that what transpired, if openly disclosed and argued, would not withstand review, and therefore could not ever be legally used as a mechanism to Dismiss this case.

The following items factually and legally support the plaintiff's position:

    a)    "**<u>The Indisputable Fact And Events Surrounding The Issuance Of The Court's Order Dated February 1, 2006</u>**", listed in **<u>Part A</u>** of the plaintiff's supporting Memorandum of Law, and proved by the plaintiff's **<u>Exhibits A, B, and C</u>**, attached to this Objection and its supporting Memorandum of Law.

    b)    "**<u>The Indisputable Facts And Events Surrounding The Interrogatories And Requests For Production Dated July 27, 2005</u>**", listed in **<u>Part B</u>** of the plaintiff's supporting Memorandum of Law, and proved by the plaintiff's **<u>Exhibit's A - Z</u>**, attached to this Objection and its supporting Memorandum of law.

6

c) The plaintiff's sworn **"Affidavit of Hadley Macpherson"**.

d) The **judicial admissions made by the counsel for the defendants** during the **Telephone Status Conference** held **on June 22, 2005**.

e) **Attorney Penny Seaman's Letter to the Court dated December 28, 2004**.

f) The plaintiffs' previous **Motion for Relief Under Rule 60(b) dated June 22, 2005, and attached Exhibits**.

g) The **Court's Oral Orders issued during the Telephone Status Conference held on June 22, 2005**, relating to the behavior of the counsel for the defendants, and the content of any future letters being sent to the Court.

The plaintiff's items identified as **a)** through **g)** listed above, factually and legally support the plaintiff's factual and legal defenses identified below:

## PLAINTIFF'S FACTUAL AND LEGAL DEFENSES

1. The Order dated Wednesday, February 1, 2006, which the defendants now ask this Court to enforce, was issued in violation of the tenants of Due Process, cannot be upheld, and therefore cannot be legally used or relied upon as the legal foundation or justification for the granting of the defendants' Motion to Dismiss.

7

2. The counsel for the defendants, though experienced attorneys, and though knowing how to file appropriate and formal Motions and supporting Memorandum of Law to address complaints or issues involving Medical Experts, Outstanding Discovery, Interrogatories, Motions for Protection, Narrowing of the Issues, etc., deliberately attempted to avoid having to meet the legal bar required for each of those Motions by simply sending an informal letter to the Court, <u>a letter absent of any attached Exhibits or Affidavits</u>, and <u>absent of any attached Certification</u>, a <u>letter that informally alleged everything against the plaintiff</u>, and <u>yet substantiated nothing</u>, a letter which <u>made no attempt to argue the law,</u> but which immediately succeeded in obtaining an Order issued in favor of the defendants, <u>an Order issued without the plaintiff being afforded any time or opportunity to respond to the allegations made</u>, an Order the defendants are now demanding that this Court use as the legal basis, legal foundation, and legal justification, for the granting of the defendants' Motion to Dismiss dated February 17, 2006.

3. The <u>actual events that occurred</u>, and <u>actual onversations that took place between the plaintiff pro se and the counsel for the defendants,</u> relating to the defendants' "Second Set of Interrogatories and Requests for Production" dated July 27, 2006, <u>are not in any way as the counsel for the defendants allege and describe</u>, and <u>do not in any way support the allegations and argument made</u> by the counsel for the defendants in their Motion to Dismiss dated February 17, 2006, supporting Memorandum of Law, and sworn Affidavit of Attorney James Craven.

The sworn "Affidavit of Attorney James Craven", <u>is patently false</u>, and <u>omits numerous facts and events that Attorney James Craven knows with a certainty to be true,</u> facts and events which <u>if admitted, would factually and legally destroy the allegations and argument put forth by the counsel for the defendants</u>, in their Motion to Dismiss.

The plaintiff was expressly instructed by Attorney James Craven personally, on Tuesday, August 9, 2005, to <u>completely ignore and permanently disregard</u> the "Second Set of Interrogatories and Requests for Production" dated July 27, 2006, <u>and to wait for a completely new set of interrogatories that he himself claimed to be drafting as a result of a two and half hour discussion he had with the plaintiff on Friday, August 5, 2006, relating to the content and over breadth of the demands made in the "Second Set of Interrogatories and Requests for Production dated July 27, 2006.</u>

The sworn "Affidavit of Hadley Macpherson", <u>swears under penalty of perjury to the truth of the actual events and actual conversations</u> had between the her and counsel for the defendants, as well as their paralegal, Diana Coppolla, regarding the "Second Set of Interrogatories and Requests for Production" dated July 27, 2006.

4.  The sworn Affidavit of Attorney James Craven <u>cannot legally overcome</u> the sworn Affidavit of Hadley Macpherson, as the sworn statement of an attorney, with not only his own interests, but the interests of his law firm and clients at stake, <u>does not carry, and cannot carry, a legal presumption of truth over the sworn statements of a pro se</u>, and therefore <u>cannot legally outweigh</u> the sworn statements of a pro se.

