UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| LISA EGAN (a/k/a HADLEY MACPHERSON), : | |
| : | |
| Plaintiff, : | |
| : | CASE NO. 302CV1973 (JCH) |
| v. : | |
| : | |
| YALE MEDICAL GROUP, YALE-NEW : | |
| HAVEN HOSPITAL, YALE PLASTIC : | |
| SURGERY and DR. JOHN PERSING, : | |
| : | APRIL 26, 2006 |
| Defendants. : | |

---

## REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO DISMISS

On or About April 6, 2006, the plaintiff filed "Plaintiff's Amended Objection to Defendants' Motion to Dismiss" in response to the defendants Motion to Dismiss dated February 17, 2006.[1] The defendants will not address the plaintiff's slanderous/libelous attacks or statements except to state the allegations and accusations are patently false and irrelevant to the decision on the pending motion to dismiss.

On July 27, 2005, the defendants served the plaintiff with Defendants' Second Set of Interrogatories and Requests for Production (the "July Discovery Requests"). On August 5, 2005 and August 9, 2005, Attorney James Craven of Wiggin and Dana, LLP spoke with the plaintiff regarding "issues" relative to the medical authorization sent to the plaintiff from Wiggin and Dana, LLP. *See,*

---

[1] The plaintiff filed two motions for enlargement of time to respond to the defendants' Motion to Dismiss (without contacting defendants' counsel to obtain their position on these motions). Both of these motions were granted by the Court. The last motion for enlargement of time was filed on or about March 28, 2006. On April 1, 2006, the Court, nunc pro tunc, ordered that a response to the defendants Motion to Dismiss was due by March 29, 2006 and a response/reply to the defendants' Motion for Summary Judgment was due by April 8, 2006. On April 18, 2006, the plaintiff filed "Plaintiff's Objection

*Affidavit of James Craven, February 17, 2006, attached to defendants' Motion to Dismiss.* In addition, Attorney Craven discussed with the plaintiff questions and concerns that she had relative to the July Discovery Requests. *Id.* At no time did Attorney Craven withdraw or indicate that he would withdraw the July Discovery Requests. *Id.*

The plaintiff's statements, in her objection to the defendants' motion to dismiss, alleging that the defendants remained silent regarding the July Discovery Requests until January of 2006 are inaccurate. On October 20 2005, in the defendants' "Reply to Plaintiff's Objection to Defendants' Motion to Dismiss and Motion to Preclude" (the "October 20, 2005 Reply Brief"), counsel for the defendants specifically stated:

> In addition, at the June 23, 2005 status conference, the Court ordered that discovery was to be completed by October 31, 2005. On July 27, 2005, the defendants served written discovery requests on the plaintiff. However, to date, the defendants have not received any written objections or responses from the plaintiff to the discovery requests. See Affidavit of Diana Coppola.

Certainly, the defendants would not have raised the issue of the plaintiff's failure to comply with the July Discovery Requests in their October 20, 2005 Reply Brief if they had withdrawn said discovery requests. Moreover, while the plaintiff has shown, over the course of this litigation, a penchant for lengthy responses addressing the minutia of each filing, she did not contest this statement or the supporting statement by the affiant Diana Coppola relative to the July Discovery Requests.

On January 4, 2006, after the continued failure of the plaintiff to answer the July Discovery Requests, the defendants' counsel sent a letter to plaintiff requesting responses to the July Discovery Requests. For her convenience, the defendants' counsel enclosed another copy of the July Discovery

---

to Defendants' Motion to Dismiss" and subsequently filed an amended objection on April 19, 2006 to "correct" "typos"..

2

Requests. No responses were received. On January 27, 2006, the defendants' counsel wrote a letter to the Court, with a copy to the plaintiff, requesting a status conference. The plaintiff has acknowledged that she received a copy of this letter on January 30, 3006. *See, the plaintiff's "Letter to the Court Regarding Plaintiffs Response to July 27, 2005 Interrogatories and Letter Sent to the Court on February 14, 2006 Regarding Response", February 14, 2006; See also, Plaintiff's Amended Objection to Defendants' Motion to Dismiss, April 19, 2006.* In the January 27, 2006 letter requesting a status conference, the defendants proposed five items that they wished to discuss, including the July Discovery Requests. Furthermore, the defendants' counsel wrote, "[b]y copy of this letter, I invite the plaintiff to supplement this list to the extent that she has additional issues that she would like to discuss." *See January 27, 2006 Letter, attached as Exhibit A*.

