# UNITED STATES DISTRICT COURT

*Original*

# DISTRICT OF CONNECTICUT

---

## AT BRIDGEPORT

HADLEY MACPHERSON (EGAN)

      Plaintiff,

VS.

DR. JOHN PERSING

     and

YALE NEW HAVEN HOSPITAL

     and

YALE UNIVERSITY

      Defendants,

3:02CV1973 JCH

JUNE 15, 2006

CIVIL ACTION

PLAINTIFF'S REPLY TO
DEFENDANTS' REPLY TO
PLAINTIFF'S OBJECTION
TO DEFENDANTS'
MOTION TO DISMISS
FILED FEBRUARY 17, 2006

ORAL ARGUMENT AND
EVIDENTIARY HEARING REQUESTED

## PLAINTIFF'S REPLY TO DEFENDANTS' REPLY TO

## PLAINTIFF'S OBJECTION TO DEFENDANTS'

## MOTION TO DISMISS  FILED FEBRUARY 17, 2006

The defendants' filed a Reply on May   , 2006, to the plaintiff's Objection, Memorandum of Law with attached Exhibits, and sworn Affidavit of Hadley Macpherson, which was filed in response to the defendants' Motion to Dismiss filed on February 17, 2006.

In their Reply, the counsel for the defendants never contradicted, challenged, or denied a single allegation or statement that the plaintiff had made in her Objection, Memorandum of Law with attached Exhibits, and sworn "Affidavit of Hadley Macpherson".

Neither, in their Reply, did the counsel for the defendants provide any further Exhibits or sworn Affidavits of their own that would dispute or contradict the plaintiffs' recitation of the facts and events related in her Objection, Memorandum of Law, and sworn "Affidavit of Hadley Macpherson", facts and events which were documentarily substantiated by the 37 Exhibits provided by the plaintiff, and by the sworn statements made in the "Affidavit of Hadley Macpherson" which referenced those 37 Exhibits throughout that Affidavit as substantiation for each of the sworn statements being sworn to in that Affidavit.

The only Exhibits in fact, that were ever provided by the counsel for the defendants to support their Motion to Dismiss filed February 17, 2006, a Motion to Dismiss based on their allegations concerning the "Defendants' Second Set of Interrogatories and Requests for Production" dated July 27, 2005, were the four (4) sole Exhibits attached to their Motion to

1

Dismiss filed back on February 17, 2006, those four Exhibits being: **a)** the Fed Ex Tracking slip evidencing delivery of a Fed Ex envelope both on July 28, 2005 and January 5, 2005; **b)** a copy of the "Defendants' Second Set of Interrogatories and Requests for Production" dated July 27, 2005; **c)** a copy of the letter sent to the plaintiff from Attorney Kevin Budge dated January 4, 2006; and **d)** the "Affidavit of Attorney James Craven" dated February 17, 2006.

The counsel for the defendants, in their Reply filed on May    , 2006, a Reply filed in response to the plaintiff's Objection, Memorandum of Law, and "Affidavit of Hadley Macpherson" merely only defended against the plaintiffs allegations by claiming that the facts and events recited and sworn to by the plaintiff had no bearing on the issue to be decided by this Court, and that the statements sworn to by the plaintiff in her sworn "Affidavit of Hadley Macpherson" were self-serving, irrelevant, and immaterial to the issue to be decided surround the "Defendants' Second Set of Interrogatories and Requests for Production" dated July 27, 2005.

However, the allegations and statements made by the plaintiff in her Objection, Memorandum of Law, and sworn "Affidavit of Hadley Macpherson" filed in Response to the defendants' Motion to Dismiss filed on February 17, 2006, not only directly contradicted the statements and allegations made by the counsel for the defendants in their Motion to Dismiss filed on February 17, 2005, Memorandum of Law, and sworn "Affidavit of Attorney James Craven", but those allegations and sworn statements made by the plaintiff, allegation and sworn statements substantiated by the 37 Exhibits provided, evidenced that the counsel for the defendants had engaged in a course of unethical and tortous behavior during the course of this lawsuit that gave the counsel for the defendants a personal a motive to lie no only for their clients' interests, but for the protection of their own interests as well, due to the liability they

2

themselves incurred from the illegal behavior that they themselves engaged in during the course of this lawsuit.

