# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

## AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | 3:02CV1973 JCH |
| Plaintiff, | |
| | JUNE 15, 2006 |
| VS. | |
| | CIVIL ACTION |
| DR. JOHN PERSING | |
| and | PLAINTIFF'S OBJECTION |
| YALE NEW HAVEN HOSPITAL | TO DEFENDANTS' |
| and | MOTION FOR SUMMARY |
| YALE UNIVERSITY | JUDGMENT |
| Defendants, | |

# PLAINTIFF'S OBJECTION TO DEFENDANTS'
# MOTION FOR SUMMARY JUDGMENT FILED FEBRUARY 25, 2006

Though the plaintiff is <u>legally not required</u> to file this Objection, Memorandum of Law, Affidavit, or Local Rule 56(a)(2) Statement <u>as a result of the legal insufficiency of the defendants' Motion for Summary Judgment</u>, the plaintiff is filing her Objection, Memorandum of Law, Affidavits, and Local Rule 56(a)2 Statement to demonstrate and prove that <u>even if</u> the defendants Motion for Summary Judgment were not legally insufficient and deficient, that the defendants <u>are not entitled to the relief they seek in their Motion for Summary Judgment</u>.

Wherefore, the plaintiff objects to the defendants' Motion for Summary Judgment, and respectfully requests that the defendants' Motion for Summary Judgment be denied on the following three grounds:

A.  **THE MOTION FOR SUMMARY JUDGMENT IS LEGALLY DEFICIENT AS WELL AS LEGALLY INSUFFICIENT**

   1)  The defendants <u>failed to meet or satisfy the requirements imposed by Federal Rule 56 and Local Civil Rule 56(a)</u> when filing their Motion for Summary Judgment and Local Rule 56(a)(1) Statement.

   2)  The defendants <u>failed to follow the mandates of Local Rule 56(a)(3) when they</u>

<u>failed to specifically cite specific pages and specific paragraphs of the documents they referenced in their Local Rule 56(a)(1) Statement,</u> documents well beyond a page in length, and then <u>only</u> referenced those documents <u>by name or title.</u>

3) The defendants failed to follow the mandates of Local Rule 56(a)(3) when they <u>failed to support each statement made in their Local Rule 56(a)(1) Statement with a citation to any</u> 1) Affidavit of a witness competent to testify as to the facts at trial and/or 2) evidence that would be admissible at trial.

4) The defendants failed to follow the mandates of Local Rule 56(a)(3) when they <u>failed to provide the Court with any Affidavit of a witness competent to testify, any/or any documentary evidence that would be admissible at trial</u>, as support for their statements made in their Local Rule 56(a)(1) Statement.

5) The defendants failed to follow the mandates of Federal Rule 56 and Local Rule 56(a) <u>when they referenced and attempted to use the parties original Pleadings filed in the Record</u> as a means to support the statements made in their Local Rule 56(a)(1) Statement and Motion for Summary Judgment, despite the fact that the pleadings referenced, those being the plaintiff's "Amended Complaint" and the defendants "Answer", and though voluminous, <u>were not cited by page or paragraph</u>, <u>do not constitute evidence</u>, and worse, are the very pleadings that clearly and directly demonstrate, evidence, and prove <u>that a genuine dispute over</u>

the very issues raised by the defendants in their Motion to Summary Judgment and Local Rule 56(a)(1) Statement still exists between the parties, a dispute which bars this Court from granting a Dismissal of this suit under Federal 56 without some other evidence or testimony provided in support of one party or the other, as a Motion for Summary Judgment can only be rendered when a genuine dispute does not exist, and a party is entitled to Judgment as a matter of Law.

6) The defendants failed to follow the mandates of Federal Rule 56 and Local Rule 56(a) when they referenced and attempted to use the plaintiff's Disclosure of Expert Witness dated November 28, 2005 and Amended Disclosure of Expert Witnesses dated November 30, 2005, as a means to support the statements made in their Local Rule 56(a)(1) Statement and Motion for Summary Judgment, given that those two documents were not only never made a part of the Record, and never formally filed, but the defendants themselves failed to provide the Court with copies of those two documents being referenced, again failed to cite those two documents by page or paragraph though those two documents were voluminous, and worse, made false and fraudulent claims about the content of those two documents which they knew the Court could not substantiate the truth of given that no copies of those two documents were provided as Exhibits by the defendants.

