Origin 1

# UNITED STATES DISTRICT COURT

# OF CONNECTICUT

## AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON | 3:02CV1973 JCH |
| plaintiff. | |
| VI. | JUNE 26, 2006 |
| DR. JOHN PERSING | CIVIL ACTION |
| and | |
| YALE NEW HAVEN HOSPITAL | PLAINTIFF'S |
| And | MOTION FOR RELIEF |
| YALE UNIVERSITY | UNDER RULE 60(a) |
| defendants. | REQUESTING |
| | CORRECTION OF |
| | RECORD AND DOCKET |

# MOTION FOR RELIEF UNDER RULE 60(a) REQUESTING CORRECTION AND COMPLETION OF THE DOCKET AND RECORD

The plaintiff respectfully requests that the Court instruct the Clerk to correct and complete the Docket so that all of the Orders issued at the June 19, 2006 Hearing are reflected in the Docket as required by Fed. R. Civ. Proc. Rule 79.

Under Fed. R. Civ. Proc. Rule 60(a), any party can request that the Court grant a party relief in order to correct clerical errors.

Fed. R. Civ. Proc. Rule 60(a) states:

> "(a) Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party ad after such notice, if any, as the court orders."

In the present instance, the Docket Entry Orders entered on June 26, 2006, do not reflect all Orders issued and Rulings made by Orally by the Court at the June 19, 2006 Hearing.

No subsequent Written Order was filed addressing the Orders and Rulings issued Orally by the Court at the June 19, 2006 Hearing.

Being that all Orders and Rulings issued at the June 19, 2006 Hearing are not represented in the Docket Entry Order entered on June 26, 2006, and no subsequent Written Order ever filed to address all Orders and Rulings made at the June 19, 2006, Hearing, the Docket, and therefore the Record, is incomplete, and therefore incorrect.

The plaintiff is bound by the Orders and Rulings issued Orally by the Court at the June 19, 2006 Hearing, and yet cannot verify the substance and content of the instruction given, nor file a Motion for Reconsideration of those Orders and Rulings given that they are not fully listed on the Docket or in any subsequent Written Order, as there was none drafted.

The Transcript of the June 19, 2006 Hearing is also still unavailable as a source by which the plaintiff could go to in order to verify her obligations assigned by the Court at the Hearing on June 19, 2006.

The plaintiff is in North Carolina, and given the distance for mailing, and her inability to electronically file, the plaintiff will be prejudiced by her being unable to either follow the Court's instructions to the letter, or her being unable to draft an appropriate Motion for Reconsideration under Rule 59(e), in the ten days afforded, unless the Docket is promptly corrected to include all missing Orders and Rulings which the plaintiff is being expected to comply with.

The District Court has an obligation under Rule 79 of the Federal Rules of Civil Procedure to create and maintain an accurate Record and Docket which fully and accurately reflects all binding Orders and Rulings, whether or not issued Orally at a Heariong.

Rule 79 of the Federal Rules of Civil Procedure states:

> "All papers filed with the clerk, all process issued and returns made thereon, all appearances, Orders, verdicts, and Judgments shall be entered chronologically in the civil docket on the folio assigned to show the nature of each paper filed or writ issued and the substance of each Order or Judgment of the Court and of the returns showing execution of process."

**Wherefore,** the plaintiff respectfully requests that the Docket be made to address and accurately reflect the following Orders and Rulings:

1. The Court's Order directing the plaintiff to file her Responses to the "Defendants' Second Set of Interrogatories and Requests for Production" filed back on July 27, 2005, within a set number of days, and specify the number of days being afforded.

2. The Court's Order directing the plaintiff to file her Objection, Memorandum of Law, and Local Rule 56(a)(2) Statement within a set number of days, and specify as to the number of days being afforded for response.

3. The Court's Order denying the plaintiff's request made in her Motion Relating To Illegal Tampering Of Plaintiff Mail And Illegal Entry Into Plaintiff's Home (114), filed on April 6, 2006, that the plaintiff be afforded the ability to electronically file her Pleadings, Motions, etc., as a result of the illegal acts related in that Motion

Respectfully Submitted,

*Hadley Macpherson*

Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC 28270
704-675-5252

## CERTIFICATION

I hereby swear that a copy of the foregoing was mailed/delivered to Attorney Penny Seaman at Wiggin and Dana, located at 265 Church Street, New Haven Connecticut, on this day of June 27, 2006.

Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC 28270
704-675-5252