UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LISA EGAN (a/k/a HADLEY MACPHERSON), : | |
| : | |
| **Plaintiff,** : | |
| : | CASE NO. 302CV1973 (JCH) |
| **v.** : | |
| : | |
| YALE MEDICAL GROUP, YALE-NEW : | |
| HAVEN HOSPITAL, YALE PLASTIC : | |
| SURGERY, YALE UNIVERSITY : | |
| and DR. JOHN PERSING, : | |
| : | **JULY 5, 2006** |
| **Defendants.** : | |
| : | |

### DEFENDANTS' LOCAL RULE 56(a)1 STATEMENT

Pursuant to Local Rule 56(a)1, defendants, Yale University d/b/a Yale Medical Group

and Yale Plastic Surgery, Yale-New Haven Hospital, and Dr. John Persing ("defendants"),

submit this statement in support of their Motion for Summary Judgment.

1.    This is a medical malpractice action in which plaintiff claims that defendants

failed to properly perform cosmetic surgery on her on December 6, 2000, and failed to obtain her

informed consent to cosmetic surgery performed by Dr. John Persing on December 6, 2000. *See*

**Amended Complaint**.

2.    Plaintiff's 228 paragraph two-count Amended Complaint appears to allege both

medical malpractice and a claim for lack of informed consent. *See* **Amended Complaint**.

3.    The medical malpractice and lack of informed consent claims are intermingled in

each of the two counts.

4.    In Count One, plaintiff alleges inadequate consent to a "Brow Lift"[1] performed by Dr. Persing on December 6, 2000, and also appears to allege that Dr. Persing improperly performed the "Brow lift" leaving a "zigzagged scar." *See* **Count One of Amended Complaint**.

5.    Plaintiff orally consented to the "Brow Lift" procedure. *See* **Count One of Amended Complaint ¶118.**

6.    In Count Two, plaintiff claims inadequate consent to the Septoplasty and Rhinoplasty and also appears to allege that Dr. Persing improperly performed these two procedures. *See* **Count Two of Amended Complaint**.

7.    Plaintiff read and signed a consent form for the Septoplasty, Rhinoplasty and Blepharoplasty. *See* **Amended Complaint ¶¶62-64 and 72.** *See also* **Consent Form, attached as Exhibit 1.**[2]

8.    On December 6, 2000, Dr. Persing performed a Septoplasty, Rhinoplasty, Blepharoplasty and Brow Lift at Yale-New Haven Hospital. There were no complications and plaintiff was discharged from the Hospital later that day. *See* **Operative Report, attached as Exhibit 2.**[3]

9.    On November 28, 2005, plaintiff filed her initial Disclosure of Experts pursuant to Rule 26(a)(2). *See* **plaintiff's Disclosure of Experts, dated November 28, 2005, attached as Exhibit 3.**

10.    In her initial disclosure, plaintiff disclosed five plastic surgeons as treating experts, Dr. Gary Price, Dr. Alan Brackup, Dr. Linton Whitaker, Dr. Gregory Borah and Dr. John Persing. *See* **plaintiff's Disclosure of Experts, dated November 28, 2005, attached as Exhibit 3.**

---

[1] Also, intermittently referred to a forehead lift throughout the complaint.
[2] Filed under seal.

11.    On November 30, 2005, plaintiff filed an Amended Disclosure of Expert Witnesses that listed Dr. Linton Whitaker of Philadelphia, Pennsylvania and Dr. Gregory Borah of New Brunswick, New Jersey, as the only expert witnesses who will testify on her behalf that Dr. Persing deviated from the standard of care. *See* **Plaintiff's Amended Disclosure of Expert Witnesses Under Rule 26(a)(2), attached as Exhibit 4**.

12.    On January 6, 2006, Dr. Borah wrote a letter to plaintiff, with a copy to defendants' counsel, stating that he was "unable to testify on [Plaintiff's] behalf because of a conflict of interest." *See* **Exhibit 5, attached hereto**.

13.    Plaintiff also disclosed Dr. Gary J. Price and Dr. Alan Brackup as treating experts. Even though Dr. Price and Dr. Brackup have not been disclosed as experts who will provide opinion testimony regarding the standard of care, both have refused to provide expert opinion testimony on behalf of plaintiff. *See* **Exhibits 6 and 7, respectively, attached hereto**.

14.    At the June 19, 2006 hearing on defendants' Motion to Dismiss, plaintiff testified that each of the doctors that she disclosed as an expert in this case, with the exception of Dr. Persing, refused to testify on her behalf and will not testify at trial. **See Transcript of June 19, 2006 hearing on Defendants' Motion to Dismiss and other pending motions.**[4]

15.    Dr. Persing will testify that he did not deviate from the standard of care. *See* **Affidavit of Dr. John Persing, attached as Exhibit 8**.

16.    Defendants have disclosed Dr. Robert Grant, a plastic surgeon, as an expert who will testify that Dr. Persing did not deviate from the standard of care. *See* **Defendants' Disclosure of Expert, attached as Exhibit 9**.

---

[3] Filed under seal.
[4] A transcript of the proceeding was ordered and has not yet been received.

17.    Yale Medical Group and Yale Plastic Surgery are part of Yale University and Yale University is d/b/a Yale Medical Group and Yale Plastic Surgery. *See* **Answer of Yale University ¶¶11 and 13.**

18.    At all times relevant to the allegations of the Amended Complaint, Dr. Persing was an employee of Yale University, not an employee of Yale-New Haven Hospital. *See* **Affidavit of Dr. John Persing, attached hereto as Exhibit 8, and Affidavit of Alisa Fay, attached as Exhibit 10.**

RESPECTFULLY SUBMITTED BY
DEFENDANTS,
YALE UNIVERSITY D/B/A
YALE MEDICAL GROUP
YALE PLASTIC SURGERY
YALE-NEW HAVEN HOSPITAL
JOHN PERSING, M.D.

By:_____

Penny Q. Seaman (ct05813)
Kevin S. Budge (ct19097)
Wiggin and Dana LLP
P. O. Box 1832
New Haven, CT 06508-1832
Tel:  (203) 498-4400; Fax:  (203) 782-2889
Email: pseaman@wiggin.com
          kbudge@wiggin.com

## CERTIFICATION

I hereby certify that on this 5th day of July 2006, a copy of the foregoing was sent via

Federal Express to the following pro se party of record:


Lisa Egan, n/k/a Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC  28270


_____
Kevin S. Budge