UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HADLEY MACPHERSON (EGAN) | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3-02-cv-1973 (JCH) |
| | : | |
| YALE MEDICAL GROUP, ET AL | : | SEPTEMBER 21, 2006 |
| Defendants | : | |

**RULING RE:  MOTION TO DISMISS (Doc. No. 138)**

This action was commenced by the plaintiff, Hadley MacPherson (now Egan), on November 6, 2002.  It has now gotten to a point where, despite the explicit verbal and written order of the court to answer discovery, the plaintiff has failed to do so. Therefore, based on the following, the court grants the defendants' Motion to Dismiss (Doc. No. 138) for failure to comply with the court's Order, on the record on June 19, 2006 (Transcript, Doc. No. 139) and in writing by Order dated July 14, 2006 (Doc. No. 142), to file her responses to the defendants' July 2005 discovery, initially by July 5, 2006, and extended by the written Order to July 25, 2006.

A brief description of the course of this litigation is in order.  The defendants filed a Motion to Dismiss on March 26, 2003 (Doc. No. 4).  An opposition would have been due under the Local Rules on April 16, 2003.  However, the plaintiff filed twelve Motions to extend the time in which she could respond to the Motion.  See Doc. Nos. 9, 11 - 18, 20, 22 and 24.  Eventually, on January 26, 2004, the plaintiff filed an Amended Complaint.  The defendants responded by filing Motions to Dismiss on February 17, 2004 and against on April 8, 2004 (Doc. Nos. 26 and 30).  Responses would have been due on the latter-filed Motion no later than  April 29, 2004.  The plaintiff again filed

numerous extensions.  See Doc. Nos. 34, 36, 38, 40, 42 and 45.  Eventually, the

plaintiff filed an opposition to the Motion to Dismiss on August 24, 2004 (Doc. No. 47),

and a further opposition (Doc. No. 50) on September 10, 2004.  The court denied the

Motion to Dismiss on October 29, 2004 (Doc. No. 58), and the defendants eventually

answered the Amended Complaint.

By Notice dated May 9, 2005, the court set the case for jury selection on

September 7, 2005 (Doc. No. 71).  The court then held a telephone status conference,

on June 23, 2005.  At that conference, the court set a new schedule in the case

permitting extensions of time for disclosure of experts, and discovery and dispositive

motions.  See Minute Entry 6/23/05 (Doc. No. 79).  A further Motion to Dismiss and a

Motion to Preclude were filed by the defendants (Doc. Nos. 81 and 82).  The Motion to

Dismiss was premised on the defendants' allegation that the plaintiff had failed to

comply with the court's Order, entered during the telephone conference of June 23,

2005, that the plaintiff provide medical authorization release forms to the defendants by

a certain date, which the defendants alleged the plaintiff had failed to do.  The Motion to

Preclude was founded upon defendants' assertion that the plaintiff, having failed to

disclose any expert in support of a medical malpractice claim, should be precluded from

calling an expert at trial.

On or about February 1, 2006, it came to the court's attention that the

defendants claimed that the plaintiff had failed to respond to discovery served on her on

July 27, 2005, and that the plaintiff claimed she had responded.  There is some

question as to whether the court properly comprehended at the time the status of

matters, but nonetheless, the court did issue an Order on February 1, 2006, based on

this understanding, that the plaintiff should file her responses to these July 27, 2005 discovery requests and send a copy to defense counsel by February 14, 2006.  See Order (Doc. No. 97).  In that Order, the court advised the plaintiff that if she failed to do so that it "will result in the dismissal of this case."  See id.

The plaintiff then sent two documents to the court (Doc. Nos. 101 and 102), in which the plaintiff complained that the court had entered its Order on the same day that the defendants' letter to the court, which formed the basis for the court's Order, had been docketed.  The plaintiff further pointed out that she lived in North Carolina and that she did not receive the defendants' letter before the court issued its Order.  The plaintiff also pointed out in one of her pleadings (Doc. No. 102 at pp. 4-5) that defense counsel had told the plaintiff in August of 2005 that she did not have to respond to the July 27, 2005 interrogatories.

Defendants then filed another Motion to Dismiss (Doc. No. 103) on February 17, 2006 for failure of the plaintiff to comply with the court's order of February 1, 2006.  The defendants also filed a Motion for Summary Judgment on February 28, 2006.  (Doc. No. 105).  The plaintiff made three motions for extension of time to respond to these dispositive motions (Doc. Nos. 108, 110 and 112), and eventually filed an objection to the Motion to Dismiss (Doc. No. 115), albeit three weeks late.  The plaintiff filed numerous other pleadings in connection with the Motions.  Eventually, on July 16, 2006, nearly three months late, she filed an objection, and an Affidavit (Doc. Nos. 126 and 127), to the Motion for Summary Judgment.

On June 16, 2006, the court held a hearing in connection with the pending Motions to Dismiss and for Summary Judgment and plaintiff's Motion relating to illegal

- 3 -

tampering of plaintiff's mail and illegal entry into plaintiff's house (Doc. No. 114).  On June 16, 2006, at the scheduled Motion hearing, the court denied the Motion to Dismiss and treated the Motion for Summary Judgment as withdrawn, permitting defendants to file a further Motion for Summary Judgment within a set time period.  See Doc. No. 129. On that same day, on the record, with the plaintiff present, the court set a deadline by which she would be required to answer the interrogatories served a year previously. The court gave the plaintiff 15 days to do so, or July 5, 2006, the 15th day falling on a federal holiday.