9

5.  The factual dispute surrounding the two different versions of facts and events involving the "Second Set of Interrogatories and Requests for Production" dated July 27, 2005, facts and events which directly and personally involved Attorney Penny Seaman, Attorney Bonnie Patten, Attorney Kevin Budge, Attorney James Craven, their paralegal Diana Coppola, and the plaintiff, Hadley Macpherson, <u>is a factual dispute that can only be legally resolved, or fully and fairly adjudicated, by every one of the above named individuals being made to take the witness stand, and give their sworn testimony, under Oath,</u> to the allegations made, and <u>being required to answer for,</u> and <u>be openly cross-examined</u> as to any evidence that can be produced which would contradict their dated testimony, and contradict the statements and allegations made in their Motion to Dismiss dated February 17, 2006, supporting Memorandum of Law, and other documents previously filed with the Court that pertain to this matter.

6.  Attorney James Craven's sworn Affidavit <u>cannot be afforded the extra weight of an Affidavit of an Officer of the Court</u>, given that the counsel for the defendants <u>are no longer litigating in the sole position of advocate for the defendants,</u> but are <u>litigating to protect their own interests due to the liability that they themselves have incurred from their commission of illegal acts during the course of this case.</u>

The counsel for the defendants themselves committed illegal acts when they aided the defendants Dr. John Persing, Yale University, and Yale New Haven Hospital, in the <u>illegal alteration,</u> <u>illegal withholding,</u> and <u>illegal destruction of the plaintiff's medical records,</u> and <u>illegal disclosure of private patient medical information, as well as illegally</u>

10

aided <u>Dr. Gary Price, Dr. Linton Whitaker, and Dr. Alan Brackup in their illegal alteration, illegal withholding</u>, and <u>illegal destruction of the plaintiff's medical records</u>, and <u>illegal disclosure of private patient medical information, illegal acts which carry Federal criminal penalties for the physicians involved, a $250,000.00 fine for each act, and ten years in Federal prison.</u>

The counsel for the defendants intentionally committed those illegal acts with forethought in order to shield, aid, and protect the defendants in this case, and in order to cause the plaintiff to lose this case and suffer the resultant substantial financial judgment incurred by the awarding of costs to the defendants and the law firm of Wiggin & Dana.

The counsel for the defendants <u>are fully aware that the plaintiff intends to prove their involvement with that illegal alteration, illegal withholding, illegal destruction, and illegal disclosure with a certainty, by the volume of paper already in her possession, in a later and separate action</u> against Attorney Penny Seaman, Attorney Kevin Budge, Attorney James Craven, Attorney Bonnie Patten, their paralegal Diana Coppola, and the law firm of Wiggin& Dana, as well as Dr. John Persing, Yale University, Yale New-Haven Hospital, Dr. Linton Whitaker, Dr. Gary Price, and Dr. Alan Brackup.

7.     The Motion to Dismiss itself <u>lacks the required documentation to support</u> the counsel for the defendants claims that **a)** an <u>ongoing dispute</u> surrounding the July 27, 2005 Interrogatories and Requests for Production existed for seven months; or **b)** that <u>numerous requests</u> were made to the plaintiff to produce the July 27, 2005 Interrogatories and Request for Production during those seven months; or **c)** that those

11

supposed numerous requests were ever denied, never mind denied numerous times by the plaintiff during those seven months, or **d)** that the counsel for the defendants <u>ever took any of the appropriate or required steps to resolve any supposed dispute involving the "Second Set of Interrogatories and Requests for Production" dated July 25, 2006, during the seven months that passed</u> before they complained of the plaintiffs supposed non-compliance in Attorney Kevin Budge's Letter sent to the Court on Friday, January 27, 2006, on the eve their Dispositive Motion deadline, that being Monday, January 30, 2006.

The counsel for the defendants <u>never filed any Motion to Compel in the history of the case, or took any of the appropriate or timely actions as required by the Federal Rules of Civil Procedure and Local Civil Rules</u>, <u>to resolve any supposed dispute</u> regarding the "Second Set of Interrogatories and Requests for Production" dated July 27, 2005, <u>during the seven (7) months</u> that passed between July 27, 2005 and the filing of the Motion to Dismiss on February 17, 2006.

The counsel for the defendants made no attempt to contact the plaintiff regarding the "Second Set of Interrogatories and Requests for Production" dated July 27, 2005, in the five months that followed Attorney James Craven's instructing the plaintiff on August 9, 2005 to completely ignore and permanently disregard the "Second Set of Interrogatories and Requests for Production" dated July 27, 2005, refused her many attempts to reach them by telephone for five months, and never sent her any correspondence regarding the "Second Set of Interrogatories and Requests for Production" dated July 27, 2005, until January 4, 2006, over <u>two months after the formal Discovery Deadline had already</u> passed on October 31, 2005.