On February 1, 2006 the Court ordered that the plaintiff provide responses to the defendants' July Discovery Requests by February 14, 2006. On or about February 17, 2006, the plaintiff filed her "Letter to the Court Regarding Plaintiffs Response to the July 27, 2005 Interrogatories and Letter Sent to the Court on February 14, 2006 Regarding Response" dated February 14, 2006. Also, on or about February 17, 2006, instead of filing her answers to the July Discovery Requests, the plaintiff filed a copy of a letter, purportedly dated August 12, 2005, addressed to Attorney James Craven. This letter was not received by Wiggin and Dana, LLP until it was served and filed with the Court on or about February 17, 2006.

The defendants timely filed their July Discovery Requests and simply seek answers to these requests so that they may fairly defend the action brought against them by the plaintiff. The plaintiff has failed, despite specific Order of the Court, to answer the July Discovery Requests. Therefore, the Court should grant defendants Motion to Dismiss. In the alternative, the Court should order that the plaintiff

3

send and file answers to the July Discovery requests within ten days of its decision on the Motion to Dismiss.

                    RESPECTFULLY SUBMITTED BY
                    DEFENDANTS,
                    YALE MEDICAL GROUP
                    YALE-NEW HAVEN HOSPITAL
                    YALE PLASTIC SURGERY
                    JOHN PERSING, M.D.

By: _____
Penny Q. Seaman (ct05813)
Kevin S. Budge (ct19097)
Wiggin & Dana LLP
P. O. Box 1832
New Haven, CT 06508-1832
Tel: (203) 498-4400
Fax: (203) 782-2889
Email: pseaman@wiggin.com
       kbudge@wiggin.com
Their Attorneys

## **CERTIFICATION**

I hereby certify that on this 26th day of April, 2006, a copy of the foregoing was sent by FedEx to the following counsel/pro se parties of record.

Lisa Egan, n/k/a Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC  28270

_____
Kevin S. Budge

\487\5009\556608.

**EXHIBIT A**

Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, Connecticut
06508-1832
www.wiggin.com

Kevin S. Budge
203.498.4378
203.782.2889 fax
kbudge@wiggin.com

**WIGGIN AND DANA**

*Counsellors at Law*

January 27, 2006

Honorable Janet C. Hall
United States District Court
915 Lafayette Blvd
Bridgeport, CT 06604

Re:   *Egan v. Yale Medical Group, et al.*

Dear Judge Hall:

At this time, I am requesting that you schedule a status conference in the above-captioned matter at your earliest convenience to address a number of items. The following is a list of items that I propose to be addressed.

1.   <u>Outstanding discovery</u>. We served discovery on the plaintiff on July 27, 2005. We understand from the plaintiff that she sent responses to the discovery requests in August 2005, but the responses have not been received. On several occasions, the plaintiff agreed to provide us with a copy of the responses but they have not been received.

2.   <u>Motions for Protective Order</u>. Three Motions for Protective Orders were filed regarding plaintiff's notices of depositions of seven witnesses. The plaintiff has not filed an opposition to any of the motions.

3.   <u>Expert Disclosures</u>. The plaintiff has disclosed five doctors as "experts" prepared to offer opinions on the standard of care. However, it appears from papers filed by at least two of these doctors that they are unwilling to act as experts in this case. It is, therefore, unclear which of plaintiff's disclosed experts will actually testify as experts.

4.   <u>Dispositive Motions</u>. Dispositive motions (i.e. summary judgment) are due by January 31, 2006, however, due to the outstanding issues referenced above, the appropriateness and timing of any dispositve motions needs to be addressed.

5.   <u>Narrowing of the issues</u>. The plaintiff has filed a two count complaint alleging lack of informed consent in both counts. Based upon the plaintiff's expert disclosures and the operative pleadings, it would be beneficial to all parties to narrow the issues for trial.

Because the plaintiff is pro se, because of the above listed items, and because of continued issues regarding the mailing and receiving of documents, a status conference is necessary.

Honorable Janet C. Hall
January 27, 2006
Page 2

**WIGGIN AND DANA**

*Counsellors at Law*

By a copy of this letter, I invite the plaintiff to supplement this list to the extent that she has additional issues that she would like to discuss.

Very truly yours,

Kevin S. Budge

cc:   Hadley McPherson, a/k/a Lisa Egan (VIA FEDEX)
      Penny Q. Seaman, Esq.

\487\5009\574786.2