The falsity or truth of the counsel for the defendants allegations made in their Motion to Dismiss filed on February 17, 2006, Memorandum of Law, and "Affidavit of Attorney James Craven" filed in support of those allegations, can only assessed from a credibility standpoint, a credibility that can only be ascertained by the actual facts and events that occurred, and the actions or inactions taken by the counsel for the defendants to timely acquire that which they now claim they were being denied.

The sworn statements made by Attorney James Craven as sworn to in the "Affidavit of Attorney James Craven" dated February 17, 2006, were put forth by the counsel for the defendants as the sole piece of evidence and testimony used to induce this Court's reliance on their contention that the plaintiff had deliberately and flagrantly denied them her answers to the "Defendants' Second Set of Interrogatories and Requests for Production" dated July 27, 2005.

The plaintiff's sworn statements made and sworn to in her "Affidavit of Hadley Macpherson", an Affidavit of considerable length, specificity and particularity, and which was supported by the 37 Exhibits attached to the plaintiff's Objection, and referenced in that Affidavit, directly contradicts Attorney James Craven's sworn statements, and thereby renders the entire issue an issue of Fact to be determined, an issue of Fact that can be partially determined by the events that took place which are able to be proved by documentary evidence.

Therefore, the plaintiff's 37 Exhibits, and statements sworn to in her "Affidavit of Hadley Macpherson" attached to her Objection and Memorandum of Law, are not irrelevant to the issue to be decided, particularly when those facts lead in every way, to the logical determination that

3

the counsel for the defendants are lying regarding their claims surrounding the "Defendants Second Set of Interrogatories and Requests for Production", dated July 27, 2005, and substantiate the plaintiff's recitation of the facts and events pertinent to the claims raised by the counsel for the defendants, and factually and indisputably support her defense.

The counsel for the defendants, in their Reply, state that they are willing, if required to by the Court, to answer each and every one of the plaintiff's allegations made and sworn to in her "Affidavit of Hadley Macpherson", and re-iterated in her Objection and Memorandum of Law.

Yet the counsel for the defendants' offer is moot and in fact empty and worthless, given that they did not bother, in their Reply, to make even a single denial of any of the allegations made by the plaintiff in her "Affidavit of Hadley Macpherson" and Objection and Memorandum of Law, when they had the opportunity to do so, a lack of denial and silence that is an admission to the allegations made which is legally binding on not only the counsel for the defendants themselves, but on the defendants, particularly given the nature of the allegations made, and the certainty that any counsel would immediately deny such allegations if they could.

The behavior, and silence, of the counsel for the defendants, in response to the plaintiff's Objection, Memorandum of Law with attached 37 Exhibits, and sworn "Affidavit of Hadley Macpherson", speaks of itself:

At no time in their Reply, did the counsel for the defendants ever claim that the plaintiff's recitation of the facts and events as listed in her Objection, Memorandum of Law, and sworn "Affidavit of Hadley Macpherson", or allegations made in that Objection, Memorandum of Law, and sworn "Affidavit of Hadley Macpherson" were in any way false.

At no time in their Reply, did the counsel for the defendants ever challenge, or in any way

4

deny, the plaintiff's allegations made, and sworn statements alleging, <u>that Attorney Penny</u>
<u>Seaman had threatened, over the telephone back on May 23, 2003, at 2:21 pm, to cause the</u>
<u>plaintiff's children to suffer harm if the plaintiff would not cease from prosecuting this lawsuit,</u>
<u>as well as threatened to use the plaintiff's admittedly violent offending ex-husband, who the</u>
<u>plaintiff and her children have Restraining Orders against, as a weapon against the plaintiff, if the</u>
<u>plaintiff would not cease her prosecution of this lawsuit.</u>

At no time in their Reply, did the counsel for the defendants ever challenge, or in any way
deny, <u>that they had attempted to illegally force the plaintiff to disclose her entire medical history</u>
<u>to the outside law firm of Jacobs, Grudberg, Belt, Dow, & Katz, through forcing her to sign an</u>
<u>"Authorization to Use and Disclose Health Information" form with</u> the name of Jacobs,
Grudberg, Belt, Dow & Katz named on that authorization form as a co-recipient of all of the
plaintiff's medical information relating to her entire body, and entire medical history, despite the
fact that the law firm of Jacobs, Grudber, Belt, Dow & Katz has absolutely no connection to this
case.

At no time in their Reply, did the counsel for the defendants ever challenge, or in in any
way deny, that the plaintiff's allegation that the law firm of Jacobs, Grudberg, Belt, Down &
Katz's <u>only interest or connection to the plaintiff, was in the protection of the interests of the</u>
<u>Hon. Judge Herbert Gruendel who is connected to the defendants in the two other Federal cases</u>
<u>known as 3:02CV1309 and 3:01CV01555,</u> and who the plaintiff alleged in the pleadings filed in
those two cases to his have engaged in joint tortous behavior with the defendants of those cases.

At no time in their Reply, did the counsel for the defendants ever challenge, or in any way
deny, that their attempt to force the illegal disclosure of the plaintiff's medical information and

5

medical history to the outside law firm of Jacobs, Grudberg, Belt, Dow & Katz, <u>was designed and committed in or order aid the defendants in the two other Federal cases of 3:01CV01555 and 3:02CV1309, and their counsel, as well as the Hon. Judge Herbert Gruendel who was connected to the claims made in those cases,</u> all of whom would not be able to obtain that medical information or medical history through Discovery in those cases, given the nature and basis of those two Federal cases, and their not being medical practice claims.

At no time in their Reply did the counsel for the defendants ever challenge, or in any way deny, that they <u>never attempted to make any contact with the plaintiff, either in writing or by telephone, relating to Discovery, after their sending of Attorney Kevin Budge's letter dated August 11, 2005,</u> relating to the plaintiffs needing to return the now revised "Authorization to Use and Disclose Health Information" until January 4, 2006, two months after the Discovery Deadline had already passed on October 31, 2005.

At no time in their Reply did the counsel for the defendants ever challenge, or in any way deny, that during the entire five months that passed between August 11, 2005 until January 4, <u>2006, the counsel for the defendants never attempted to perform any Discovery on the plaintiff, never sent her any Requests for Admission, never sent her any further Interrogatories or Requests for Production, never attempted to Depose her, and never attempted any mental or physical examination of the plaintiff, even though the Discovery Deadline ended on October 31, 2005.</u>

At no time in their Reply, did the counsel for the defendants ever challenge, or in any way deny, that the plaintiff <u>attempted to reach them by telephone 25 different times</u> from August 2005, until January 2006, and that the counsel for the defendants <u>refused to take the plaintiff's phone calls, or respond to the plaintiff's phone calls.</u>

6

At no time in their Reply, did the counsel for the defendants ever challenge, or in any way deny, that Attorney Penny Seaman, on September 12, 2005, and Attorney Bonnie Patten on September 20, 2005, <u>sent letters to the plaintiff informing her that they would not speak to her by telephone.</u>

At no time in their Reply did the counsel for the defendants challenge, or in any way deny, <u>that they never contacted the plaintiff regarding the "Second Set of Interrogatories and Requests for Production" dated July 27, 2005, between August 9, 2005 and January 4, 2006</u>.

At no time in their Reply did the counsel for the defendants ever challenge, or in any way deny, that they never attempted at any time, not even on January 4, 2006, <u>to ever confer with the plaintiff regarding the "Defendants Second Set of Interrogatories and Requests for Production" in the time period following the plaintiff's telephone call with Attorney James Craven made on August 9, 2005, a</u> phone call during which Attorney James Craven permanently relieved the plaintiff of her obligation to respond to that set of Interrogatories and Requests for Production, claiming he was re-drafting them to narrow them, and make them appropriately conform to confines and constraints of allowable Discovery under the Federal Rules.

At no time in their Reply, did the counsel for the defendants ever challenge, or at any time deny, that their first attempt to acquire the plaintiff's answers to the "Defendants' Second Set of Interrogatories and Requests for Production" dated July 27, 2005, <u>was not made until two full months after the Deadline for Discovery had already passed on October 31, 2005</u>, and only then was attempted <u>the day after </u>the counsel for the defendants learned that the plaintiff had subpeonaed the physicians known as Dr. Linton Whitaker, Dr. Gary Price, Dr. Alan Brackup, and Dr. Gregory, to testify to her medical record, the integrity of that medical record, <u>and the illegal</u>

7

alteration and illegal destruction of that medical record.

At no time in their Reply, did the counsel for the defendants ever challenge, or in any way deny, that on January 3, 2006,  they received by Fed Ex, the Notice of Depositions for the above four physicians, with explicit detail of their being questioned regarding the plaintiff's medical records, integrity of those medical records, and illegal alteration and illegal destruction of those medical records, only one day before they suddenly made their untimely demand for the "Defendants Second of Interrogatories and Requests for Production" dated July 27, 2005.

At no time in their Reply, did the counsel for the defendants ever challenge, or in any way deny, that on January 4, 2006Diana Coppola sent the plaintiff a letter acknowledging her receipt of the Notices of Deposition regarding the four physicians named above, the very same day as Attorney Kevin Budge's letter now suddenly demanding a response to the "Defendants' Second Set of Interogatories and Requests for Production" dated July 27, 2005, which the counsel for the defendants had previously made no attempt to ever obtain prior to that day, an admission which only validates the plaintiff's claims that on August 9, 2005, Attorney James Craven permanently relieved the plaintiff of her obligation to answer that set of Interrogatories.

At no time in their Reply, did the counsel for the defendants, ever challenge, or in any way deny, that their lack of engaging in any of the tools of Discovery during the five months that passed between August 2005 and January 2006, deliberate refusal to contact or engage in conversation with the plaintiff during that time, and sudden untimely demand for a response the "Defendants' Second Set of Interrogatories and Requests for Production" dated July 27, 2005, made immediately after their learning that the plaintiff was going to depose the four physicians who would be able to verify her medical records, as well as be made to admit to it illegal

8

alteration and illegal destruction, demonstrated their engaging in an attempt to use a fraudulent mechanism to illegitimate dismiss this case under Rule 41.

The defendants failure to confer, failure to contact, and sudden untimely demand for a set of Interrogatories and Requests for Production, made after five months of silence, over two months passed the Discovery Deadline of October 31, 2005, and one day after learning of the plaintiff's intent to depose the four physicians who could validate the plaintiffs medical records and admitted to their being illegally altered and illegally destroyed, goes directly to the issue of the legitimacy or illegitimacy of the defendants' claim made in their Motion to Dismiss filed on February 17, 2006.

The counsel for the defendants claim that Attorney James Craven, on August 9, 2005, did not release the plaintiff from her obligation to respond to the "Defendants Second Set of Interrogatories and Requests for Production" dated July 27, 2005, yet all of the facts and events presented by the plaintiff, and substantiated by not only the 37 Exhibits provided, and the "Affidavit of Hadley Macpherson" but by the silent admission of the counsel for the defendants themselves who failed to deny those facts and events as alleged and substantiated by the plaintiff, lead to no other logical conclusion but that the plaintiff is telling the truth when she claims that Attorney James, during a telephone conversation on Tuesday, August 9, 2005, permanently relieved the plaintiff of her obligation to respond to the set of Interrogatories and Requests for Production in question.

The only defensive argument raised by the counsel for the defendants, is that the single statement made by Paralegal Diana Coppola in her Affidavit filed in support of the defendants Motion to Dismiss dated August 22, 2005, which referenced the Interrogatories and Requests for

9

Production in question, was somehow considered an action taken to complain of the plaintiff's supposed lack of response to the "Defendants' Second Set of Interrogatories and Requests for Production" dated July 27, 2005.

However, the "Affidavit of Diana Coppola", a paralegal, whose Affidavit was being provided to substantiate the counsel for the defendants claims that they had not received the plaintiff's signed "Authorization to Use and Disclose Health Information" forms, was not dealing with any complaint regarding the "Defendants Second Set of Interrogatories and Requests for Production" dated July 27, 2005, and cannot in any way be considered the same as a demand letter, or as Motion to Compel, particularly since it was not even drafted by an Attorney.

The plaintiff had no obligation to respond to the aside statement made by Diana Coppola, as she was not the Attorney who had released the plaintiff of her obligation to answer the "Defendants Second Set of Interrogatories and Requests for Production" dated July 27, 2005, and the counsel for the defendants had filed no Motion complaining of their not having received any answers to the "Defendants Second Set of Interrogatories and Requests for Production" which would require the plaintiff to explain to this Court why it was that she felt she no longer had any obligation to respond to that particular set of Interrogatories and Requests for Production.

Under the law, an Affidavit written by a paralegal not privy to an agreement, does not satisfy the legal definition of a Motion filed by an Attorney, and is not in any way seen to be a legal action taken by an Attorney by which to procure that which they later claim, and untimely claim, they were being denied.

Lastly, in their Reply, the counsel for the defendants now raised a brand new allegation not previously made in their Motion to Dismiss filed on February 17, 2005, supporting

Memorandum of Law, or sworn "Affidavit of Attorney James Craven".

In their Reply filed in response to the plaintiff's Objection, Memorandum of Law with 37 attached Exhibits, and sworn "Affidavit of Hadley Macpherson", the counsel for the defendants suddenly and newly alleged that the plaintiff had not met the Court's February 14, 2006 deadline which required the plaintiff to serve the counsel for the defendants a copy of her previous response to the "Defendants' Second Set of Interrogatories and Requests for Production", by February 14, 2006 or she would be dismissed, and that they did not receive a.

The counsel for the defendants claimed and alleged in their Reply filed in response to the plaintiff's Objection, Memorandum of Law, and "Affidavit of Hadley Macpherson", that the plaintiff did not serve them by February 14, 2006 as Ordered, and that they only learned of, and received Notice of, the plaintiff's previously mailed letter sent to Attorney James Craven back on August 12, 2006, when it posted on the Internet Docket on February 17, 2006.

The counsel for the defendants further also newly alleged in their Reply, that they also did not receive Notice or Service of the plaintiff's Letter to the Court dated February 14, 2006, a Letter to the Court explaining why the plaintiff was filing a copy of the letter she had previously mailed to Attorney James Craven back on August 12, 2005, instead of any filing any actual Answers to the "Defendants Second Set of Interrogatories and Requests for Production" dated July 27, 2006.

The counsel for the defendants claimed in their Reply that they only learned of the plaintiff's Letter to the Court dated February 14, 2006, on February 17, 2006, when they claimed they first saw it on the Internet Docket.

However, not only is the counsel for the defendants' new allegation suspect for it not

11

having been previously made in their Motion to Dismiss filed on February 17, 2006, when they

had the chance and should have made that allegation, if such an allegation were true, but the

counsel for the defendants <u>did not even bother to put forth an Affidavit swearing to that

allegation, expecting this Court to just take their word for it as proof of the truth of that

allegation.</u>

The counsel for the defendants therefore <u>once again made false allegation</u> unsupported by

any evidence, <u>and unsupported by even an Affidavit attesting to those new allegations</u>, and were

obviously only attempting to now offer this Court another unsubstantiated reason to dismiss the

plaintiff's case under Rule 41, <u>without any evidence to support those new allegations</u>, allegations

made purely as a result of the counsel for the defendants being suddenly confronted with the

overwhelming proof of the facts enumerated in the plaintiff's Objection and Memorandum of

Law, facts substantiated by the attached 37 Exhibits and the sworn " Affidavit of Hadley

Macpherson", all of which indisputably proved that the counsel for the defendants had engaged

in ongoing unethical and illegal conduct, <u>a conduct that would now substantially weigh against

the veracity of their previous claims made in their Motion to Dismiss filed on February 17, 2006,

and the veracity of the sworn "Affidavit of Attorney James Craven."</u>

An allegation made by an attorney, <u>unsupported</u> by any evidence, an allegation <u>not even

supported by a sworn  Affidavit</u> offered up to substantiate that allegation, <u>cannot be legally

considered by this Court</u>, and cannot bear in any way on the Court's ruling on the defendants'

Motion to Dismiss filed on February 17, 2006, as the un-sworn statements of an attorney are not

evidence.

The plaintiff argues that the Reply filed by the counsel for the defendants <u>weighs fully in</u>

favor of the plaintiff's defense to the defendants allegations made in their Motion to Dismiss filed on February 17, 2006, and fully supports the plaintiffs allegations and version of the facts, rather than supporting in any way the counsel for the defendants version of the facts.

The issue at issue is a factual issue, and the events and facts which are undisputed by the counsel for the defendants, even after all this time in which they had ample opportunity to contradict or deny those facts and events related, prove that the counsel for the defendants acted fraudulently and with the intent to deceive this Court, and obtain an illegitimate dismissal under Rule 41.

No other reason could exist for the counsel for the defendants refusal to contact or communicate, failure to confer, failure to perform any Discovery during the period allotted to do so, and sudden demand made two months after the Discovery Deadline had already passed on October 31, 2005, and only one day after learning on January 3, 2006, that the plaintiff was intending to depose the physicians who could have testified to the validity and integrity of what remains of her medical records, and to the illegal alteration and illegal withholding, and illegal destruction of those medical records.

Respectfully Submitted,

Hadley Macpherson
2015 McKenzie Creek Dr.
Charlotte, NC. 28270
(704) 675 - 5252

13

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been delivered/sent this

day of June 15, 2006, to Attorney Penny Seaman, of Wiggins and Dana, 265 Church Street,

P.O. Box 1832, New Haven Connecticut, 06508 - 1832.

Respectfully,

Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC  28270
(704) 675 - 5252