7) The defendants failure to provide the Court with the documents that they did

reference in their Local Rule 56(a)(1) Statement, documents not located anywhere in the Record, renders any argument relating to those documents which were referenced, but not provided, moot as a matter of Law, given that the Court cannot legally base a Finding or Judgment on documents which it has never seen and cannot ascertain the content of.

8) The defendants failure to properly support any of their statements made in their Local Rule 56(a)(1) Statement, failure to appropriately and specifically cite the specific pages and paragraphs of any documents being referenced that were over a page in length, and failure to provide, or reference, any evidence in the record at all, documentary or testimonial, to support their claims made in their Local Rule 56(a)(1) Statement, renders the defendants' Local Rule 56(a)(1) Statement deficient and insufficient, and therefore not only unable to be legally considered as appropriate support for the defendants Motion for Summary Judgment, but further renders all statements made in that Local Rule 56(a)(1) Statement unable to be considered by the Court for any purpose at all.

9) The defendants failure to properly support any of their statements made in their Local Rule 56(a)(1) Statement, failure to appropriately and specifically cite the specific pages and paragraphs of any documents being reference that were over a page in length, and failure to provide, or reference, any evidence in the record at all, documentary or testimonial, to support their claims made in their

Local Rule 56(a)(1) Statement, <u>further renders</u> the defendants Local Rule 56(a)(1) Statement <u>unable to be properly responded to by the plaintiff in an opposing Local Rule 56(a)(2) Statement, in the form required by Local Civil Rule 56(a)(2).</u>

10) As a result of the defendants having failed to adhere to the mandates of the Federal Rules of Civil Procedure and Local Civil Rules regarding the filing of a Motion for Summary Judgment, when filing their Motion for Summary Judgment and required Local Rule 56(a)(1) Statement, <u>a failure demonstrated by items 1 - 9 above</u>, and <u>a failure proved by very content of the defendants Motion for Summary, Memorandum of Law, and Local Rule 56(a)(1) Statement already filed, the defendants Motion for Summary Judgment, a Motion for Summary Judgment un-accompanied by any of the appropriate and required proofs, and un-accompanied by a proper and sufficient Local Rule 56(a)(1) Statement, is itself also therefore legally insufficient, legally deficient, legally improper, and without merit as a matter of law.</u>

12) The defendants Motion for Summary Judgment being therefore legally deficient, legally insufficient, legally improper, and legally without merit, as a result of the defendants deliberate failure to comply with and adhere to Local Rule 56(a), <u>legally warrants and in fact demands that the defendants Motion for Summary Judgment be denied under Federal Rule 56 and Local Rule 56(3), and denied with prejudice.</u>

13) <u>Given the amount of disrespect shown to the Court, the Federal Rules, and Local Rule 56(a),</u> by the counsel for the defendants, <u>a disrespect evidenced by the enormous level of legal deficiency, legal insufficiency, and impropriety of the Motion for Summary Judgment and Local Rule 56(a)(1) Statement that the defendants deliberately filed</u>, <u>a deliberateness that cannot be ignored given the professional experience and station of the particular attorneys involved</u>, attorneys who are partner and associates in the very large and professional firm of Wiggin & Dana, <u>who could not have ever forgotten or misunderstood their obligations under Federal Rule 56 and Local Rule 56(a)</u>, and who in fact sent the plaintiff a copy of Local Rule 56 <u>to inform the plaintiff of her obligations</u> under that same Local Rule 56, and <u>warn her</u> that she would face dismissal if she herself did not comply with the mandates of Local Rule 56, further <u>warrants and demands a denial of the defendants Motion for Summary Judgment, with prejudice.</u>

14) The defendants' <u>failure to properly and specifically cite the documents they referred to in their Local Rule 56(a)(1) Statement</u>, documents the defendants ask this Court to rely upon and consider in their Local Rule 56(a)(1) Statement and Motion for Summary Judgment, <u>a failure compounded by the defendants further failure to provide any admissible documentary support or evidentiary support support in the form of Affidavits or any other authenticated documents to support their statements made in their Local Rule 56(a)(1) Statement and Motion for Summary Judgment, demands that the Court, under Local Rule 56(3), deem</u> that

the facts as presented by the plaintiff in defense, which are supported by the plaintiff's sworn Affidavit and accompanying Exhibits, <u>are admitted</u>, and <u>that judgment is therefore rendered in the plaintiff's favor as a matter of law on all issues</u> raised by the defendants, in their Motion for Summary Judgment.

**B.     <u>DR. JOHN PERSING IS AN EMPLOYEE OF YALE NEW HAVEN HOSPITAL AND NOT AN INDEPENDENT CONTRACTOR</u>**

1)     The defendants <u>falsely alleged</u> that the defendant, Dr. John Persing, is not the employee of Yale New Haven Hospital.

2)     The defendant, Dr. John Persing, <u>is an employee</u> of the defendant, Yale New Haven Hospital, and not an independent contractor.

3)     The defendant, Yale New Haven Hospital's Medical Staffing office and Office of Legal Affairs <u>directly and explicitly admitted to the plaintiff back in 2004, that the defendant, Dr. John Persing was their direct employee and not an independent contractor.</u>

4)     The defendants claimed that the defendant, Dr. John Persing was not an employee of the defendant, Yale New Haven Hospital, yet they <u>failed to file or provide the</u>

<u>Court with any sworn Affidavit, or any documentary evidence to support their claim that Dr. John Persing is not an employee of the defendant Yale New Haven Hospital</u>, though they were required to by Federal Rule 56 and Local Civil Rule 56(a)(1) and 56(a)(3) to do so when filing a Motion for Summary Judgment.

5) The plaintiff has provided and filed the sworn "Affidavit of Hadley Mapcherson" dated March 12, 2005, sworn to in the presence of a Notary, in support of the plaintiff's Objection to the Defendants' Motion for Summary Judgment, as sworn testimony substantiating the plaintiff's claim <u>that the plaintiff, on several occasions, was informed over the telephone, by Yale New Haven Hospital's Medical Staffing Office and the Office of Legal Affairs, that the defendant, Dr. John Persing, was the actual employee of the defendant, Yale New Haven Hospital, and not an independent contractor.</u>

6) The plaintiff has provided and filed the <u>previously filed</u> Affidavit of Hadley Macpherson, which was first filed nearly two years ago, <u>back on September 10, 2004</u>, an Affidavit which was at that time was filed in support of the plaintiff's Objection to the defendants' "Motion to Dismiss All Claims Against Yale New Haven Hospital and Count Two Against Dr. John Persing and Yale University", (which Motion to Dismiss was denied by the Court back on October 29, 2004), <u>an Affidavit which swore that the plaintiff, on several occasions, was directly and</u>

explicitly told over the telephone by the defendant Yale New Haven Hospital's Medical Staffing Office and Office of Legal Affairs, that the defendant, Dr. John Persing was an actual employee of the defendant, Yale New Haven Hospital, and not an independent contractor, an Affidavit that the plaintiff has now re-filed in support of her Objection to the defendants Motion for Summary Judgment.

7) The plaintiff has now re-filed that same Affidavit of Hadley Macpherson which was filed back on September 10, 2004, in support of her present Objection to the defendants Motion for Summary Judgment, and to support her own statements made in her Local Rule 56(2) Statement.

8) The defendants failed to provide as support for their Motion for Summary Judgment and Local Rule 56(a), any Affidavits or documents to contradict the sworn statements made in the previously filed Affidavit of Hadley Macpherson filed back on September 10, 2004, now re-filed on June 15, 2006, or the new Affidavit of Hadley Macpherson sworn to on March 12, 2006, filed on June 15, 2006, which testify to the plaintiff's same statements and allegations swearing under penalty of perjury that the defendant, Yale New Haven Hospital's Medical Staffing Office and Office of Legal Affairs informed the plaintiff, on several occasions, over the telephone, that the defendant, Dr. John Persing was an actual employee of the defendant, Yale New Haven Hospital, and not an independent contractor.

9) <u>No other documents, Affidavits, or Exhibits, exist in the record regarding the employment status of the defendant, Dr. John Persing,</u> other than the plaintiff's allegations made throughout her pleadings, and Amended Complaint, alleging that the defendant, Dr. John Persing <u>is the employee</u> of the defendant, Yale New Haven Hospital, and the defendants allegations in defense made in their Answer to the plaintiff's Amended Complaint, claiming that the defendant, Dr. John Persing is not an employee of the defendant, Yale New Haven Hospital.

10) <u>The defendants failed to support their statement made in their Local Rule 56(a)(1) Statement,</u> claiming that the defendant, Dr. John Persing <u>was not</u> the employee of the defendant, Yale New Haven Hospital, <u>with anything other than a vague reference to the denial made as to that issue in their "Answer" filed to the plaintiff's Amended Complaint</u>, an "Answer" that <u>they chose not to specifically cite by page or paragraph</u>, and <u>which is not evidence, does not purport itself to be a sworn Affidavit offered up by an individual competent to testify at Trial</u>, and <u>cannot legally overcome the plaintiff's previously filed original Affidavit of Hadley Macpherson filed back on September 10, 2004, re-filed on June 15, 2006, and the plaintiff's newly filed sworn Affidavit of Hadley Macpherson, dated March 16, 2006, filed on June 15, 2006.</u>

11) Even if the plaintiff's Affidavits were not considered, the defendants <u>deliberately ignored the mandatory criteria of Local Rule 56(a)</u>, and <u>deliberately failed to</u>

meet and satisfy the criteria required by Local Rule 56(a), a failure, which being deliberate, warrants and demands that the defendants be barred from raising the issue again, and that plaintiff's claim alleging that the defendant, Dr. John Persing is an employee of the defendant, Yale New Haven Hospital, be deemed as admitted true, under Local Rule 56(a)(3), particularly since the defendants knew their obligations when raising the issue, understood the requirement to provide an Affidavit or other admissible documentary evidence to support their claim, and chose not to, a choice of action that not only legally foreclosed their opportunity to do so in the future, but a choice of action which admits that the defendants cannot produce evidence, that the defendant, Dr. John Persing, is not the employee of the defendant, Yale New Haven Hospital, or they would already have done so in order To legally and appropriately support their Motion for Summary Judgment, and Local Rule 56(a)(1) Statement.

C.   **THE PLAINTIFF IS ABLE TO PRODUCE A MEDICAL EXPERT AT TRIAL**

1)   The defendants, in their Motion for Summary Judgment and Local Rule 56(a)(1) Statement, falsely alleged that the plaintiff is unable to produce an Expert to testify on her behalf at Trial, and failed to support that allegation in the manner required by Local Rule 56(a)(1).

2)  The defendants failed to follow the mandates of Federal Rule 56 and Local Rule 56(a) <u>when they referenced and attempted to use the plaintiff's Disclosure of Expert Witness dated November 28, 2005 and Amended Disclosure of Expert Witnesses dated November 30, 2005,</u> as a means to support the statements made in their Local Rule 56(a)(1) Statement and Motion for Summary Judgment, given that those two documents were not only never made a part of the Record, and never formally filed, but that the defendants themselves <u>failed to provide the Court with copies of those two documents being referenced, again failed to cite those two documents by page or paragraph though those two documents were voluminous, and worse, made false and fraudulent claims about the content of those two documents which they knew the Court could not substantiate the truth of given that no copies of those two documents were provided as Exhibits by the defendants.</u>

3)  The defendants failed to provide any Affidavit to support their claims made in their Local Rule 56(a)(1), and in fact the counsel for the defendants themselves offered their belief up as proof, stating "upon information and belief", a statement that cannot satisfy the requirement for an Affidavit or authenticated documentary evidence under Local Rule 56(a).

4)  The defendants are connected, professionally and personally to the plaintiff's Treating physicians, and have wrongly interfered with the plaintiff's ability to call

those physicians to testify on her behalf at Trial.

5) The plaintiff however <u>is still able to produce</u> the Treating physician identified as Dr. Gregory Borah as a physician testifying to his Medical and Expert Opinion regarding the plaintiff at Trial, as he is amenable to Subpeana, and given the interference of the defendants, and the plaintiff's opportunity to foreclose the use of her other physicians other than the defendant, Dr. John Persing, the plaintiff should be allowed to exercise her right to Subpeana Dr. Gregory Borah to testify at Trial.

6) Dr. Gregory Borah's conflict of interest is that he is the close personal friend of Dr. John Persing, as well as is Dr. Linton Whitaker, and also trained under Dr. John Persing at Yale University and Yale New Haven Hospital, a conflict of interest that does not however enable him to refuse to testify when served.

7) The plaintiff <u>is also able</u> to produce the Treating physician identified as Dr. John Persing as a physician testifying to his Medical and Expert Opinion regarding the plaintiff at Trial.

8) The plaintiff <u>is able to use both of the Treating physicians identified as Dr. Gregory Borah and Dr. John Persing, to satisfy her requirement for an Expert at Trial</u>, given that they are <u>both are</u> not only the plaintiff's physicians, <u>but they</u>

themselves are world renowned, and hold the highest positions in their medical field, as well as are Chiefs of Staff of their respective hospitals.

9) The defendants, and their counsel, illegally interfered with the plaintiff's ability to call her other Treating physicians as witnesses, Expert or otherwise, at Trial, and aided and facilitated the plaintiff's Treating physicians, as well aided and facilitated several employees of the defendants, in the illegal alteration, illegal withholding, and illegal destruction of the plaintiff's medical records in order to enable the plaintiff's Treating physicians to claim that the medical records no longer exist to be able to be testified to, and in order to destroy the plaintiff's access to her own medical records, and ability to have those records authenticated at Trial.

10) The factual issue to be decided regarding whether the defendant, Dr. John Persing, acted without the plaintiff's consent in the performance of the procedures he performed, and/ or whether he fraudulently obtained the plaintiff's consent for a portion of the procedures performed, is a factual issue to which no Expert opinion is necessary, and for which a jury of common men are able to ascertain the truth of through the means of common logic by the testimony offered on the matter, and documents provided to them, without the need for additional Expert opinion.

11) The defendants failed to support their statement made in their Local Rule

56(a)(1) <u>Statement,</u> claiming that the plaintiff could not produce a Medical Expert at trial, which was supported only by their vague references to the plaintiff's Disclosure of Medical Experts dated November 28, 2005 and Amended Disclosure of Medical Experts dated November 30, 2005, two documents which are no where in the record, and which were neither specifically cited by page and paragraph by the defendants, nor even produced as Exhibits filed in support of their Motion for Summary Judgment and Local Rule 56(a)(1) Statement, and are therefore not able to be viewed or assessed for their content, renders their claims made in their Motion for Summary Judgment unsupported, and therefore with merit, a lack of merit, and deliberate refusal to follow the mandates of Local Rule 56, that not only warrants <u>but demands denial of the relief requested.</u>

**Wherefore,** the plaintiff respectfully requests that the Court deny the defendants Motion fo Summary Judgment with prejudice, and deem all issues raised in that Motion for Summary Judgment, as deemed true in favor of the plaintiff's allegations raised in defense, that being the defendant, Dr. John Persing is in fact the employee of the defendant, Yale New Haven Hospital, and that the plaintiff is able to satisfy her requirement for a Medical Expert through the defenda Dr. John Persing.

Respectfully Submitted,

*Hadley Macpherson*
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, North Caroline
28270
(704) 675-5252

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been delivered/sent this day of June 15, 2006, to Attorney Penny Seaman, of Wiggins and Dana, 265 Church Street, P.O. Box 1832, New Haven Connecticut, 06508 - 1832.

Respectfully,

*Hadley Macpherson*
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC  28270
(704) 675 - 5252