Subsequent to the motion hearing on June 16, 2006, the plaintiff made a "Motion under Rule 60a," in effect requesting the court to put in writing its Order directing her to answer the interrogatories and specifying the date those answers were due.  Because the plaintiff had waited 10 days after the hearing before filing this Motion, and thus there was at the time of the filing only 5 days remaining to respond, the court, when it granted that motion by entry of an Order on July 14, 2006 (Doc. No. 142), sua sponte extended the deadline for the plaintiff until July 26, 2006.  Given that the defendants had already filed a Motion to Dismiss for failure of the plaintiff to comply with the court's June 16, 2006 Order (Doc. No. 138), the court granted the defendants the right to file a short supplement to their Motion to Dismiss if no responses were served by the plaintiff by the new deadline of July 25, 2006.

The defendants did so on July 25, 2006, representing to the court that the plaintiff had still failed to respond to the July 2005 discovery requests despite the Order of the court, both oral and in writing.  See Doc. No. 143.  To date, plaintiff has filed no opposition to either the Motion to Dismiss or Motion for Summary Judgment, and there

is no evidence she has complied with the court's Order.

Fed. R. Civ. P. 41(b) allows a district court to dismiss an action for a plaintiff's failure "to prosecute or to comply with . . . any order of court." Fed. R. Civ. P. 41(b). "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits." Id. A district court may make such dismissals *sua sponte*. See Minnette v. Time Warner, 997 F.2d 1023, 1027 (2nd Cir.1993). However, the Second Circuit has cautioned that a Rule 41(b) dismissal is "a harsh remedy [that] is appropriate only in extreme circumstances." Lucas v. Miles, 84 F.3d 532, 535 (2nd Cir.1996). Moreover, courts should be "especially hesitant to dismiss for procedural deficiencies where . . .the failure is by a pro se litigant." Id. "Notions of simple fairness suggest that a pro se litigant should receive an explanation before his or her suit is thrown out of court." Spencer v. Doe, 139 F.3d 107, 113 (2d Cir. 1998).

In determining whether a case may be dismissed pursuant to Rule 41(b), the following factors are considered: "(1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Spencer, 139 F.3d at 112-13; see also Lucas, 84 F.3d at 535; Jackson v. City of New York, 22 F.3d 71, 74-75 (2nd Cir.1994). No one factor is dispositive. Spencer, 139 F.3d at 113.

The plaintiff failed first to comply with the court's Order of February 1, 2006, to

serve her answers to defendants' discovery.  While the court eventually determined to excuse that failure due to plaintiff's claim that the defendants' attorney had told her that she did not need to answer, nonetheless plaintiff failed to abide by the court's order.

However, it is plaintiff's failure to comply with the court's order of June 16, 2006, entered on the record in plaintiff's presence and as extended by written order on July 14, 2006 (Doc. No. 142), that the court rests its Ruling today.  The plaintiff has failed to comply with that Order, initially entered over three months ago.  The extended deadline to comply was eight weeks ago.  The defendants filed their Motion to Dismiss based on plaintiff's failure to comply on July 11, 2006.  The court, in its July 14, 2006 Order, invited the defendants to supplement that Motion if plaintiff failed to comply by the extended deadline of July 25, 2006, which the defendants did (Doc. No. 143).

While not expressly advising plaintiff that failure to respond would result in a dismissal, the court stated that, if plaintiff failed to answer the discovery as ordered, defendants should file a Motion to Dismiss.  The court expressly ordered plaintiff to respond to the discovery several times on the record.  The court is confident that plaintiff understood it was an Order of the court and what she was required to do.[1]  The defendants are prejudiced by the continued pendency of the case.  Despite the court's efforts, defendants have had no written discovery from plaintiff, who brought her claims almost four years ago.  The defendants are entitled to closure.  A claim against a doctor concerning medical care could affect his practice.  While the plaintiff has the right to

---

[1]  The plaintiff has had several cases pending in this district, and has had cases dismissed for failure to obey the Court's orders.  See MacPherson v. Hodgeson, 2006 WL 1359338 (D. Conn. May 16, 2006); MacPherson v. Berman, 2006 WL 1359333 (D.Conn. May 16, 2006).

access the courts, she has not been diligent in pursuing her claim.  While the court could impose a lesser sanction, it is the judgment of this court that a lesser sanction would not be effective.  Despite two Orders (one verbal, one written), plaintiff still has failed to comply.  The court does not know what more it can effectively do.

Given the history of this case as set forth by the court above, and most particularly given the plaintiff's refusal to comply with the court's Order of June 16, 2006, as modified and put in writing on July 14, 2006, the court determines that the plaintiff has violated its Order and has failed to prosecute this case, in particular to provide discovery to the defendants to which they are entitled.  Therefore, the court grants defendants' Motion to Dismiss (Doc. No. 138).  The clerk is hereby directed to close this case.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 21st day of September, 2006.


/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge